**Kramer, Todd**

| | |
|---|---|
| **From:** | guy@fusionpharminc.com |
| **Sent:** | Wednesday, November 30, 2011 3:14 PM |
| **To:** | Kramer, Todd |
| **Cc:** | Scott Dittman |
| **Subject:** | RE: Follow up |

Mr. Kramer:

This is with respect to your e-mails of last week to Mr. Dittman of Fusion Pharm, Inc. (the "Company"). As you will recall, Mr. Dittman, the president of the Company indicated to you in his e-mail of November 25, 2011, that I, the newly-appointed corporate secretary of the Company, would be responding to your inquiries going forward.

I apologize that I have not responded to you earlier; however, I wanted to make sure that the Company was not in possession of any requested documents that Mr. Dittman had not previously furnished you directly. Following said review, this is to advise you that Mr. Dittman indeed furnished you with all responsive documents in the Company's possession with respect to your inquiry into the acquisition of control of the Company by Mr. Dittman.

On a related note, we take particular notice of the e-mail from you to Mr. Dittman which stated, inter alia, that:

"You stated that our brother-in law, William Sears, was going to provide you something in writing about his sale of his entity Microcap Management and describe how he no longer has any ownership of FSPM stock or Microcap Management brokerage accounts...".

"I need to know who he sold Microcap Management too, when he sold Microcap Management how many shares of FSPM did he sell to the new owner, did he give ownership of all brokerage accounts in the name of Microcap Management, and how much did he sell Microcap Management for?"

Upon review of the above e-mail message, I found it incredulous that Mr. Dittman would have committed to obtain non-Company information regarding a particular shareholder (in this instance, Microcap Management ("Microcap")), the ownership thereof and corporate action pertaining to such corporate shareholder notwithstanding whatever personal relationship Mr. Dittman may or may not have with a prior owner of Microcap (in this instance, Mr. William Sears).

Indeed, Mr. Dittman confirmed that he had no recollection of such a commitment. Without delving into the source thereof, I apologize for any misunderstanding as to the nature and import of your telephonic communications with Mr. Dittman. This is reason enough that any additional requests from your office be made in writing and to my attention.

In any event, this is to reiterate that we believe that the Company has provided you all the documents in the Company's possession with respect to the acquisition of the control of the Company by Mr. Dittman earlier this year. With respect to any non-Company information that you desire with respect to Microcap, William Sears or others, it should come as no surprise to you that the Company is in fact not in possession of any such documentation. As such, you would need to contact Microcap and/or the appropriate persons directly.

Since your recent request for information pertains to Microcap and not the Company, I trust this brings to a conclusion your interest in the Company. If, on the other hand, you require additional information from the Company or have reason to believe that the Company and/or its officers have a duty to seek non-Company information from one or more shareholders on behalf of FINRA, kindly send said request to my attention in writing.

Sincerely,

Guy M. Jean-Pierre

CONFIDENTIAL TREATMENT REQUESTED BY FINRA