**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 17-cr-0008-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

Guy M. Jean-Pierre,
a/k/a Marcello Dominguez de Guerra

Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO VACATE THE PRE-TRIAL
MOTIONS DEADLINES AND TRIAL DATE, AND TO EXCLUDE 90 DAYS
FROM THE SPEEDY TRIAL ACT**

---

Defendant Guy M. Jean-Pierre, aka Marcello Dominguez de Guerra, through counsel, respectfully moves the Court for an Order excluding, at this time, 90 days from the normal Speedy Trial time limitations, and correspondingly to also vacate current motion and action deadlines and the current April 17, 2017 trial date. In support, Defendant shows as follows:

## I. PROCEDURAL BACKGROUND

1. Federal agents worked an undercover operation in early 2016, culminating in the actions on which the Indictment here is based, and the arrest of Defendant on April 29, 2016, in Florida. However, that arrest was made relying on an outstanding warrant from the State of New York, rather than on the charges ultimately filed in this case.

1

2. After Defendant finished serving the misdemeanor sentence imposed on the case underlying the New York arrest warrant, Defendant was transferred to federal custody on the warrant obtained in this case, in January, 2017.

3. Defendant first appeared in Court here on February 6, 2017.  At the arraignment in this case on February 9, 2017, Defendant pleaded not guilty, was ordered detained (see Doc. 16), and a trial date of April 17, 2017 was set, along with various motion and other deadlines.  See Doc. 19.  The 70-day Speedy Trial deadline was determined to be April 17, 2017.

4. Other than 11 document exhibits offered by the Government at the contested detention hearing, no discovery was received by Defendant's counsel until March 6 and 7, 2017.  The pre-trial motion deadline is March 10, 2017.

## II.  FACTS JUSTIFYING AN EXTENSION OF THE SPEEDY TRIAL DEADLINE

5. On its face, the Indictment here appears to present a fairly simple, one-count allegation of illegally laundering of a single $5,000 cashier's check, involving facts occurring over a six-day period.

6. However, the Indictment count follows from a several-year history of criminal investigation and civil federal agency (SEC) actions involving alleged stock fraud by persons who knew, and sought legal assistance from, Defendant here.  Two of those other persons have pleaded guilty to conspiracy crimes in Colorado Federal District Court case 16-cr-301-WJM.

7. The Government has made known to defense counsel that it believes the full evidence from those other case investigations and civil agency actions is relevant here,

as proof of Defendant's alleged culpable knowledge of the crime charged here, and for other evidentiary purposes.

8. As a result, the discovery received so far has come on two large capacity thumb drives, eight DVDs, and some (lesser volume) paper discovery. The Government advised defense counsel today (March 10th) that the discovery page count is some 96,000 pages. Some of the discovery includes phone call intercepts and video surveillance. Not all of this normal discovery may have been received yet.

9. In addition, the Government has advised defense counsel to provide an external hard drive capable of holding 1.5 terabytes of data (equivalent to 1,500 gigabytes), and another capable of holding 500 GB of data, for the discovery copy of the forensic digital images of the memory stored on various computers seized by the Government.

10. The Government and its agents have had several years to review this discovery as it was obtained. Even just since the arrest of Defendant at the culmination of the events leading to the basic money-laundering charge here, in April 2016, the Government has had over 10 months to review this evidence.

11. Because the discovery has come in on multiple digital storage devices, and will continue to do so in vastly greater digital size as the computer memory images are received, defense counsel has the need to obtain the services of a digital data organization expert to create one, or at least fewer, digital file compilations, for ease of searching this data for relevant evidence, with the more familiar Adobe Acrobat function.

12.  Defense counsel may also find the need to retain a forensic computer expert for review of the multiple computer memory images from the computers seized.

