IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez

Criminal Case No. 17-cr-008-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**1.**     **GUY M. JEAN-PIERRE,**

    Defendant.

_____

**ORDER GRANTING GOVERNMENT'S MOTION FOR 90-DAY TOLLING
OF THE SPEEDY TRIAL ACT PURSUANT TO 18 U.S.C. § 3161**
_____

On August 4, 2017, this matter came before the Court on a status conference to address speedy trial issues that have arisen with the return of a superseding indictment in this case. The Court had previously agreed to set such a status conference and to vacate the pretrial deadlines, the trial preparation conference and the trial setting then in force in the case, on the representation that the Government was pursuing a superseding indictment in this case. A twenty-nine count superseding indictment was, in fact, returned in this case on July 13, 2017, and the Defendant was arraigned on this indictment on August 4, in advance of the status conference.

On August 3, 2017, in anticipation of these proceedings, the Government filed a status report setting forth the procedural history of the case, describing the nature and volume of discovery that had been produced in the case to date, describing the additional counts that had been included in the superseding indictment and the alleged

offense conduct implicated by those charges, and setting forth the Government's current estimate of additional anticipated discovery production in the case and the likely number of witnesses and trial exhibits to be offered by the Government at a trial on the superseding indictment (ECF No. 33). The Government's status report related that counsel for the parties had calculated that the 70 day presumptive period for commencing trial on the superseding indictment, under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3164, would expire on October 13, 2017 and that -- without consideration or recognition of any exclusions of time afforded under the statute -- trial on the superseding indictment would need to commence by that date. In its status report, the Government took the position that grounds existed to exclude time from these Speedy Trial Act computations pursuant to 18 U.S.C. §§ 3161(h)(7), the "ends of justice continuance" provision of the statute, and that trial on the superseding indictment should be set for a date beyond the October 13th presumptive deadline under the Act.

During the August 4th status conference, the Court explored, in colloquy with counsel, the parties' respective positions concerning the speedy trial issues implicated by the return of the superseding indictment in this case and, in particular, the Government's written arguments and recommendation that the case be set for trial outside of the presumptive 70-day statutory deadline based on an ends of justice finding pursuant to Section 3161(h)(7) of the statute. Based on this colloquy, and without opposition of either party, the Court has construed the Government's status report and its recommendation, as further developed by counsel at the status conference, as an oral motion by the Government for a continuance of trial beyond the presumptive October 13th deadline and an exclusion of a period of 90 days pursuant to Section

3161(h)(7) of the Speedy Trial Act in furtherance of this continuance motion.  Counsel for the Defendant indicated that, based on instructions from the Defendant, the defense was opposed to any delay in trial beyond October 13.  The Defendant accordingly has opposed the Government's oral continuance motion.  For reasons outlined by the Court during the August 4th status conference, and advanced by the Government in its status report, as supplemented and expanded upon herein, the Government's oral motion for an ends of justice continuance, and 90 day exclusion of time in the computation of the time within which to bring this case to trial under the Speedy Trial Act, is GRANTED and the Defendant's objection to the motion overruled.

The Speedy Trial Act excludes from the calculation of the 70-day period in which to bring a federal criminal case to trial "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the Defendant or his counsel or at the request of the attorney for the Government . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the Defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Defendant reasonable time to obtain counsel, would unreasonably deny the Defendant or the Government continuity of counsel, or would deny counsel for the Defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

The Court has considered each of the foregoing factors, in assessing the Government's continuance motion, and has done so in the context of the record as a whole.  At the August 4th status conference, counsel for the Defendant indicated that the defense did not dispute the factual averments made in the Government's status report, including, in particular, those made about the volume of discovery produced to date and anticipated to be produced to the defense.  Accordingly, the foundational and predicate facts averred by the Government in its status report are deemed established, and the Court need not reiterate them here.  The status report further describes various factors

4

that the Government believes support a continuance of trial and exclusion of time from the Speedy Trial Act computation of the 70-day period in which to commence trial. The Court adopts and incorporates these facts herein as well.  Additionally, the Court has considered the factual averments made by the Defendant in his earlier unopposed motion for a continuance and exclusion of 90 days from Speedy Trial Act computations (ECF No. 26).  These factual averments too are adopted and incorporated by reference herein.  Finally, the Court has considered and taken into account the statements of counsel at the August 4th status conference and has relied on the professional experience and judgment of counsel for both parties, in assessing the Government's continuance motion.

In his earlier motion for an ends of justice continuance and exclusion of time, the Defendant cited, as one factor in support of the motion, the complex and unusual nature of the case.  The indictment then pending against the Defendant charged the Defendant with a single count of engaging in a money laundering transaction, in violation of 18 U.S.C. § 1956.  With the return of the superseding indictment, the Defendant now faces twenty-eight additional counts.  The  Government has characterized the superseding indictment now pending against the Defendant as essentially three intertwined criminal cases:  An historical securities fraud conspiracy case focusing on the Defendant's involvement with the principals of an erstwhile publicly traded microcap company who are being separately prosecuted before this Court in Case No. 16-cr-00301, which case was the product of a multi-year parallel  criminal and civil investigations by federal criminal authorities and the U.S. Securities and Exchange Commission ("SEC"); a second securities fraud case arising from a 2016 undercover investigation targeting the

Defendant; and the previously charged money laundering case, which also arose from that same undercover investigation.  The Defendant has not disputed this characterization. Further, at the August 4th status conference, Government counsel indicated that the Government believed that trial of the Defendant on the superseding indictment would implicate and be intertwined with yet a fourth case, one involving and arising from conduct for which the Defendant was previously sued by the SEC and criminally prosecuted by the State of New York.  Government counsel indicated that the Government did not intend to seek charges, in connection with this fourth case, but was contemplating introducing evidence from the case as evidence of uncharged conduct pertinent to the resolution of controverted issues involving the charged conduct.

