IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

                      Plaintiff,

v.

1.     GUY M. JEAN-PIERRE,
       a/k/a Marcelo Dominguez de Guerra,

                      Defendant.

## GOVERNMENT'S MOTION TO PERMIT FBI UNDERCOVER AGENTS TO TESTIFY UNDER A PSEUDONYM

      The United States of America, by and through its undersigned counsel, respectfully moves this Court for an order permitting two of its witnesses who acted in an undercover capacity in the investigations leading to the charges in this case to testify using a pseudonym before the jury at trial of this case.

      As grounds for the motion, the government states as follows:

      1.     As recounted in the government's recent status report in this case (DE 33),[1] a segment of the charges pending against defendant Guy M. Jean-Pierre, Counts 24 through 29 of the Superseding Indictment, arise from a 2016 undercover investigation that led to the defendant's return to the United States and apprehension and arrest on April 29, 2016 in Miami,

---

[1]     "DE" refers to docket entries in this case.

1

Florida.  The defendant met with a cooperating witness and a Federal Bureau of Investigation ("FBI") special agent acting in an undercover investigation during the two-day period leading to that arrest.  The historical case against the defendant, which is the subject of the balance of the Superseding Indictment, was investigated, in part, through an earlier undercover operation that took place in 2014 that involved the use of two additional FBI special agents acting in an undercover capacity and targeted unindicted co-conspirators William Sears and Scott Dittman, separately charged with criminal offenses in Case No. 16-cr-301-WJM (D. Colo.).  The 2014 undercover operation culminated in a warranted search of the business premises of FusionPharm, Inc. on or about May 16, 2014.

      2.      The government currently anticipates calling as witnesses in its case-in-chief at trial of the instant case both the FBI special agent who acted in an undercover capacity in the 2016 undercover operation (hereinafter, "FBI UCA-1") and the FBI special agent who was the primary undercover agent in the 2014 undercover operation (hereinafter, "FBI UCA-2).  Both prospective witnesses have identified grounds pertaining to the preservation of ongoing covert investigations and personal safety that warrant the use of pseudonyms in connection with their trial testimony in this case.

      3.      FBI UCA-1 is now a retired FBI special agent who, during the course of his career as an FBI agent, acted as an undercover agent on numerous FBI undercover investigations.  He continues to act in an undercover capacity on a contract basis on several federal government undercover matters, including matters that involve ongoing federal law enforcement operations.  He also acts in an undercover capacity and does undercover work for non-governmental organizations.  FBI UCA-1 has indicated his personal safety and the safety of

family members could be put at risk if he were to be publicly disclosed as an undercover operative or his personal identifiers revealed as part of his trial testimony in this case. Additionally, the integrity of ongoing matters could be compromised.

4. FBI UCA-2 is an active FBI agent who continues to handle a number of undercover matters and is anticipated to have additional undercover duties for the FBI going forward. He too has indicated that there are concerns for his personal safety, and pending undercover investigations in which he participates could be compromised if he were to testify under his true name and his personal identifiers revealed at trial.

5. Permitting both witnesses to testify under pseudonyms would mitigate the foregoing risks and has been an accommodation made to witnesses by federal courts in similar circumstances. *See United States v. Zelaya,* 336 Fed. Appx. 355, 357-58 (4th Cir. 2009), *cert. denied*, 559 U.S. 1049 (2010). *See also United States v. Abu Ali,* 395 F.Supp.2d 338, 344 (E.D.Va. 2005).

6. As a condition for this accommodation, the government would not oppose an appropriate instruction to the jury advising that these witnesses are testifying under a pseudonym and that the jury should draw no inferences from the fact of the use of a pseudonym. Further, the government is cognizant of its disclosure obligations and that an accommodation permitting these witnesses to testify under a pseudonym would not thereby relieve the government of its disclosure obligations relative to these witnesses. The government would accordingly undertake to make complete disclosure to counsel for the defendant of the substance of any impeachment evidence subject to disclosure under *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29, 30 (9th Cir. 1991), and similar cases.

7. Undersigned government counsel has discussed the substance of this motion with counsel for the defendant, who has advised that he does not oppose the motion on the understanding that the defense will be supplied with any required impeachment materials relative to these witnesses.

WHEREFORE, the United States respectfully requests that this Court grant this motion and permit the witnesses referenced in this motion to testify at trial before the jury using a pseudonym in place of their actual names.

Respectfully submitted,

ROBERT C. TROYER
ACTING UNITED STATES ATTORNEY


s/Kenneth M. Harmon
By:   Kenneth M. Harmon
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Tel. No. (303) 454-0100
Fax No. (303) 454-0402
E-mail: kenneth.harmon@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of November, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to counsel at the following e-mail addresses:

Kirkland Leonard Brush, Esq.
kbrush@kirkbrush.com

                        *s/ Kenneth M. Harmon*
                        Kenneth M. Harmon
                        Assistant U.S. Attorney