IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

**1. GUY M. JEAN-PIERRE**,

Defendant.

---

**DEFENDANT JEAN-PIERRE'S UNOPPOSED MOTION FOR AN ENDS OF JUSTICE CONTINUANCE AND FINDINGS OF EXCLUDABLE TIME ON GROUNDS OF COMPLEXITY PURSUANT TO TITLE 18 U.S.C. § 3161**

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby moves this Court to find that: (1) the ends of justice would be best served by granting a continuance, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii), of the currently scheduled December 26, 2017 trial and setting a new trial date at another status conference in the near future; (2) Mr. Jean-Pierre has demonstrated that an ends of justice continuance warrants the exclusion of not less than 90 days from the speedy trial calculation, the exact number of days to be determined at another status conference in the near future; (3) the case be set for a status conference in approximately one-to-two weeks to make further findings of the specific number of days to be excluded from the speedy trial calculation, to set motions and other deadlines and to set the case for trial. As grounds for this motion, Mr. Jean-Pierre states as follows:

1. Mr. Jean-Pierre has been charged in a twenty-nine count *Superseding Indictment* (ECF No. 29) with conspiracy to defraud (Count 1), wire fraud (Counts 2-16),

mail fraud (Counts 17-20), securities fraud (Counts 21-23), attempted wire fraud (Counts 24-28) and money laundering (Count 29).

2. This case is presently set for a 13-day trial to begin on December 26, 2017.

3. Undersigned counsel and counsel for the government have conferred and believe that speedy trial in this matter presently runs until January 11, 2018.

4. Undersigned counsel was appointed to represent Mr. Jean-Pierre on November 13, 2017.

5. The Speedy Trial Act excludes from the calculation of the time in which to bring a federal criminal case to trial "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the Defendant or his counsel or at the request of the attorney for the Government . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the Defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

6. In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), the Court must consider the following factors listed in

§ 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Defendant reasonable time to obtain counsel, would unreasonably deny the Defendant or the Government continuity of counsel, or would deny counsel for the Defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

7. **The Case Is Complex**. The case is so complex, due to the nature of the prosecution, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Act. The case is complex for the following reasons:

a. This is a twenty-nine count case involving charges of conspiracy to defraud, wire fraud, mail fraud, securities fraud, attempted wire fraud and money laundering, each of which alone are somewhat complex but all of which, when taken together, are certainly complex both on a factual and legal basis.

b. There is very extensive discovery including:

(i) more than a million pages of records;

(ii) forensic digital images of material stored on multiple computers seized by the government from FusionPharm in 2014;

(iii) forensic digital images of material stored on a laptop computer seized by the government from Mr. Jean-Pierre at the time of his arrest in 2016;

(iv) 2 hours of undercover calls with Mr. Jean-Pierre in 2016;

(v) 9 hours of audio and video-recorded meetings in 2016;

(vi) 89 computer files of calls allegedly made to and from Mr. Jean-Pierre while in New York state custody totaling approximately 4 hours in length;

(vii) audio recordings of calls allegedly made by and to Mr. Jean-Pierre while in federal pretrial detention in this case totaling approximately 12 hours; and

(viii) additional discovery yet to be supplied to the defense relating to recent witness interviews, exhibits and other matters.

c. Mr. Jean-Pierre must review the digital images stored on a laptop computer seized from him by the government at the time of his arrest in 2016 to determine whether there are issues of attorney/client privilege with regard to the material stored on this laptop.

d. It is anticipated that the government will have expert(s) testifying which will entail additional discovery in the forms of reports and summary charts and will require analyzing the reports and charts and preparing rebuttal to them.

e. It is also likely that the defense will need to find and obtain the services of a defense expert and supply the defense expert with reports, discovery and other

matters for that expert to review.

f. Undersigned counsel will be attempting to find another attorney who is willing and able to act as co-counsel in this case and undersigned counsel will then file a motion to have that attorney appointed as co-counsel for Mr. Jean-Pierre; thus, additional time is necessary to find a potential co-counsel, to file a motion for appointment of that attorney as co-counsel and, if that motion is granted, for co-counsel to review and analyze the discovery.

8. **Reasonable Time Is Necessary for Effective Preparation.** If the court finds, taken as a whole, that this case is not so unusual or so complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), the failure to grant a continuance in this case would deny counsel for Mr. Jean-Pierre the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. **Miscarriage of Justice.** For the reasons stated above and through the exercise of due diligence, undersigned counsel cannot be prepared for trial on or before December 26, 2017 and a failure to grant such a continuance beyond the time prescribed by 18 U.S.C. § 3161(c) in the proceeding would be likely to make a continuation of such proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(I).

10. Counsel anticipates a likelihood that pretrial motions on the following matters may be filed:

a. potential discovery motion(s);

b. suppression motion(s);

c. *Franks* motion(s); and/or

d. additional motions depending on matters and issues gleaned during review of the extensive discovery.

11. The ends of justice served by granting the motion outweighs the best interests of the public and Mr. Jean-Pierre in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

12. Undersigned counsel is not sufficiently familiar with the discovery in this case to determine a reasonable estimate at this time as to how long it will take to review and analyze the discovery and, thus, is requesting that the Court set this case for another status conference in one-to-two weeks at which to make further findings of the specific number of days to be excluded from the speedy trial calculation and to set the case for trial. However, counsel is sufficiently familiar with the discovery in this case to determine that at least 90 days of additional excludable time will be necessary.

13. Undersigned counsel has discussed this motion with Defendant Jean-Pierre who concurs and agrees with this request for at least a 90 day exclusion of time from the speedy trial date.

14. Defense counsel has discussed this motion with A.U.S.A. Kenneth Harmon who stated that the government does not oppose this request for a continuance, this request for at least 90 days to be excluded from speedy trial based on a showing of ends of justice and the request for a setting of another status conference in one-to-two weeks to determine the full length of the time to be excluded based on a showing of ends of justice and for the setting of trial in this matter.

WHEREFORE, DEFENDANT GUY M. JEAN-PIERRE requests that this Court: (1)

grant an ends of justice continuance of the currently scheduled December 26, 2017 trial and vacate that trial date; (2) exclude not less than 90 days from the speedy trial calculation based on an ends of justice finding (and thus extending speedy trial until at least April 11, 2018); and (3) set the case for a status conference in approximately one-to-two weeks to make further findings of the specific number of days to be excluded from the speedy trial calculation, to set motions and other deadlines and to set the case for trial.

DATED this 21st day of November, 2017.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Jean-Pierre
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email: *cliffbarnard@earthlink.net*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of November, 2017, I electronically filed the foregoing *Defendant Jean-Pierre's Unopposed Motion for an Ends of Justice Continuance and Findings of Excludable Time on Grounds of Complexity Pursuant to Title 18 U.S.C. § 3161* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Kenneth Mark Harmon *kenneth.harmon@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-

participant's name:

Guy Jean-Pierre
Register # 78606-054
GEO Aurora Detention Facility
3130 N. Oakland Street
Aurora, CO 80010

*Via Hand Delivery on 11/22/2017*

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Jean-Pierre