IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     **GUY M. JEAN-PIERRE**,

        Defendant.

---

**DEFENDANT JEAN-PIERRE'S UNOPPOSED MOTION FOR AN ENDS OF JUSTICE FINDING OF 170 DAYS OF EXCLUDABLE TIME ON GROUNDS OF COMPLEXITY PURSUANT TO TITLE 18 U.S.C. § 3161**

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby moves this Court to exclude, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii), an additional 170 days from speedy trial based on a showing by Mr. Jean-Pierre and a finding by this Court that the ends of justice would be best served by the exclusion of this amount of time. Mr. Jean-Pierre further requests that the Court set this matter for jury trial some time toward the end of June, 2018. As grounds for these requests, Mr. Jean-Pierre states as follows:

    1.    This case is not presently set for jury trial.

    2.    The parties anticipate that trial will require approximately 13 days.

    3.    Undersigned counsel and counsel for the government have conferred and have stipulated that speedy trial in this matter presently runs until January 11, 2018.

    4.    If the Court excludes an additional 170 days from speedy trial, Mr. Jean-Pierre understands that speedy trial would then extend until July1, 2018.

5. The Speedy Trial Act excludes from the calculation of the time in which to bring a federal criminal case to trial "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the Defendant or his counsel or at the request of the attorney for the Government . . . on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A)  Any period of delay resulting from a continuance granted by any judge . . . at the request of the Defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

6. In order for a continuance to qualify as an excludable "ends of justice" continuance under § 3161(h)(7)(A), the Court must consider the following factors listed in § 3161(h)(7)(B):

> (i)    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii)   Whether the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii)  Whether, in a case in which arrest precedes indictment, delay in the

-2-

>    filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Defendant reasonable time to obtain counsel, would unreasonably deny the Defendant or the Government continuity of counsel, or would deny counsel for the Defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).

7.  **The Case Is Complex**. The case is so complex that newly appointed defense counsel cannot adequately prepare for pretrial proceedings or for the trial itself within the time limits established by the Act. The case is complex for the following reasons:

   a. Mr. Jean-Pierre has been charged in a twenty-nine count *Superseding Indictment* (ECF No. 29) with conspiracy to defraud (Count 1), wire fraud (Counts 2-16), mail fraud (Counts 17-20), securities fraud (Counts 21-23), attempted wire fraud (Counts 24-28) and money laundering (Count 29), each of which alone is somewhat complex but all of which, when taken together, are certainly complex both on a factual and legal basis.

   b. There is very extensive discovery including:

(i)   more than a million pages of records;

(ii)  forensic digital images of material stored on multiple computers seized by the government from FusionPharm in 2014;

(iii) forensic digital images of material stored on a laptop computer seized by the government from Mr. Jean-Pierre at the time of his arrest in 2016;

(iv)     2 hours of undercover telephone calls with Mr. Jean-Pierre in 2016;

(v)      9 hours of audio (in multiple formats including "vma," "wav" and "MP3") and video-recorded meetings in 2016 (also in multiple formats including "mpeg" and "avi");

(vi)     89 computer files of calls allegedly made to and from Mr. Jean-Pierre while in New York state custody totaling approximately 4 hours in length;

(vii)    audio recordings of calls allegedly made by and to Mr. Jean-Pierre while in federal pretrial detention totaling approximately 12 hours; and

(viii)   additional discovery yet to be supplied to the defense relating to recent witness interviews, exhibits and other matters.

      c     None of the file names of the discovery indicate the content of those files and, thus, the material in the files must be searched and reviewed to determine each file's content and relevance.

      d     All audio and video material, because of their formats, are not searchable and thus will have to be reviewed in real time.

      e     Mr. Jean-Pierre must review the digital images stored on a laptop computer seized from him by the government at the time of his arrest in 2016 to determine whether there are issues of attorney/client privilege with regard to the material stored on this laptop.

      f.    It is anticipated that the government will have expert(s) testifying which will entail additional discovery in the forms of reports and summary charts and will require analyzing the reports and charts and preparing rebuttal to them.

      g.    It is also likely that the defense will need to find and obtain the services of a defense expert and supply the defense expert with reports, discovery and other

matters for that expert to review.

      h.    Undersigned counsel has found another attorney who is willing and able to act as co-counsel in this case and is filing a motion to have that attorney appointed as co-counsel for Mr. Jean-Pierre; additional time will be necessary for co-counsel to review and analyze the discovery.

8.    Counsel anticipates a likelihood that pretrial motions on the following matters may be filed:

    a.    potential discovery motion(s);

    b.    suppression motion(s);

    c.    *Franks* motion(s); and/or

    d.    additional motions depending on matters and issues gleaned during review of the extensive discovery.

9.    **Reasonable Time Is Necessary for Effective Preparation.** If the court finds, taken as a whole, that this case is not so unusual or so complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), the failure to grant a continuance in this case would deny counsel for Mr. Jean-Pierre the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.    **Miscarriage of Justice.** For the reasons stated above and through the exercise of due diligence, undersigned counsel cannot be prepared for trial before the latter part of June, 2018 and a failure to grant a continuance beyond the time prescribed by 18 U.S.C. § 3161(c) would be likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(I).

11.     Undersigned counsel hereby states that, based on his present knowledge of the discovery in this case, 170 days after January 11, 2018 is a reasonable estimate as to how long it will take to review and analyze the discovery and, thus, is requesting that the Court set this case for jury trial in the latter part of June, 2018.

12.     Undersigned counsel has discussed this motion with Defendant Jean-Pierre who concurs and agrees with this request for a 170-day exclusion of time from the speedy trial calculations.

13.     The ends of justice served by granting the motion outweighs the best interests of the public and Mr. Jean-Pierre in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

14.     Defense counsel has discussed this motion with A.U.S.A. Kenneth Harmon who stated that the government does not oppose the request to exclude 170 days from speedy trial based on a showing of ends of justice and does not oppose the request for the setting of jury trial in this matter in the month of June, 2018. However, the government would request that trial of this case commence no later July 4, 2018, and preferably conclude by that date, as one of its material witnesses is a foreign national who is currently in the custody of the United States Bureau of Prisons and is scheduled to be released from that agency's custody on that date. It is the understanding of government counsel that, upon release from such custody, this witness, having no legal status in the United States, would be removed from the United States and returned to his home country, making it difficult to secure the witness's appearance for testimony in this case thereafter.

WHEREFORE, DEFENDANT GUY M. JEAN-PIERRE requests that this Court exclude an additional 170 days from speedy trial based on a showing by Mr. Jean-Pierre

and a finding by this Court that the ends of justice would be best served by the exclusion of this amount of time and further requests that the Court set this matter for a jury trial toward the end of June, 2018.

DATED this 8th day of December, 2017.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Jean-Pierre
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  *cliffbarnard@earthlink.net*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2017, I electronically filed the foregoing *Defendant Jean-Pierre's Unopposed Motion for an Ends of Justice Finding of 170 Days of Excludable Time on Grounds of Complexity Pursuant to Title 18 U.S.C.  § 3161* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Kenneth Mark Harmon           *kenneth.harmon@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Guy Jean-Pierre                              *Via U.S. Mail*
Register # 78606-054

GEO Aurora Detention Facility
3130 N. Oakland Street
Aurora, CO 80010

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Jean-Pierre