IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    GUY M. JEAN-PIERRE**,

        Defendant.

---

## DEFENDANT JEAN-PIERRE'S OPPOSED MOTION TO AMEND DETENTION ORDER AND TO SET BAIL

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby moves this Court to amend the detention order and to grant Mr. Jean-Pierre bail with appropriate conditions, including placement in a Colorado halfway house. As grounds for this motion, Mr. Jean-Pierre states as follows:

1.    Mr. Jean-Pierre has been charged in a twenty-nine count *Superseding Indictment* (ECF # 29) with conspiracy to defraud (Count 1), wire fraud (Counts 2-16), mail fraud (Counts 17-20), securities fraud (Counts 21-23), attempted wire fraud (Counts 24-28) and money laundering (Count 29).

2.    On February 9, 2017, a contested detention hearing was held and Mr. Jean-Pierre was ordered detained. (ECF # 15.)

3.    At that hearing, Mr. Jean-Pierre asked, and again at this time is asking, the Court to follow Probation's Pretrial Service's recommendation that he be released on a $10,000 unsecured bond and be placed at a halfway house.

4.     The history and characteristics of Mr. Jean-Pierre indicate that he is a good candidate for bail:

a.     **physical and mental condition:** Mr. Jean-Pierre is in good physical and mental condition;

b.     **family ties:** although Mr. Jean-Pierre has no family ties to Colorado, he does have a 26 year old daughter who resides in Coral Springs, Florida;

c.     **employment:** although Mr. Jean-Pierre has never been employed in Colorado, he is capable of working and, if placed at a halfway house in Colorado, will seek employment with the assistance of the counselors at the halfway house;

d.     **financial resources:** Mr. Jean-Pierre is indigent and has no assets or resources with which to flee;[1]

e.     **length of residence in the community:** because Mr. Jean-Pierre has never resided in Colorado, he is requesting that he be placed in a halfway house which would provide him with a residency in Colorado;

f.     **community ties:** because Mr. Jean-Pierre does not have any ties to Colorado, he is requesting that he be placed in a halfway house;

g.     **history relating to drug or alcohol abuse:** Mr. Jean-Pierre has no history relating to drug or alcohol abuse;

h.     **criminal history:** Mr. Jean-Pierre has only one conviction and that is for a misdemeanor;

---

[1] *See* attached Exhibit A, Guy Jean-Pierre's "Resident Account Summary" from the GEO Aurora Detention Facility for March 6, 2017 to January 3, 2018 which shows that Mr. Jean-Pierre had $0.00 in that account for that entire period of time.

I.  **record concerning appearance at court proceedings:** 58 year old Mr. Jean-Pierre has never failed to appear in any criminal matter; because he chose not to contest certain SEC and disbarment proceedings, he did not appear in those civil proceedings but his appearance in those matters was optional; and

j.  **whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release:** Mr. Jean-Pierre was not on probation, on parole, or on other release at the time of the alleged current offense or arrest for this alleged offense.

5.      The nature and circumstances of the offense charged indicate that Mr. Jean-Pierre is a good candidate for bail because the alleged offenses are not crimes of violence and do not involve firearms, explosives or destructive devices.

6.      At the February 9, 2017 detention hearing, the government presented testimony from Agent Carlos Medina that Mr. Jean-Pierre has dual United States and Haitian citizenship. Specifically, the government presented the following:

Q      And to your knowledge, does he have dual citizenship?

A      That's my understanding, yes.

Q      Okay. And what countries does he have citizenship with?

A      The United States and Haiti.

ECF # 70, 2/9/2017 *Arraignment, Discovery and Detention Hearing Transcript* at 14, ls. 4-9. Agent Medina's "understanding" was incorrect; Mr. Jean-Pierre is NOT a dual citizen of the United States and Haiti, he is only a citizen of the United States. *See* attached Exhibit B, *Declaration of Marcelo Dominguez de Guerra*.

7.     Undersigned counsel for Mr. Jean-Pierre hereby offers to surrender Mr. Jean-Pierre's United States passport in his legally changed name of "Marcelo Dominguez de Guerra" (his old passport in the name of "Guy Jean-Pierre" was canceled when he obtained his passport in his new name and, in any case, the old "Guy Jean-Pierre" passport expired on February 14, 2017).

8.     At the February 9, 2017 detention hearing, the government argued that placement in the halfway house would not be sufficient to reasonably assure Mr. Jean-Pierre's presence because:

> I think the commonsense reality is this. He can be put in the charge nominally of the probation office which will offload the supervision on the halfway house. He will be told to come and go according to a curfew. God knows what he will be doing for a living in the state of Colorado where he has no ties, and we will bank on or take a calculated risk, he will show up every day and go back to his bed space at night.
>
> There is nothing that would prevent him, however, from getting in a car and driving thousands of miles across the Mexican border and using one of the two names that he uses interchangeable, whichever name at the strategic moment may be to his advantage.

ECF # 70, 2/9/2017 *Arraignment, Discovery and Detention Hearing Transcript* at 83, ln.23 – 84, ln.10. These are inaccurate statements for several reasons:

a.     The halfway house does not tell its residents "to come and go according to a curfew;" residents can only leave the halfway house to go to approved locations for approved purposes, must sign in and out to go to the authorized locations, must telephone from those locations to confirm that they have gone there and must telephone from those locations when they are leaving them; thus, Mr. Jean-Pierre would be permitted to leave the halfway house only for approved purposes and locations, only for the specified times to accomplish those purposes, would have to

confirm that he was actually going to arriving at and leaving those locations and his movements would be monitored;

b.    A halfway house resident does not simply "show up every day and go back to his bed space at night;" a resident must stay at the halfway house at all times unless authorized to leave and then only according to monitored signing-in-and-out procedures; if a resident leaves without authorization or does not return on time, the facility has a policy in place that requires it to report the resident as an escapee to the local law enforcement authorities;

c.    It is not true that "[t]here is nothing that would prevent [Mr. Jean-Pierre], ..., from getting in a car and driving thousands of miles across the Mexican border" because: (i) if Mr. Jean-Pierre were to leave the halfway house without authorization or failed to return on time, he would be reported to law enforcement authorities as having escaped; (ii) Mr. Jean-Pierre does not have any funds[2] with which to "get[ ] in a car and drive[ ] thousands of miles across the Mexican border;" (iii) Mr. Jean-Pierre does not have a car with which to "drive[ ] thousands of miles across the Mexican border;" (iv) Mr. Jean-Pierre does not know anyone in Colorado who might assist him in "getting in a car and driving thousands of miles across the Mexican border;" (v) Mr. Jean-Pierre has no connection to anyone in Mexico, a fact which would make a potential escape to or through that dangerous country a perilous exercise indeed; and (vi) because he is offering to surrender his passport, Mr. Jean-Pierre would have no documentation by which he could leave the United States in order

---

[2] *See* attached Exhibit A, Guy Jean-Pierre's "Resident Account Summary" from the GEO Aurora Detention Facility.

to cross "the Mexican border" or any other border.

9.      Mr. Jean-Pierre's placement at the halfway house would enable him better to assist his counsel in the preparation of his defense, including but not limited to, counsel not having to wait 2 ½ hours (as occurred recently) at the GEO Aurora Detention Facility before being able to meet with Mr. Jean-Pierre.

10.     Probation's Pretrial Services previously recommended that Mr. Jean-Pierre be released on a $10,000 unsecured bond and that he be placed at a halfway house. When interviewed by Pretrial Services in February, 2011, Mr. Jean-Pierre indicated that he wanted to be placed in a halfway house in Colorado because he did not have the funds with which to commute from Florida where he does have ties to the community to Colorado in order to appear for court in this matter. Mr. Jean-Pierre still does not have the funds with which to commute from Florida to Colorado (*see* attached Exhibit A) and thus again requests that he be placed in a halfway house in Colorado.

11.     If the Court deems them appropriate or necessary, there are conditions or a combination of conditions which will reasonably assure the appearance of Mr. Jean-Pierre as required and which will reasonably assure the safety of any other person and the community, with one of those conditions being that he be placed at a halfway house, and, therefore, the Court should amend the order the detention of Mr. Jean-Pierre before trial and set bail with those conditions.

12.     Mr. Jean-Pierre is requesting a hearing in order to seek bail in this matter.

13.     Defense counsel has discussed this motion with A.U.S.A. Jeremy Sibert who stated that the government opposes this request for bail for Mr. Jean-Pierre.

WHEREFORE, Mr. Jean-Pierre requests that this Court amend the detention order

and grant Mr. Jean-Pierre bail with appropriate conditions, including placement in a Colorado halfway house.

DATED this 8th day of January, 2018.

Respectfully submitted,

s/Clifford J. Barnard

_____
Clifford J. Barnard
Attorney for Defendant Jean-Pierre
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email: cliffbarnard@earthlink.net

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2018, I electronically filed the foregoing *Defendant Jean-Pierre's Opposed Motion to Amend Detention Order and to Set Bail* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert            *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Marcelo Dominguez de Guerra        *Via U.S. Mail*
Register # 78606-054
GEO Aurora Detention Facility
3130 N. Oakland Street
Aurora, CO 80010

s/Clifford J. Barnard

_____

– 7 –

Clifford J. Barnard
Attorney for Defendant Jean-Pierre