**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 17-cr-0008-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GUY M. JEAN-PIERRE,

    Defendant.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant Jean-Pierre's Opposed Motion to Amend Detention Order and to Set Bail ("Opposed Motion to Amend Detention Order"), [#71, filed January 8, 2018], which was referred to this Magistrate Judge pursuant to D.C.COLO.LCrR 57.1 and the Memorandum dated January 9, 2018 [#72]. The Government filed a Response to the Opposed Motion to Amend Detention Order, *see* [#75], and the court entertained argument during a hearing on January 19, 2018.

**ANALYSIS**

    Under the Bail Reform Act, the court has broad discretion in fashioning a condition or combination of conditions of pretrial release that can reasonably assure the appearance of the

defendant at future proceedings as well as the safety of other persons and the community.  *See* 18 U.S.C. § 3142(e); *United States v. Jones*, No. CR. 10-50015-01, 2010 WL 4024927, at *3 (D.S.D. Oct. 13, 2010).  The Bail Reform Act mandates that the court will implement the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required.  18 U.S.C. § 3142(c)(2).  The court may reopen a hearing after the determination of bond conditions, if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community.  *Id.* at § 3142(f)(2).

Defendant contends that he should be released on a $10,000 unsecured bond and placed at a halfway house pending trial in this matter.  [#71].  But in reviewing the arguments Defendant advances in the Opposed Motion to Amend Detention Order, this court finds that Defendant is simply re-arguing the same factors that were before the court at the original bond hearing; and this court does not find the fact that Defendant has no funds in his account with which to leave the state sufficiently compelling to merit release on the proposed conditions, particularly in light of his recent residence and child in a foreign jurisdiction and his changed name.  Accordingly, **IT IS ORDERED** that:

(1) Defendant Jean-Pierre's Opposed Motion to Amend Detention Order and to Set Bail [#71] is **DENIED**.

DATED:   January 22, 2018

BY THE COURT:

_____
Magistrate Judge