IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      **GUY M. JEAN-PIERRE**,

        Defendant.

---

### DEFENDANT JEAN-PIERRE'S REPLY TO
### UNITED STATES' RESPONSE (ECF # 81) TO DEFENDANT JEAN-PIERRE'S
### MOTION TO REVOKE ORDERS OF DETENTION (ECF # 78)

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby replies to the *United States' Response to Defendant's Motion to Amend Detention Order and to Set Bail* (ECF # 81) as follows:

The government began its response by stating:

> Pursuant to 18 U.S.C. § 3142(f)(2)(B), this Honorable Court may reopen the bond hearing in this case any time before a trial if this Court finds that information exists that ***was not known to the movant at the time of the hearing and that has a material bearing on the issue*** of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of the community.

ECF # 81, *Response* at 1 (emphasis added).[1] However, Mr. Jean-Pierre did not bring the motion (ECF # 78) presently before this Court pursuant to 18 U.S.C. § 3142(f)(2)(B) which

---

[1] The government then repeatedly and extensively continued to argue throughout its response that the Court should not now consider Mr. Jean-Pierre's present ECF # 78 motion since it does not present any new, material evidence. *See* ECF # 81 at 2, first full paragraph; at 3, first paragraph and footnote 1; at 4, last sentence in the paragraph continued from page 3; and at 7, first full paragraph.

deals with the "***reopening***" of bond hearings;[2] rather, Mr. Jean-Pierre's present motion (ECF # 78) is essentially an appeal of the Magistrate Judge's orders (ECF ##'s 15 and 77) denying his previous motions and is brought pursuant to, and thus is subject to, the provisions set forth in 18 U.S.C. § 3145(b) entitled "review of a detention order." This statute states:

> [i]f a person is ordered detained by a magistrate judge, ..., the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.

18 U.S.C. § 3145(b). That is to say, in addition to re-opening a bond hearing pursuant to § 3142, a

> second avenue is provided by 18 U.S.C. § 3145(a) and (b). These sections permit the government or a defendant to file a "motion for revocation" of a release or detention order. ... Section 3145 also requires that the revocation motion be filed with the court having original jurisdiction over the offense, but unlike § 3142(f), **§ 3145 does not require that new information be available before a release or detention order can be reconsidered and revoked**. [18 U.S.C. § 3145(a), (b)].

*United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir.2003) (emphasis added).

As Mr. Jean-Pierre stated in his ECF # 78 motion, he is invoking this right and is requesting that this Court review the Magistrate Judge's orders, revoke those orders of detention (ECF ##'s 15 and 77) and order that he be released on bond. In now addressing Mr. Jean-Pierre's ECF # 78 motion, the Court need not consider whether he has brought any new, previously unavailable information; rather, the Court should simply consider *de novo*, independent of the Magistrate Judge's determinations, whether Mr. Jean-Pierre

---

[2] In his previous motion set forth in Document 71 filed on January 8, 2018 and ruled on by the Magistrate Judge in ECF # 77, Mr. Jean-Pierre did ask the Court to reopen the bond hearing and that motion was subject to 18 U.S.C. § 3142(f)(2)(B).

should be detained pending trial. *See United States v. Cisneros*, 328 F.3d at 616 n.1 ("[t]he standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo") and *United States v. Rueben* 974 F.2d 580, 585-86 (5th Cir.1992) ("[w]hen the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release").

The government also urged that "defendant Jean-Pierre's argument of being able assist his counsel in preparing a defense in a halfway house better than when he is in custody fails" because "[c]ounsel's complaints about waiting to see defendant Jean-Pierre at the detention facility does [sic] not justify this Honorable Court to amending defendant Jean-Pierre's detention to a halfway house." ECF # 81, *Response* at 3. First, Mr. Jean-Pierre is not claiming that this factor alone should entitle him to be granted bond and to be placed at the halfway house; rather, he is arguing that the Court should consider this as one factor in favor of granting Mr. Jean-Pierre's bond request. Second, if the problems of meeting with a defendant become sufficiently egregious, it could amount to a denial of due process and could alone be sufficient grounds for the granting of a bond. The 2 ½ hour delay referred to by defense counsel was not the only long delay counsel have experienced; it was the longest.[3]

---

[3] In footnote 2 of its response, the government stated that January 8, 2018 was the first of "at least 6 visits" that counsel has made with Mr. Jean-Pierre at the GEO Detention facility (ECF # 81 at 4, footnote 2); in fact, undersigned counsel has met with Mr. Jean-Pierre at the facility 12 times with the first visit taking place on November 18, 2017. Of the 8 times counsel specifically made notes regarding the length of the waiting times, counsel spent over a total of 7 1/2 hours waiting to get in to meet with Mr. Jean-Pierre. Counsel also certainly had to wait some time for the other 4 visits but did not note the length of time he was left waiting on those occasions.

The government had and failed to meet its burden of proving that there were no conditions or a combination of conditions which would reasonably assure Mr. Jean-Pierre's appearance and which would reasonably assure the safety of the community. In reviewing *de novo* the factors in favor of bail, including: (1) Probation's Pretrial Services recommendation that Mr. Jean-Pierre be released on a $10,000 unsecured bond and that he be placed at a halfway house; (2) the fact that the alleged offenses are not crimes of violence and do not involve firearms, explosives or destructive devices; (3) Mr. Jean-Pierre's history and characteristics; (4) the fact that 58 year old Mr. Jean-Pierre has never failed to appear in any criminal matter or for any matters in which his appearance was required; (5) the fact that he was not on probation, parole or other release; (6) the consideration that Mr. Jean-Pierre's placement at the halfway house would enable him better to assist his counsel in the preparation of his defense; (7) the likelihood that he would be able to obtain employment while at the halfway house; and (8) the fact that he is offering to relinquish to the Court his U.S. passport, there are conditions or a combination of conditions which will reasonably assure the appearance of Mr. Jean-Pierre as required and which will reasonably assure the safety of any other person and the community, with one of those conditions being that he be placed at a halfway house in Colorado. Therefore, the Court should revoke the orders of detention of Mr. Jean-Pierre before trial and set bail with these conditions.

WHEREFORE, because there are conditions of release that will assure that he will not flee or pose a danger to the public safety, Mr. Jean-Pierre requests that this Court revoke the Magistrate Judge's February 9, 2017 *Order of Detention* (ECF # 15) and the January 22, 2018 *Order* (ECF # 77) again denying bond and that the Court grant Mr. Jean-

Pierre bail with appropriate conditions, including placement in a Colorado halfway house, pending his upcoming May 21, 2018 jury trial.

DATED this 3rd day of April, 2018.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Jean-Pierre
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  *cliffbarnard@earthlink.net*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April, 2018, I electronically filed the foregoing *Defendant Jean-Pierre's Reply to United States' Response (ECF # 81) to Defendant Jean-Pierre's Motion to Revoke Orders of Detention (ECF # 78)* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert           *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Guy Jean-Pierre           *Via U.S. Mail*
Register # 78606-054
GEO Aurora Detention Facility
3130 N. Oakland Street
Aurora, CO 80010

*s/Clifford J. Barnard*
_____
Clifford J. Barnard
Attorney for Defendant Jean-Pierre