IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.     GUY M. JEAN-PIERRE
      a/k/a Marcello Dominguez de Guerra

      Defendant.

## DEFENDANT'S MOTION FOR PRETRIAL DETERMINATION
## OF ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS

Defendant Guy M. Jean-Pierre, through counsel, moves this Court for a pretrial determination of the admissibility of alleged co-conspirators' statements under Federal Rule of Evidence 801(d)(2)(E).

Mr. Jean-Pierre is charged in Count One of the Superseding Indictment with conspiracy to defraud the United States and one of its agencies, the SEC, in violation of 18 U.S.C. § 371.   Under Fed.R.Evid. 801(d)(2)(E), a statement is admissible against a co-conspirator when the prosecution can demonstrate "by a preponderance of the evidence that:   (1) a conspiracy existed; (2) the declarant and the defendant were members of the conspiracy; and (3) the hearsay statements were made in the course and in furtherance of the conspiracy." United States v. Lopez-Gutierrez, 83 F.3d 1235, 1242 (10th Cir. 1996).   Fed. R. Evid. 104(a) provides that: "[p]reliminary questions concerning the . . . admissibility of evidence shall be determined by the court."

In this regard, the Tenth Circuit has recognized that the admissibility of

co-conspirator declarations under Fed. R. Evid. 801(d)(2)(E) must be resolved preliminarily by the trial court, and the Circuit has long expressed a strong preference that determinations of the admissibility of co-conspirator statements be made in advance of trial outside the presence of the jury. *See*, United States v. Sinclair, 109 F.3d 1527, 1533 (10th Cir.1997) (the "strongly preferred order of proof" in determining the admissibility of an alleged coconspirator's statement is to first hold a hearing outside the presence of the jury to determine whether the party offering the statements has established the existence of a conspiracy by a preponderance of the evidence).

This pretrial determination, commonly referred to as a *James* hearing, enables the Court to determine whether the Government has met its burden under Fed. R. Evid. 801(d)(2)(E), while still protecting the Defendant from the risk of undue prejudice that would result if the evidence "provisionally" offered by the Government does not connect up to the alleged conspiracy at trial. United States v. James, 590 F.2d 575 (5th Cir. 1979), *cert. denied*, 442 U.S. 917 (1979). By requiring the Government to present evidence corroborating the contents of the alleged co-conspirators' statement, such as evidence that a conspiracy existed, how each defendant entered the conspiracy, the identity of each co-conspirator whose statement will be used at trial, the witness through whom each statement will be offered, or how the statement was made in the course and in furtherance of the conspiracy, outside the presence of the jury, the Court avoids the risk of violating a defendant's constitutional rights, as well as the costs associated with a mistrial.

While occasional deviations from this method of proof are permitted, the Tenth Circuit's preference for hearings outside the presence of the jury is consistent with the

Supreme "Court's 'disfavor' of 'attempts to broaden the already pervasive and wide sweeping nets of conspiracy prosecutions'", <u>United States v. Perez</u>, 989 F.2d 1574, 1579 (10th Cir. 1993), by admitting statements which, if they are presented to a jury without a proper determination under Fed. R. Evid. 801(d)(2)(E), may result in extreme prejudice and a violation of Mr. Jean-Pierre's constitutional rights.   As such, Mr. Jean Pierre submits that a pretrial hearing at which the Government must produce evidence, either through hearsay statements or otherwise, that a conspiracy existed and that defendant was a part of the conspiracy, would enhance the orderly progression of this case and avoid unlimited potential confusion during trial.    Mr. Jean-Pierre accordingly requests such a pretrial *James* hearing.

However, to the extent that the Court is not inclined to grant such a hearing, Mr. Jean-Pierre alternatively requests that the Court order the Government at trial to refrain from making any statements in its opening remarks to the jury, from engaging in question and answer with any witness, or from eliciting in the jury's presence, alleged hearsay statements made in the course of and in furtherance of the conspiracy until such time as the Government has bet its burden under *James*, as outlined, *supra*. Moreover, Mr. Jean-Pierre asks the Court to order the Government to refrain from mentioning or announcing in the presence of the jury that the prosecution has met its burden under *James*, and to refrain from asking in the presence of the jury for a ruling from the Court on this issue.   Instead, the Defendant asks that the Court order the prosecutor to approach the bench when the Government believes that it has submitted sufficient evidence to satisfy the requirements of co-conspirator statements under *James,* and that the Court make a ruling thereon outside the presence of the jury.

3

WHEREFORE, Defendant Jean-Pierre respectfully moves this Court to grant this Motion in all its particulars.

Dated this 20th day of April, 2018.

Respectfully submitted,

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
t.goodreid@comcast.net
Attorney for Defendant Guy M. Jean-Pierre

**CERTIFICATE OF SERVICE**

      I certify that on this 20th day of April, 2018, I electronically filed the foregoing **DEFENDANT'S MOTION FOR PRETRIAL DETERMINATION OF ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
t.goodreid@comcast.net
Attorney for Defendant Guy M. Jean-Pierre