IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     GUY M. JEAN-PIERRE,

        Defendant.

### DEFENDANT JEAN-PIERRE'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCH OF HP LAPTOP

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby moves this Court to enter an order suppressing all evidence obtained through the search and seizure by law enforcement agents of the HP Laptop (Serial # CND01818BD) pursuant to a search warrant. As grounds for this motion, Mr. Jean-Pierre states as follows:

**1.    Summary of the Argument**

Mr. Jean-Pierre moves to suppress the fruits of the HP Laptop search based on the following grounds:

    a.    *Attachment B* to the *Search and Seizure Warrant* did not list with sufficient particularity all of the items within the HP Laptop for which the *Affidavit* claimed there was probable cause to seize;

    b.    the scope of the *Search and Seizure Warrant* as set forth in *Attachment B* was overbroad;

      c.      there was no nexus between many of the items seized and the crimes for which the *Application* alleged there was probable cause; and

      d.      the *Search and Seizure Warrant* was insufficient on its face when it included the offense of conspiracy ("§ 371") when the *Affidavit* had not presented probable cause to establish that any evidence of the alleged 3-5 year-old conspiracy would be found on the laptop.

### 2. Facts Relevant to this Issue

On April 29, 2016, law enforcement officers seized an HP Laptop from Mr. Jean-Pierre in Miami, Florida. On July 29, 2016, the U.S. District Court for the Southern District of Florida issued a search warrant for the HP Laptop. *See* attached Exhibit A (*Application for a Search Warrant*, *Affidavit* and *Attachments A and B*) and Exhibit B (*Search and Seizure Warrant* and *Attachments A and B*). Upon searching the HP Laptop, law enforcement offices discovered, *inter alia*, documents, emails and numerous other items.

Mr. Jean-Pierre had been an attorney and had material related to his clients and law practice on the HP Laptop and, therefore, special procedures were required to be followed, including the use of a "filter" or "taint" team. Although Mr. Jean-Pierre's prior counsel received an email from an agent in this case in which the agent stated that "[o]ur taint agent is getting ready to send you a disc containing items segregated from case agent review ...," neither prior nor new counsel have received any such disc. However, the defense does not believe that the government is going to use any of the items segregated from case agent review and, therefore, does not believe that this is an issue in this suppression matter. If the government does intend to use any such material in its case, it

should be barred from doing so since it failed to follow its own special "Search Procedure" set forth on page 3 of *Attachment B*.

In issuing the search warrant, the Magistrate Judge stated that,

> I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*
>
> SEE ATTACHMENT B

Exhibit B, Search and Seizure Warrant at 1 (emphasis added).

In authorizing the search for the property set forth in "Attachment B," the Magistrate Judge authorized the seizure of 20 different items or categories of items. If *Attachment B* had stopped after item 9 of this list, the warrant may have met the "particularity" requirement, may not have been overbroad and may have had the necessary nexus between the items seized and the offenses alleged. However, *Attachment B* did not stop at the end of item 9, but rather continued to list a number of additional items which caused the warrant to fail these tests. In particular, the warrant authorized the seizure of the following non-particularized, overbroad items:

10. **Bank records**, including bank statements, financial statements, cancelled checks, deposit tickets, receipts for cashier's checks, money orders, traveler's checks, records relating to wire transfers, loans, brokerage statements, and credit card information;

11. All computer files that act as "**address books**" or other list of correspondents and contacts;

12. **Records and information related to foreign and domestic travel**.

13. **Records of Internet activity**, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that

    the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of Title 18 United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2 or that show who used, owned, possessed, or controlled the computer.

  14. ***Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of Title 18 United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2***.

Exhibit B, Search and Seizure Warrant, *Attachment B* (emphasis added) at 41-42, ¶¶ 10-14.

### 3. The Search Warrant Was Illegal.

The search warrant: (a) lacked particularity; (b) was overbroad; © lacked sufficient nexus between the alleged crimes and some of the items within the HP Laptop to be seized; and (d) was insufficient on its face when it included the offense of conspiracy ("§ 371") when the *Affidavit* had not presented probable cause to establish that any evidence of the alleged 3-5 year-old conspiracy would be found on the laptop.

#### a. The Search Warrant Lacked Particularity.

  The fourth amendment imposes a particularity requirement on warrants to prevent the use of general warrants to conduct overly sweeping searches. The scope of a search is limited by the events establishing probable cause.

*United States v. Peterson*, 867 F.2d 1110, 1113 (8th Cir.1989), *citing Andresen v. Maryland,* 427 U.S. 463, 480 (1976). To meet Fourth Amendment requirements, a search warrant must list the items to be seized with particularity: "[t]he particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (emphasis added). The Fourth Amendment protects

against exploratory searches with or without a warrant. *United States v. Rabinowitz,* 339 U.S. 56, 62 (1950).

A search warrant is written with sufficient particularity if the items listed on the warrant are qualified by phrases that emphasize that the items sought are related to the alleged crime being investigated. *See United States v. Hall*, 142 F.3d 988, 996-97 (7th Cir.1998) ("we hold that the search warrants were written with sufficient particularity because the items listed on the warrants were qualified by phrases that emphasized that the items sought were those related to child pornography ... Police officers executing the warrants were not unguided and free to rummage through [the defendant's] property ...") and *United States v. Ford*, 184 F.3d 566, 574 (6th Cir.1999) (the seizure of the documents violated the defendant's Fourth Amendment rights because the items authorized to be seized were not limited to the illegal gambling or bingo operation at issue and the officers admitted that they seized "basically most of the documents" and "pretty much took everything" at the address).

The purpose of the particularity requirement of the Fourth Amendment is to avoid "a general, exploratory rummaging in a person's belongings." *Andresen v. Maryland*, 427 U.S. at 480. The constitutional requirement that the things to be seized pursuant to a search warrant be particularly described protects against "the use of general warrants as instruments of oppression." *Stanford v. Texas,* 379 U.S. 476, 510 (1965). "The fundamental evil at which the Fourth Amendment was directed was the sweeping, exploratory search conducted pursuant to a general warrant." *Zurcher v. Standard Daily*, 536 U.S. 547, 580, n.7 (1978) (Stevens, *dissenting*). *See also*, *Coolidge v. New Hampshire*, 403 U.S. at 467 ("[a] general, exploratory rummaging in a person's belongings

offends the Fourth Amendment") and *United States v. Peden*, 891 F.2d 514, 517 (5th Cir.1989) ("the Fourth Amendment prohibits general warrants authorizing officials to rummage through a person's possessions looking for any evidence of a crime"). As the Supreme Court has stated,

> "[a] seizure reasonable as to one type of material in one setting may be unreasonable in a different setting or with respect to another kind of material." *Roaden v. Kentucky*, 413 U.S. 496, 501 (1973). Hence, in *Stanford v. Texas,* the Court invalidated a warrant authorizing the search of a private home for ***all books, records, and other materials relating to the Communist Party***, on the ground that whether or not the warrant would have been sufficient in other contexts, it ***authorized the searchers to rummage among and make judgements about books and papers and was the functional equivalent of a general warrant***, one of the principal targets of the Fourth Amendment.

*Zurcher v. Standard Daily*, 536 U.S. at 564 (emphasis added).

In Mr. Jean-Pierre's case, *Attachment B* to the *Search and Seizure Warrant* authorized agents to search for a very broad array of items on the HP Laptop without the agents having made a showing that those items related to the alleged wire fraud and money laundering offenses. This very broad and undefined authorization to seize any and all "bank records," "address books," "[r]ecords and information related to foreign and domestic travel" and "[r]ecords of internet activity" (¶¶ 10-13 of *Attachment B*) in no way confined the scope of the search to any particularly described evidence relating to the matters set forth in the *Application* for the search warrant, nor to the specific crimes described in the *Application*. Furthermore, the authorization to seize any and all "[d]escriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of Title 18 United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2" (¶ 14 of *Attachment B*) was

extremely vague and authorized the agents to "rummage among and make judgements about" what showed or tended to show the commission of one of the listed offenses for which probable cause was shown (wire fraud and money laundering). As such it "was the functional equivalent of a general warrant."

Because the warrant did not list the items to be seized with sufficient particularity, the search violated Mr. Jean-Pierre's Fourth Amendment rights, and the Court should suppress any and all evidence obtained through the execution of this search warrant.

### b.     The Search Warrant Was Overbroad.

A warrant runs afoul of the Fourth Amendment when it is broader in scope than justified by the "probable cause established by the affidavit upon which the warrant issued." *United States v. Christine*, 687 F.2d 749, 753 (3rd Cir.1982). Because the *Search and Seizure Warrant* authorized the seizure of a very broad array of items in Mr. Jean-Pierre's HP Laptop, for many of which there was no probable cause, it was overbroad and, thus, in violation of the Fourth Amendment. The Fourth Amendment prohibits general warrants authorizing "a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. at 467. Evidence seized pursuant to a general warrant must be suppressed. *Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319 (1979).

A search warrant that provides law enforcement agents free reign to rummage through a defendant's papers at will renders the warrant overly broad and vague. *United States v. Beckett*, 321 F.3d 26, 33 (1st Cir.2003). *See also*, *In re Grand Jury Proceedings*, 716 F.2d at 499 ("[t]he crucial question is whether the warrant authorized too much under the law").

The scope of the search in Mr. Jean-Pierre's case was not limited to only those items related to the offenses for which probable cause had been set forth in the *Affidavit*. The terms "bank records," "address books," "[r]ecords and information related to foreign and domestic travel" and "[r]ecords of internet activity" (¶¶ 10-13 of *Attachment B*) were too vague and too broad to pass Fourth Amendment constitutional scrutiny. Furthermore, *Attachment B* was too broad when its listing of ""[d]escriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of Title 18 United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2" (¶ 14 of *Attachment B*) allowed the agents to seize anything in the laptop computer they deemed appropriate. This amounted to an impermissible "general search." *See also*, *Davis v. Gracey*, 111 F.3d 1472, 1479 (10th Cir.1997) ("[w]e have invalidated warrants for overbreadth where the language of the warrants authorized the seizure of virtually every document that one might expect to find in a ... company's office, including those with no connection to the criminal activity providing the probable cause for the search"), *quoting United States v. Leary*, 846 F.2d 592, 602 (10th Cir.1988); and *United States v. Kow*, 58 F.3d 423, 427 (9th Cir.1995) (a warrant that similarly "authorized the seizure of virtually every document and computer file" at a target company is insufficiently particular; the court emphasized that the warrant "contained no limitations on which documents within each category could be seized or suggested how they related to specific criminal activity"). A warrant authorizing the seizure of **all** of the property of an organization is valid only if there is probable cause that all of the organization's property is evidence of a crime and it is a "rare case" where such a warrant will be valid. *United States v. Bentley*,

825 F.2d 1104, 1109-1110 (7th Cir.1987). In Mr. Jean-Pierre's case, there was no probable cause presented which established that all of the listed material was evidence of a crime.

The search warrant in Mr. Jean-Pierre's case amounted to a general search warrant authorizing the agents to rummage through almost all of the computer and to seize anything and everything they saw and deemed to be appropriate. Because the warrant was an overbroad, general warrant, the Court should suppress any and all evidence obtained through the search of the HP Laptop.

      c.    **There Was No Nexus Between Many of the Items Seized and the Crimes for Which the *Application* Alleged There Was Probable Cause.**

The *Application for a Search Warrant* and the *Affidavit* did not present probable cause to believe that the items listed as "bank records," "address books," "[r]ecords and information related to foreign and domestic travel" and "[r]ecords of internet activity" (¶¶ 10-13 of *Attachment B*) were related to any crime or criminal activity. Thus, there was no nexus between these items and wire fraud and money laundering, the crimes alleged in the *Application for a Search Warrant* and in the *Affidavit*.

> The particularity requirement insures that a search is confined in scope to ***particularly described evidence relating to a specific crime for which there is demonstrated probable cause***. The government affidavit supporting the warrants at issue alleged a scheme of tax fraud, and the district court found that probable cause existed. ***The bulk of the warrant was not restricted to evidence relating to tax fraud***, however. It authorized government agents to rummage through all of NCBA's customer files, ***bank records***, employee records, precious metal records, marketing and promotional literature, ***and more***, seeking any information pertaining to any federal crime.

*Voss v. Bergsgaard*, 774 F.2d 402, 405 (10th Cir.1985) (emphasis added).

As the Supreme Court has stated,

> ***[t]here must***, of course, ***be a nexus ... between the item to be seized and criminal behavior***. Thus in the case of "mere evidence," probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction. In so doing, consideration of police purposes will be required.

*Warden v. Hayden*, 387 U.S. 294, 307 (1967) (emphasis added).

"Probable cause exists when there is a fair probability, given the totality of the circumstances, that contraband or ***evidence of a crime*** will be found in a particular place." *United States v. McCraven,* 401 F. 3d 693, 697 (6th Cir.2005) (emphasis added). As the Supreme Court has stated:

> ... It does not follow, however, that probable cause for arrest would justify the issuance of a search warrant, or on the other hand, that probable cause for a search warrant would necessarily justify an arrest. Each requires probabilities as to somewhat different facts and circumstances ...
>
> ... Search warrants may be issued only by a neutral and detached judicial officer, upon a showing of probable cause – that is, ***reasonable grounds to believe – that criminally related objects are in the place which the warrant authorizes to be searched at the time when the search is authorized to be conducted*** ...
>
> Two conclusions necessary to the issuance of the warrant must be supported by substantial evidence: that ***the items sought are in fact seizable by virtue of being connected with criminal activity*** and that ***the items will be found in the place to be searched***.

*Zurcher v. Stanford Daily,* 436 U.S. at 556 (citations and quotation marks omitted; emphasis added).

A warrant is proper if it specifies the crime and the enterprise to which the items listed were to pertain. *United States v. Hillyard*, 677 F.2d 1336, 1340 ( 9th Cir.1982), *citing Andresen v. Maryland*, 427 U.S. at 479-82. *See also*, *United States v. Federbush*, 625 F.2d 246 (9th Cir.1980). A search warrant is not sufficiently particular if it contains no guidelines

to aid officers in determining what may or may not constitute evidence of a violation of the statute at issue. *United States v. Cardwell*, 680 F.2d 75, 77-78 (9th Cir.1982) (the search was suppressed even though the warrant cited a specific statute). Furthermore, generic classifications are acceptable only when a more precise description is not possible. *United States v. Cardwell*, 680 F.2d at 78.

In Mr. Jean-Pierre's case, the *Affidavit* and *Attachment B* to the *Search and Seizure Warrant* failed to establish the requisite nexus between some of the items to be seized and the crimes for which Mr. Jean-Pierre was being investigated. Thus, the agents rummaging through Mr. Jean-Pierre's HP Laptop were not put on any notice as to any limit to their search.

Because there was no nexus between many of the items seized and the crimes for which the *Application* alleged there was probable cause, the Court should suppress any and all evidence obtained through the search of the HP Laptop.

> **D.** **The Search Warrant Was Insufficient on its Face When it Included the Offense of Conspiracy ("§ 371") When the *Affidavit* Had Not Presented Probable Cause to Establish That Any Evidence of the Alleged 3-5 Year-old Conspiracy Would Be Found on the Laptop.**

As set forth above, paragraph 14 of *Attachment B* authorized agents to seize ""[d]escriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of Title **18 United States Code, Sections 371**, 1341, 1343, 1956, 1957 and 2" (¶ 14 of *Attachment B*) (emphasis added). The *Affidavit* did not present any evidence that there was probable cause that the agents might find evidence on the HP Laptop of an 18 U.S.C. § 371

conspiracy. Thus, the agents should not have been authorized to search the laptop for any evidence demonstrating a conspiracy.

### 4. Conclusion

Because the search warrant lacked particularity, was overbroad and lacked sufficient nexus between the alleged crimes and some of the items within the HP Laptop to be seized, the issuance of the search warrant and therefore the search was illegal and violated Mr. Jean-Pierre's Fourth Amendment rights as guaranteed by the United States Constitution. Any items seized pursuant to an illegal search are "fruits of the poisonous tree" and therefore should be suppressed. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963).

WHEREFORE, Mr. Jean-Pierre requests that this Court suppress all evidence seized pursuant to the illegal search warrant in this case which were made in violation of Mr. Jean-Pierre's Fourth Amendment constitutional rights.

DATED this 20th day of April, 2018.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Jean-Pierre
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  *cliffbarnard@earthlink.net*

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2018, I electronically filed the foregoing

*Defendant Jean-Pierre's Motion to Suppress Evidence Obtained from Search of HP Laptop* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

    A.U.S.A. Jeremy Sibert       *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Guy Jean-Pierre                   *Via U.S. Mail*
    Register # 78606-054
    GEO Aurora Detention Facility
    3130 N. Oakland Street
    Aurora, CO 80010

                                                      *s/Clifford J. Barnard*

                                                      Clifford J. Barnard
                                                      Attorney for Defendant Jean-Pierre