# EXHIBIT B

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.  16 mj 3033-White
An HP Laptop (Serial # CND01818BD) that was inventoried by the Miami Police )
incident to the arrest of GUY JEAN-PIERRE, aka Marcelo Dominguez de Guerra, )
in Miami, FL on April 29, 2016. The laptop is currently being stored at the Miami )
Police Dept., located at 400 NW 2nd Avenue, Miami, Florida under AC#16005289. )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Southern____ District of ____Florida____
*(identify the person or describe the property to be searched and give its location)*:

An HP Laptop (Serial # CND01818BD) that was inventoried by the Miami Police incident to the arrest of GUY JEAN-PIERRE, aka Marcelo Dominguez de Guerra, in Miami, Florida on April 29, 2016. The laptop is currently being stored at the Miami Police Department, located at 400 NW 2nd Avenue, Miami, Florida under AC#16005289.
    SEE ATTACHMENT A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:
    SEE ATTACHMENT B

YOU ARE COMMANDED to execute this warrant on or before ___Aug 12___, 2016  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____DUTY_____.
                                                                                                   *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for ____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___July 29, 2016  @ 11:09 A___                    _____[signature]_____
                                                                                                      *Judge's signature*

City and state:      Miami, Florida                          Patrick A White, U.S. Magistrate Judge
                                                                                                  *Printed name and title*

Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk
U.S. District Court
Southern District of Florida
By [signature]
Deputy Clerk
Date 7-29-16

## ATTACHMENT A

### Description Of Item To Be Searched

An HP Laptop (Serial # CND01818BD) that was inventoried by the Miami Police incident to the arrest of GUY JEAN-PIERRE, aka Marcelo Dominguez de Guerra, in Miami, Florida on April 29, 2016. The laptop is currently being stored at the Miami Police Department, located at 400 NW 2nd Avenue, Miami, Florida under AC#16005289.

## ATTACHMENT B

### Description Of Items To Be Searched And Seized

The following items and information related to the scheme and activities that are described and are the subject of the affidavit in support of this warrant (which affidavit is incorporated by reference herein), which items constitute evidence and/or instrumentalities of violations of Title 18 United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2, and the following items relating to the electronic storage, access and retrieval of such items:

1. Computer software, consisting of digital information, which can be interpreted by a computer and any of its related components to direct the way they work. Computer software is stored in electronic, magnetic, optical, or other digital form. It commonly includes programs to run operating systems, applications (like word processing, networking, graphics, accounting, presentations or spreadsheet programs), utilities, compilers, interpreters, and communications program;

2. Computer passwords and other data security devices, that is, a string of alphanumeric characters designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software, or other programmable code. A password usually operates as a sort of digital key to "unlock" particular storage data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software or digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, destroy or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the process to restore it;

3. Evidence of who used, owned, or controlled the computer hardware, computer software, or computer passwords at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

4. Evidence of software that would allow others to control the computer hardware, computer software, or computer passwords, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

5. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer hardware, computer software, or computer passwords;

6. All records relating to or constituting, or arising from communications, transactions or contemplated transactions with the individuals described as "Target 1" or the "FBI-UC" in the affidavit accompanying this application and warrant, which affidavit is incorporated by reference herein, including, without limitations, emails, text messages, text notes,

memoranda, spreadsheets, drafts and final versions of opinion letters, contracts, agreements, promissory notes, corporate governance documents, shareholder consent forms, and stock certificates. Such records shall further include records, materials, communications used in the preparation of these documents.

7. All records relating to or constituting, or arising from communications, transactions or contemplated transactions with or relating to FusionPharm, Vertifresh, LLC, Bayside Realty, LLC, Meadpoint Ventures, the individuals described as "Target 1" or "Target 2" in the affidavit accompanying this application and warrant, which affidavit is incorporated by reference herein, including, without limitations, emails, text messages, text notes, memoranda, spreadsheets, drafts and final versions of contracts, agreements, promissory notes, corporate governance documents, shareholder consent forms, and stock certificates. Such records shall further include records, materials, communications used in the preparation of these documents. Such records shall further include "current information letters" and other written submissions to OTC Markets, and records, materials, communications used in the preparation of such submissions. Excluded from this category are any items constituting valid, non-waived privileged attorney-client communications;

8. In relation to any of the items sought in paragraphs 6 and 7 above, any and all correspondence or communications (in any iterations, including drafts) in whatever format (including electronic images of envelopes, letters, papers, email messages, chat logs, electronic messages, and other digital data files) and attachments, excluding, however, any items constituting privileged attorney-client communications;

9. In relation to any of the items sought in paragraphs 6 and 7 above, any and all records concerning securities transactions, including transfer agent records and correspondence and communications involving transfer agents, and brokerage or bank account records reflecting securities transactions or proceeds of such transactions;

10. Bank records, including bank statements, financial statements, cancelled checks, deposit tickets, receipts for cashier's checks, money orders, traveler's checks, records relating to wire transfers, loans, brokerage statements, and credit card information;

11. All computer files that act as "address books" or other list of correspondents and contacts;

12. Records and information related to foreign and domestic travel.

13. Records of Internet activity, including Internet Protocol addresses, firewall logs, transactions with Internet hosting providers, co-located computer systems, cloud computing services, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses pertaining to violations of Title 18 United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2 or that show who used, owned, possessed, or controlled the computer.

14. Descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to violations of Title 18 United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2.

15. Evidence of who used, owned, or controlled the computer to commit or facilitate the commission of the crimes described, or at the time the things described in this warrant were created, edited, or deleted, including photographs, videos, logs, call logs, phonebooks, address books, contacts, IP addresses, registry entries, configuration files, saved usernames and passwords, documents, calendars, browsing history, search terms, metadata, user profiles, e-mail, e-mail contacts, messages (text or voice), instant messaging logs, file structure and correspondence.

16. Evidence of software that may allow others to control the computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security provisions or software designed to detect malicious software or unauthorized use of the device, and evidence of the lack of such malicious software.

17. Evidence of the attachment to the computer of other storage devices or similar containers for electronic evidence.

18. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the computer.

19. Evidence of how and when the computer was used or accessed to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

20. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage.

### Search Procedure

1. Law enforcement personnel will first make an exact duplicate of the hard drive contained on the laptop computer.

2. A "filter" or "taint" team, as described in paragraphs 60 and 61 of the accompanying Affidavit, will be employed to review and segregate records and items containing privileged attorney-client communications.

3. Law enforcement personnel will then review all information and records contained on the computer to determine the information to be seized by law enforcement personnel pursuant to Attachment B.

4. With respect to any information or records that appear exclusively to be related to criminal acts other than the violations set forth herein will not be further examined unless and until a search warrant is applied for and issued for evidence of any such separate criminal act.