IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 17-cr-0008-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

**v.**

1.     GUY M. JEAN-PIERRE

    Defendants.

---

**UNITED STATES' RESPONSE
MOTION FOR JAMES HEARING [89]
and
TO COURT'S ORDER [ECF 90]**

---

The United States of America, through undersigned counsel, opposes Defendant's Motion for a *James* Hearing [docket 89] and advises the court in accordance with its order [ECF 90] that it intends to offer evidence pursuant to Fed. R.Evid. 801(d)(2)(E). The government also advises the court that it is impossible to submit a proffer utilizing the court's website not only by May 2, 2018 but also by the trial date of May 21 respectfully asks the court to reconsider that portion of ECF 90. Whatever utility a proffer log may have in some cases, it would have no value in this case as any such log in this case would be most likely hundreds of pages long and would not aid the court in assessing the admissibility of the statement.

                I.     FACTUAL BACKGROUND

The defendant is charged with a conspiracy with two named individuals and other unnamed individuals to violate certain federal laws and to impede and obstruct the SEC. The conspiracy is alleged to have occurred over a three year period between 2011 and

2014.  The conspiracy is detailed over 24 pages of the indictment.  The conspiracy is alleged to involve the creation, organization and marketing of stocks in a micro-cap company, Fusion Pharm, Inc.   The coconspirators are alleged to be persons controlling Fusion Pharm.  The defendant is alleged to have worked with those individuals in his capacity as an attorney.  Thousands of statements were made over the three year period by the coconspirators in the form of verbal conversations, emails and documents.  These statements included overly criminal statements as well as statements promoting the company which although not overtly criminal in nature nevertheless promoted the goals of the conspiracy of promotion of the success of the company.

## II.     LEGAL ANALYSIS

A. There is no requirement for the Court to conduct a pre-trial *James* hearing.

The government submits there is no requirement for a pre-trial hearing assessing the admissibility of co-conspirator statements made during and in furtherance of a conspiracy to commit security fraud.  While a court *may* satisfy the prerequisites for admission of a co-conspirator statement against another by holding a *James* hearing, for which the Tenth Circuit found reasonable,[1]  such a hearing is not required by the

---

[1]  Other Circuits do not favor *James* hearings.  In fact, the Fifth and Eleventh Circuits (birthplace of the *James* decision) have effectively abandoned pretrial determinations of admissibility and most district courts make such determinations of admissibility at trial.  *United States v. Williams*, 264 F.3d 561 (5th Cir. 200 1)(It is not an abuse of discretion to determine the requirements of Fed. R. Evid.  801 (d)(2)(E ) without conducting a James hearing);  *United States v. Fragoso*, 97 8 F.2d 89 6, 89 9 (5th Cir. 1992) (*James* has never required a hearing outside the presence of the jury.); *United States v. Barshov*, 73 3 F.2d 84 2, 85 0 (11th Cir. 1984) ("[[I]f the district court concludes that a James hearing is not reasonably practical, it can admit the statements subject to the government later connecting them up " with sufficient evidence.);  *United States v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983) (This court has held that a district court need not conduct a pre-trial James hearing to determine admissibility.);  *United States v. Baltas*, 236 F.3d 27, 34-35 (1st Cir. 2001) (Noting that if the district court "determines it is not reasonably practical to require a showing to be made before admitting the evidence, [it] may admit the statement subject to being connected up."

Circuit. *United States v. Gonzalez-Montoya*, 161 F.3d 643, 648-49 (10th Cir. 1998); *United States v. Roberts.* 14 F.3d. 502, 514 (10th Cir. 1993). Rather than hold a pre-trial hearing, the court may provisionally admit a statement "with the caveat that ... the party offering [it] must prove the existence of the predicate conspiracy through trial testimony or other evidence." *Id.* at 649; *United States v. Merrick*, 299 F. App'x 820, 822 (10th Cir. 2008); *United States v. Owens*, 70 F.3d at 1118, 1123 (10th Cir. 1995). The determination of which of these alternatives to choose resides in the discretion of the trial court. *United States v. Aguilera-Meza*, 329 F. App'x 825, 833 (10th Cir. 2009); *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). The evidentiary content of the hearsay statement, as well as other evidence, may be considered in making that determination. See Fed.R.Evid. 801(d) (2); see also *United States v. Bourjaily*, 483 U.S. 171, 181 (1987)[2]; *Gonzalez-Montoya*, 161 F.3d at 649.

In assessing the admissibility of coconspirator statements without a pre-trial hearing, the Court can make preliminary factual findings on the record regarding the admissibility of the statements and assess an order of proof offered by the government. See *United States v. Perez*, 989 F.2d 1574, 1580 (10th Cir.1993) (en banc). Proof that a conspiracy existed and that a statement was made during its existence and in furtherance of the conspiracy need be established only by a preponderance of evidence. *Bourjaily*, 483 U.S. at 175.

B.    Preferred Order of Proof

---

[2]    Although it declined to determine whether or not a court could rely solely upon the statements of conspirators to establish the conspiracy, the Court in *Bourjaily* noted, "We think there is little doubt that a coconspirator's statements could themselves be probative of the existence of a conspiracy and the participation of both the defendant and the declarant in the conspiracy." *Id.* at 180.

3

The Federal Rules of Evidence changed long-standing common law practices concerning the admission of co-conspirator statements. The determination of the admissibility of out-of-court declarations pursuant to F. R. Evid. 801(d) (2), 803, or 804(b) (3) is a question for the trial court to decide. *United States v. Jackson*, 627 F.2d 1198, 1218 (D .C. Cir. 1980). See also *United States v. Lippner*, 676 F.2d 456, 463-464 (11th Cir. 1982).

The order of proof on the admissibility of co-conspirator hearsay is governed by Federal Rule of Evidence 104(a):

> Preliminary questions concerning the . . . admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination, [the court] is not bound by the rules of evidence except those with respect to privileges.

Rule 1101(d) (1) provides in similar fashion that the rules of evidence "do not apply" to "[t]he determination of questions of fact preliminary to admissibility of evidence . . ." Accordingly, the Government, in "proving up" co-conspirator statements, and the Court, in making its admissibility determinations, are not bound by the rules of evidence except those concerning privileges. The "preferred order" of proof for the admission of out-of-court statements through application of Rule 801(d)(2)(E) permits connecting up strategies, proffers, pretrial hearings or any reasonable combination of approaches.

In *Bourjaily*, 483 U.S. at 183-84, the Supreme Court held that the Constitution did not require "independent inquiry into the reliability of statements that satisfy the requirements of Rule 801(d) (2)(E)."[3] The Court expressly eschewed "an opinion on the

---

[3] The Court noted the historical foundation of its holding. "[T]he co-conspirator exception to the hearsay rule is steeped in our jurisprudence. In *Delaney v. United States*, 263 U .S. 586, 590, 44 S.Ct. 206, 207, 68 L.E d. 462 (1924), the Court rejected the very challenge petitioner brings today, holding that

proper order of proof that trial courts should follow in concluding that the preponderance standard has been satisfied in an ongoing trial." Id. at 176 n.1; accord *United States v. Jeffrey*, 128 F. App'x 680, 697 (10th Cir. 2005).

Subsequent to *Bourjaily*, the Tenth Circuit clarified the meaning of the term "preferred order of proof" in *United States v. Hernandez*, 829 F.2d 988 (10th Cir. 1987). The court stated that the "preferred order of proof" simply refers to the requirement that the trial court make the requisite factual determination of the existence of a conspiracy prior to allowing coconspirator statements to be heard by the jury. *Id.* at 994, n.6. The court also noted "this order of proof does not involve a right to a pretrial hearing on admissibility, and in no way precludes the trial judge from exercising his considerable discretion and conditionally admitting the statements subject to later being connected up." Id. (emphasis added); see also *United States v. Pinto*, 838 F.2d 426, 433 (10th Cir. 1988).

The Tenth Circuit has recognized that "[i]n many cases, the trial court allows coconspirator hearsay into evidence before the requisite facts have been established in reliance upon the government's representation that such proof will be forthcoming later in the trial." *United States v. Perez*, 989 F.2d 1574, 1582 (10th Cir. 1993) (en banc). Courts have consistently rejected the necessity of a "mini-trial" on the merits of the evidence either prior to trial, or even outside the presence of the jury. *Id.*; *United States v. Monaco*, 700 F.2d 577, 581 (10th Cir. 1983) (a trial court has no obligation to

---

there can be no separate Confrontation Clause challenge to the admission of a co-conspirator's out-of-court statement. In so ruling, the Court relied on established precedent holding such statements competent evidence. We think that these cases demonstrate that co-conspirator's statements, when made in the course and in furtherance of the conspiracy, have a long tradition of being outside the compass of the general hearsay exception." *Id*. at 183.

determine admissibility of possible hearsay at the pretrial stage); *United States v. Burger*, 773 F. Supp. 1419, 1427 (D. Kan. 1991) (court's practice is to conditionally admit co-conspirator statements, subject to the government later connecting the co-conspirators and their statements to the conspiracy); *United States v. Barker*, 623 F. Supp. 823, 830 (D. Colo. 1985) ("[T]he Tenth Circuit does not require a 'mini-hearing' to be held outside the presence of the jury.  Rather, in this circuit, the co-conspirator statements may be conditionally admitted by the trial court.").  Accordingly, this Court may properly exercise its discretion in determining to proceed by way of proffer, and is particularly justified in doing so under the circumstances of this case.

C.     If the court orders a hearing based upon *James* concerns, such a hearing should be held during the trial as the issues are not complex or time consuming during trial.

Under the above-cited precedents, the government submits that the defendants' motions for a *James* hearing should be denied as the Court will be able to make rulings during the trial on Rule 801(d)(2)(E) statements.  While the subject matter may be other than ordinary – securities fraud, the issues are not so complex to require a separate hearing.  Simply stated, fraud is fraud.  If three individuals contrive a mechanism to defraud others, assessing whether a statement made by any one of them is during or in furtherance of that goal is not rocket science.  However, if the Court determines an issue arises which need be determined by the equivalent of a *James* hearing, such a hearing should be held during the trial.  The defendant has not cited any precedent requiring a pre-trial *James* hearing.  Tenth Circuit precedent suggests such hearings, if held at all, should be held during trial, outside the presence of the jury.  While the Tenth Circuit precedent indicates that a *James* hearing may be preferred, it is clearly not

mandated. Those cases which express such a preference do not specify that such a hearing be held in advance of trial. "In determining whether a conspiracy existed, the district court may hold a separate *James* hearing, outside the presence of the jury, or it may provisionally allow the evidence with the understanding that the offering party will present evidence during the course of the trial that will prove the existence of the predicate conspiracy." *Merrick*, 299 F. App'x at 821 (emphasis added). The Circuit clearly anticipates the *James* hearing would be "outside the presence of the jury," during a trial; not at a pre-trial hearing where there is no jury of which to be outside the presence.

### III.   CONCLUSION

The evidence in this case will show a conspiracy that involved owners, employees, and third parties that all worked under a corporate vail the covered a three plus year fraud scheme. If the Court orders a James hearing, essentially, the Court will have a mini trial before the trial because much of the evidence will duplicate. In other words, co-conspirators' statements is the bulk of the evidence the government will submit in order to prove the case against defendant Jean-Pierre. A pre-trial, or even during-trial, *James*-type hearing is totally unnecessary for the preliminary assessment of admissibility. Creating a log containing thousands of statements, written or verbal, would do nothing to aid the court in making an assessment of admissibility as any such log would comprise hundreds of pages with a shorthand reference to any "statement." The discovery in this case consists of over a million pages. The creation of a *James* log will be a great burden for evidence that may not even be offered for the truth of the matter asserted, thereby, another reason why Courts don't regularly require *James* logs.

As such, the defendant's request which resulted in the court's order [ECF 90] is untimely and that order should be reconsidered by the court.

WHEREFORE, the United States objects to the holding of a pre-trial *James* hearing. Such advance "mini-trials" are not required by law and are a waste of the Court's time and the parties' resources. The United States respectfully asks the Court to deny the motion and to reconsider its order for a *James* log

Respectfully submitted this 23rd day of April, 2016.

                        ROBERT TROYER
                        United States Attorney

                        By:    *s/ Jeremy Sibert*
                        JEREMY SIBERT
                        Assistant United States Attorney
                        1801 California St, Suite 1600
                        Denver, Colorado 80202
                        Telephone: 303-454 0100
                        Facsimile: 303-454 0403
                        Email: jeremy.sibert@usdoj.gov
                        Attorney for the government

### CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April, 2018, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO MOTION TO SUPPRES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Attorneys for Defendant**

                        By:    *s/Jeremy Sibert*
                        JEREMY SIBERT
                        Assistant United States Attorney