IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     GUY M. JEAN-PIERRE,

        Defendant.

_____

### GOVERNMENT'S MOTION OPPOSING ANY FURTHER CONTINUANCE

        The UNITED STATES OF AMERICA, by and through Robert Troyer, United States Attorney for the District of Colorado, and Jeremy Sibert, Assistant United States Attorney, files this motion to oppose any continuance anticipated to be filed by defendant Jean-Pierre.

        On April 20, 2018, defendant Jean-Pierre requested a pretrial determination of admissibility of alleged co-conspirators' statements (*James* Log). [Doc. #89].   On that same date, the Court ordered the government to disclose if co-conspirators' statements would be used in trail set for May 21, 2018 and if statements are to be used, provide a *James* log by May 2, 2018.   [Doc. #90].    At a bond hearing on April 24, 2018, the government put this Court on notice that the *James* log may be of considerable length, but the log could be prepared by the 2nd as ordered by the Court.[1]   In addition, the

---

[1] The log may be shorter based on a review of the statements and reasons for why certain statements may be introduced under the Fed.R.Evid.

1

government suggested to this Court that the defense be allowed ten days to respond/object to the statements in the log (the same timeline provided to the government) so that a hearing concerning the log could be held before the start of trail, if necessary.[2]   The Court ordered the defense to respond to the government's position that a *James* log was not required by April 25, 2018.   After the hearing, the defendant Jean-Pierre, through his lawyers, informed the government that they would be seeking a continuance in this trail.   The government is opposing this continuance and files this notice in anticipation of defendant Jean-Pierre's continuance request.[3]

Pursuant to the Speedy Trial Act, a criminal defendant's trial shall commence within 70 days after he is charged or makes his initial appearance, whichever is later. *See* 18 U.S.C. §3161(c)(1).   A defendant may not waive his rights under the Speedy Trial Act.   *See United States v. Williams,* 511 F.3d 1044, 1055 (10th Cir. 2007).   The Speedy Trial Act permits time to be excluded from this 70-day calculation for very specific statutory reasons or where the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial".   *See* 18 U.S.C. §3161(h)(1)-(7).   With regard to the ends-of-justice provision, the Speedy Trial Act provides:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:

---

[2] Motion deadline for this case was April 20, 2018.   The defense filed a motion for a James log understanding that there was only a month between their request and trial.

[3] Trial should not be continued based on the fact that defendant Jean-Pierre requested via motion a *James* log, knowing that the log could be lengthy based on the conspiracy charge that occurred over three year time period. As stated in the government's previous notice, *James* logs are not required by law.   If the defense requests such a log, than the defense should be prepared to respond knowing the facts and timeline of trial, or in other words, be careful for what you ask for. A *James* log should not be used as a tool to delay trial, especially after there has been three continuances in this case and any trial court, as the gatekeeper, can make evidentiary rulings based on the presentation of testimony.

2

> . . . .
> (7)(A) Any period of delay resulting from a continuance granted by any judge on its own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance… are as follows:
>
>> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>>
>> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established [by § 3161].
>>
>> ***
>>
>> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii) would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant of the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(A) & (B). Complexity is simply one factor for the Court to consider in determining whether an ends-of-justice continuance is appropriate. The requirement that the Court make a factual record to support a continuance applies

3

equally to a continuance based on complexity as it does to one based on any of the other factors under Section 3161(h)(7)(B).  *See* U.S.C. §3161(h)(7)(A).  Although the Court's findings "may be entered on the record after the fact, they may not be made after the fact."  *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir. 1989).  Instead, "the balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive." *Id.*

In the case at bar, the Court has made a finding that the case is complex for purposes of 18 U.S.C. §3161(h)(7)(B)(ii).  [Doc. # 37].  Based on this finding of complexity, the Court ordered that 90 days be excluded from the Speedy Trial calculations in this case, after granting defendant's unopposed request to continue trial in order to allow defense to prepare in March of 2017.  [Doc. #25].  A complexity finding does not "stop the clock" or suspend the requirements of the Speedy Trial Act.  *See United States v. Hernandez-Mejia*, 406 Fed. Appx. 330, 337 (10th Cir. 2011); *see also United States v. Theron*, 782 F.2d 1510, 1513 (10th Cir. 1986) ("although Congress recognized that an ends-of-justice exclusion often would be appropriate in trials of complex criminal conspiracies, it noted that 'each time such a continuance is granted in a complicated case the judge will still have to weigh the right of society and the defendant to a speedy trial against the ends-of-justice.'... Thus, the complexity of a case does not automatically justify an ends-of-justice continuance.") (internal citations omitted).  The third continuance, second by defendant Jean-Pierre, was granted, in part, in December 2017 when to allow new defense counsel to prepare for a complex

case. [Doc. #58].[4]

In *Hernandez-Mejia*, the Tenth Circuit found violations of the Speedy Trial Act despite the district court having previously designated the case as complex under 18 U.S.C. §3161(h)(7)(B)(ii). *Id.* The Tenth Circuit "assume[d]" that the district court's prior designation of the case as complex justified a 42-day continuance after a new defense attorney had been appointed in the case so that the new attorney could prepare. *Id.* However, the Tenth Circuit held that four subsequent continuance orders, which delayed the trial for a total of an additional 6-months and which did not set forth specific findings regarding why the continuances were necessary, failed to comply with the requirements of the Speedy Trial Act notwithstanding the complexity designation previously made by the district court. *Id.* After finding these Speedy Trial Act violations, the Tenth Circuit reversed the district court's order denying the defendant's motion to dismiss the indictment and remanded the case for a determination as to whether the dismissal should be with or without prejudice. *Id.* at 338.

Here, this Court found that 150 days was enough to prepare for trail in this case after understanding the complex nature of this case and two previous continuances. As the Ninth Circuit has explained, even when evaluating an ends-of-justice continuance premised on complexity, the district court:

> must conduct an appropriate inquiry to determine whether the various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to the trial calendars

---

[4] It should be noted that defendant Jean-Pierre requested 170 days and the Court granted 150 days because the Court found "150 days is sufficient to address the concerns raised by counsel in regards to the need to properly prepare for trial in this case."

>or other plans of counsel, and whether granting the requested continuance would "outweigh the best interest of the public and the defendants in a speedy trial."

*United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (internal quotations omitted). The Second Circuit has likewise made a point of "remind[ing] district judges that the length of an exclusion under §3161(h)(8)[5] for a 'complex' case… should reasonably be related to the actual needs of the case." *United States v. Lo Franco*, 818 F.3d 276, 277 (2d Cir. 1987). The defendant's request for an optional *James* log does not meet the standards to allow for more time due to the "needs of the case."

In *United States v. Toombs*, the Tenth Circuit addressed the degree of specificity that the district court and the parties must use in making a record to support an ends-of-justice continuance. 574 F.3d 1262, 1271-72 (10th Cir. 2009). The district court or the party requesting a continuance must explain "why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.*; *see also United States v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007).[6] "Simply identifying an event, and adding the conclusory statement that the event requires more times for counsel to prepare, is not enough." *Id.* The *Toombs* Court found Speedy Trial Act violations and reversed the defendant's convictions because the district court granted two sequential two-month ends-of-justice continuances based solely on the explanation that "discovery was recently disclosed and counsel

---

[5] This was where the ends-of-justice provision was previously located.
[6] District courts have generally acknowledged that the Tenth Circuit's "pronouncements" in *Toombs* and *Williams* have raised the bar on what had previously been considered adequate findings for ends-of-justice continuances. *See United States v. Smith*, 398 Fed. Appx. 423, 426 (10th Cir. 2010)

consequently needed additional time to prepare for trial." *Id.* at 1272. This conclusory statement did not satisfactorily explain why the new discovery was important and warranted the specific continuances. *Id.*

While the Court in this case certainly has made a clear record regarding its complexity findings (twice), further time is not warranted based on the requests by the defendant for a log that is not required by law. As the Toombs Court stated, "The Speedy Trial Act was intended not only to protect the interests of defendants, but was also "designed with the **public interest** firmly in mind." *Zedner,* 547 U.S. at 501, 126 S.Ct. 1976. The ends-of-justice provision expressly mandates that the district court articulate "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the *best interests of the public* and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added)." *United States v. Toombs* at 1273.

The Court further stated, "[i]t is the responsibility of not only the district court, but also the government, to protect the interests of the public by ensuring adherence to the requirements of the Speedy Trial Act. *See United States v. Wright,* 6 F.3d 811, 814 (D.C.Cir.1993) ("[T]he Government bears a large part of the responsibility for **bringing** a defendant to trial within the statutory period...."). Thus, the district court and government are no less responsible under the Speedy Trial Act merely because it is a defendant who requests a continuance. *See Zedner,* 547 U.S. at 493-95, 507, 126 S.Ct. 1976 (concluding a violation of the Speedy Trial Act occurred when the district court failed to make adequate factual findings in granting an ends-of-justice continuance requested by the defendant)." *Id.*

In *Toombs*, the government was silent and never objected to any of the

continuances or request the Court to challenge the need for a continuance. The Court concluded that the lack of effort to protect the public's interest regarding the defendant being tried in a reasonable time, the Court found that the district court failed to protect the public's interest in a speedy trial as required by the Act.

In this case, the record shows three unopposed continuances, one by the government and two by defendant Jean-Pierre, resulting in a 330 days of delay in this case. The public has a very strong interest in having defendant Jean-Pierre tried. First, there are two co-defendants/conspirators, William Sears and Scott Dittman, awaiting sentencing in their cases pending their cooperation, as agreed to in their plea agreements, with the government in this case. Any further delays in this case prevents the two co-defendants/conspirators potentially cooperating in this case.

Second, there are victims in this case that suffered financial losses due to the allegations alleged in the indictment. The longer this case is continued, the longer the victims have to wait to see if this defendant was part of the conspiracy that caused them to lose funds due to a fraudulent scheme.

Third, the government seized approximately nine million dollars surrounding the Fusion Pharm federal investigation. Those funds are being held in a federal trust account pending the outcome of this case and the Sears/Dittman related case. Once this case is resolved, and Sears/Dittman are sentenced, those funds can be used to pay back the losses occurred by the victims in these cases.

Finally, this Court found that 150 day continuance would be adequate for the new

defense lawyers to prepare and set the pretrial order based on this additional time.[7] All parties, to include the Court, defendant Jean-Pierre, and government knew that motions could be filed on April 20th, 2018 and would need to be resolved prior to trial. All parties were on notice concerning dates.   Based on the orders by this Court, the government began to prepare for trial to include spending sufficient resources in obtaining expert witnesses, traveling to interview potential witnesses, obtaining certifications to verify records/identify custodian of records, and serve trial subpoenas.

There are over 40 government witnesses in this case.   As time continues, the witnesses' memories continue to fade as to the facts of this case that occurred from 2011-2014.   In addition, some of the witnesses in this case are elderly and in poor health.   The factors of fading memories and aging witnesses are a concern for the government and the public.   Finally, many of the witnesses have made arrangements to be available for trial in late May/early June.   Any change to the trial dates would impact many of the government witnesses and the arrangements they have made to be available based on the trial schedule set by this Court.[8]

In conclusion, the government respectfully requests a denial of any continuance filed by defendant Jean-Pierre in this case.   The only reason explained to the government for a continuance regards this late request for a *James* log.   As already stated, a James log is not required.   However, if ordered, the log will be ready for defendant Jean-Pierre's review by May 2nd and is enough time to proceed with a

---

[7] Originally, defendant Jean-Pierre requested a trail in September 2017.   Therefore, there is a strong case to proceed to trial not only for the public's interest but for the defendant's interest as he expressed over several months ago.
[8] This is the second time witnesses have been subpoenaed in this case, the first time was for the trial set in December 2017.

hearing before the May 21st trial date.   In the public's interest, this case needs to proceed to trial without any further continuances.

    Respectfully submitted this 24th day of April, 2018.

                  ROBERT TROYER
                  United States Attorney

                  By:*s/ Jeremy Sibert*
                  JEREMY SIBERT
                  Assistant United States Attorney
                  1801 California St, Suite 1600
                  Denver, Colorado   80202
                  Telephone:   303-454 0100
                  Facsimile:   303-454 0403
                  Email: jeremy.sibert@usdoj.gov
                  Attorney for the government

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2018, I electronically filed the foregoing **GOVERNMENT'S OPPOSITION TO ANY FURTHER CONTINUANCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Attorneys for Defendant**

                  By:   *s/Jeremy Sibert*
                          JEREMY SIBERT
                          Assistant United States Attorney