### III.  STANDARDS FOR CONTINUANCES

13.  18 U.S.C. § 3161(h)(7)(A) authorizes the Court to grant a continuance at the request of defense counsel, upon a finding that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in having a speedy trial.  Defendant believes that the factors to be considered by the Court that clearly apply here pursuant to 18 U.S.C. § 3161(h)(7)(B)  are:

(i) <u>that failure to grant a continuance would result in a miscarriage of justice, or make proceeding further impossible</u>.  Even if the full discovery had been made available on the day of the arraignment, Defense counsel could not have been ready for trial in 70 days, much less be prepared to file pre-trial evidentiary motions within some 29 days.  Defense counsel simply cannot provide even marginally adequate representation of Defendant by proceeding under the current trial date.

(ii) <u>case unusual or complex</u>.  While not all "white collar" criminal cases are unusual, cases like this one involve underlying activity, running businesses and selling stock, that are not of their inherent nature illegal, as would be the situation in bank robbery or drug dealing.  Here, the illegality, if any, depends on review of years of records, and evaluating the business practices shown by those records, in light of complex agency regulations.  Further, here we have issues of whether this Defendant's conduct as a legal advisor, was proper, simply unauthorized, negligent, or criminal, all

depending on examination of extensive records.  See United States v. Zar, 790 F.3d 1036, 1041-1045 (10th Cir. 2015), cert denied 136 S. Ct. 562 (2015), a comparable white-collar case where both complexity and ends-of-justice grounds were found to support a 12-month continuance.

(iii) even if case is not so unusual or complex, proceeding now would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  The discovery volume here requires much more time for review than that contemplated by the presumptive speed trial deadline.  The Government had informed defense counsel, early on, that the discovery would be extensive, but was not able to quantify that discovery volume except for the suggested size of one external hard drive that defense counsel would be needing to provide.  The initial discovery was provided earlier this week, enabling defense counsel only then to be able to set out some facts about the discovery volume to support the filing of this motion.  In the interim time since the initial Court appearance, defense counsel has met with Defendant twice, done some research in relevant public records, conferred multiple times with Government counsel, and generally tried to move forward where possible in representing this Defendant.  Defense counsel has exercised due diligence.

14.  Defense counsel is aware that the 10th Circuit requires much more than simple agreement of the parties, to support a delay in the running of the Speedy Trial time limits, and that such continuances are only proper in rare cases needing more flexible treatment of speedy trial deadlines.  United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).  This is one of those cases.

### IV. LENGTH OF CONTINUANCE SOUGHT AND POSITION OF THE PARTIES

15. At this juncture, though Movant's counsel originally contemplated seeking a longer delay, only a 90-day continuance is sought.  Defendant is in custody and thus adversely affected by any delays.  During that 90 days, defense counsel hopes to get a better idea of what subset of the extensive discovery is important to the defense.  At that point defense counsel can determine whether an additional delay is needed, and tailor the length of that delay to a then better known familiarity with the discovery.

16. Defense counsel has discussed this motion and its ramifications with Defendant himself, and Defendant does not object to the 90-day continuance sought here.

17. Government's counsel, Mr. Harmon, has authorized Defense Counsel to state that the Government does not object to the continuance sought by Defendant here.

18. Certainly, it would have been preferable if the discovery provided this week had been available to Defendant at the time of the arraignment, given the overall history of the criminal investigation here.  However, Defense Counsel feels certain that the continuance sought here would have been sought even under those circumstances, though the continuance motion could perhaps have contained more specific information regarding discovery volume, and could have been filed earlier in the running of the speedy trial period.

THEREFORE, Defendant respectfully moves the Court to issue an Order excluding 90 days from the running of the Speedy Trial time limitation, and vacating other current deadlines, court hearings, and the trial date.

Respectfully submitted this 10th day of March, 2017.

        s/Kirkland L. Brush
Kirkland L. Brush
Attorney for Defendant Guy de Jean-Pierre,
a/k/a Marcello Dominguez de Guerra
155 E. Boardwalk Dr., Suite 400
Fort Collins,  CO 80525
Telephone:  970-224-9281
Facsimile:  970-224-5700
Email:  kbrush@kirkbrush.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Kenneth Harmon, Assistant United States Attorney at kenneth.harmon@usdoj.gov.

        s/Kathleen Brush
Kathleen Brush, secretary
Law Office of Kirk Brush