    As the Defendant represented and acknowledged in his previous continuance motion, the subject matter of these various cases involves the Defendant's actions, omissions and advice, in his capacity as a lawyer and otherwise, in a highly specialized and regulated field, the securities industry, against the backdrop of a complex regulatory framework presented by the federal securities laws and regulations.   The Defendant maintained in his prior continuance motion that the underlying activities involved in these cases are not inherently illegal and that the ultimate illegality of the Defendant's conduct depends on a review of years of records and an evaluation of business practices in light of complex agency regulations.

    Counsel for both parties have acknowledged that the discovery produced by the Government to date has been in different and varying formats and is extensive.  The Government has estimated that it has produced more than 300,000 discrete documents of varying length, corresponding to almost 1 million pages of scanned records.  As

6

related in the Government's status report, a defense discovery consultant, based on his own inventory, estimates that the produced discovery exceeds 1.2 million pages of records.  The produced discovery also includes, according to the Government, approximately two hours of recorded calls and nine hours of audio and video-recorded meetings with the Defendant as part of the 2016 operation.  The discovery involves multiple emails and attachments recovered from various warranted searches of different types of electronic media and computing facilities.  The foregoing describes only the materials that were produced prior to the return of the superseding indictment.  The Government has indicated that it anticipates making even further discovery production to the defense, with the return of the latest indictment, including making expert disclosures.

Counsel for the Defendant, for his part, has indicated that, with the hiring of a defense discovery consultant, the defense has now digitally organize the discovery produced to date and is now in a position more easily to identify and retrieve relative portions of the produced materials. Defense counsel believes that he will be able review all of the materials produced to the defense to date and will be able to identify the relevant materials within the presumptive 70-day period.  However, as related in the Government's status report, and as confirmed by counsel for the Defendant at the status conference, the Defendant himself desires to have a personal set of some of the discovery materials so that he can personally review discovery materials.  The Defendant, who is currently detained, will likely have to review this personal discovery set within a custodial setting.  As the Government has asserted, and the Court noted at the status conference, the preparation of a personal set of materials, even if it

comprises only a fraction of the materials produced to date, will take time to prepare, taking into account the need to redact from these materials personally identifiable information of individuals contained in records to which the Defendant will be access. The process of undertaking this and the challenge of having the Defendant review these materials in a custodial setting adds to the complexity of this case and the challenges of both sides being prepared for trial and capable of complying with their necessary pretrial obligations (including the preparation of proposed jury instructions, witness lists and exhibit lists) within the presumptive 70-day period.

Finally, in assessing the Government's continuance motion, the Court has also taken into account the prospect of the pretrial motion practice. The Government has indicated that it anticipates that contested pretrial motions will be brought in this case, and the defense has not disavowed the making of such motions. The prospect of such motions, and the time that will necessarily be consumed in the litigation and resolution of them, are additional factors that the Court has considered in assessing whether both parties will be adequately prepared for both pretrial proceedings and trial itself.

Based on the foregoing and the relevant record considered as a whole, the Court finds that it would be unreasonable to expect adequate preparation both by the Government and by the Defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C.§ 3161(c). The Court has considered the factors which it must under 18 U.S.C.§ 3161(h)(7)(B)(i)-(iv). The Court, in making this assessment, has considered and given weight to the Defendant's position that there should be no further delays in this case. However, as the Government has noted in its status report, the Defendant's personal objection is not dispositive as to

whether an ends of justice continuance is warranted. As required by 18 U.S.C. § 3161(h)(7)(C), the Court has not predicated its ruling on congestion of the Court's calendar or lack of diligent preparation by counsel.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2) This case, due to the nature of the prosecution and the potential existence of novel questions of fact and law, is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for trial itself within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). Alternatively, even if this case, taken as a whole, is not deemed so unusual or complex as to fall within the provision of Section 3161(h)(7)(B)(ii), failure to grant the motion would deny counsel for both parties the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv), taking into account the exercise of due diligence;

(3) An additional 90 days should be excluded from the computation of the speedy trial time; and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and the Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, IT IS HEREBY ORDERED that:

(1) The Government's oral motion for a continuance and exclusion of 90 days from the computation of the Speedy Trial Act time limits is GRANTED;

(2) **All days from today, to and including November 22, 2017, shall be excluded from the computation of the Speedy Trial Act deadlines**, and the running of the Speedy Trial Act clock shall be tolled during that period, for a total of 90 days; and

(3) The current Trial and Final Trial Preparation Conference dates, and all other pretrial deadlines and settings, are hereby **VACATED**; and

(4) The Court will enter a separate Order resetting the Trial date, the Final Trial Preparation Conference and related deadlines.

Dated this 24th day of August, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge