IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    GUY M. JEAN-PIERRE**,

        Defendant.

---

### DEFENDANT JEAN-PIERRE'S OPPOSED MOTION TO CONTINUE JURY TRIAL AND OPPOSED MOTION FOR AN ENDS OF JUSTICE FINDING OF UP TO 30 DAYS OF EXCLUDABLE TIME ON GROUNDS OF COMPLEXITY PURSUANT TO TITLE 18 U.S.C. § 3161

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his counsel, hereby moves this Court to continue the May 21, 2018 jury trial so that the parties can fully and appropriately litigate the two outstanding defense motions and, if necessary, hereby moves this Court to exclude, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii), up to an additional 30 days from Speedy Trial based on a showing by Mr. Jean-Pierre and a finding by this Court that the ends of justice would be best served by the exclusion of this amount of time. Mr. Jean-Pierre further requests that the Court set this matter for, subject to the Court's calendar, jury trial not before August 1, 2018. As grounds for these requests, Mr. Jean-Pierre states as follows:

### I.   Course of the Proceedings.

This case is presently set for jury trial to begin on May 21, 2018.

The parties anticipate that trial will require approximately 13 days.

The following continuances have been requested by the following parties:

a)   on March 10, 2017, prior defense counsel Kirk Brush filed a motion for a continuance of the trial date (Doc. # 24) and that motion was granted on March 13, 2017 (Doc. # 25);

b)   on June 23, 2017, prior defense counsel and the government filed a joint motion for a continuance of the motions deadline and the trial date (Doc. # 27) and the motion was granted on June 26, 2017 (Doc. # 28);

c)   at a status conference on August 4, 2017, the government asked for a continuance and the motion was granted on August 24, 2017 (Doc. # 37); and

d)   on December 8, 2017, Mr. Jean-Pierre through newly appointed attorney Barnard asked for an ends-of-justice continuance (Doc. # 53) and the Court granted the motion on December 11, 2017 (Doc. # 58).

The first three of these continuances occurred before Mr. Jean-Pierre's current trial team was on the case and the third continuance request was requested because new counsel (attorney Barnard) had just been appointed to replace prior counsel, Kirk Brush. Since entering on the case on November 14, 2017 (attorney Barnard) and December 19, 2017 (attorney Goodreid), new counsel have spent numerous hours reviewing discovery, meeting with Mr. Jean-Pierre and otherwise preparing for trial. However, with over 2 million pages of discovery, 550 exhibits not yet seen, an unknown number of summary charts and their underlying documents not yet seen, the need for an expert now apparent, a 200-400 page *James* log proffer not yet received and *James* and suppression hearings to be litigated, the defense needs more time in which to litigate these motions and then prepare

-2-

for trial.

## II.   Defendant Jean-Pierre's Motion to Continue Based on a Need to Litigate the Two Outstanding Defense Motions.

On April 20, 2018, the defense filed the following motions:

a) *Defendant's Motion for Pretrial Determination of Admissibility of Alleged Co-conspirator Statements* (Doc. # 89); and

b) *Defendant Jean-Pierre's Motion to Suppress Evidence Obtained from Search of HP Laptop* (Doc. # 91).

These two defense motions are still outstanding and still require adjudication.

## 1.   Defendant's Motion for Co-conspirator Statements and *James* Hearing.

On April 20, 2018, the defense filed *Defendant's Motion for Pretrial Determination of Admissibility of Alleged Co-conspirator Statements*. Doc. # 89.

By statute, the filing of this motion tolls the running of Speedy Trial until the final disposition of the motion:

> (h)   The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:
>
> (1)   Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
>
> ...
>
> (D)   delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; ...

18 U.S.C. § 3161(h)(1)(D).

After the defense filed *Defendant's Motion for Pretrial Determination of Admissibility of Alleged Co-conspirator Statements* (Doc. # 89) on April 20, 2018, the Court then ordered

-3-

the government to "indicate whether or not it will seek to admit evidence at trial under Fed. R. Evid. 801(d)(2)(E)" by April 25, 2018 and, if so, to file a response by May 2, 2018, which "must include a proffer." Doc. # 90.

On April 23, 2018, the government filed the *United States' Response Motion for James Hearing [89] and to Court's Order [Doc. 90]* (Doc. # 93) in which it stated that the government "advises the court that it is impossible to submit a proffer utilizing the court's website not only by May 2, 2018 but also by the trial date of May 21" (Doc. # 93 at 1) and that "co-conspirators' statements is the bulk of the evidence the government will submit in order to prove the case against defendant Jean-Pierre" (Doc. # 93 at 7). The government asked the Court to reconsider its *Order* set forth in Doc. # 90, to deny Mr. Jean-Pierre's motion and to not conduct a *James* hearing.

Shortly after filing this response, the government orally stated at the bond hearing on April 23, 2018 that it could prepare the list of co-conspirator statements by May 2, 2018 if ordered by the Court and that it would consist of more than 400 pages. The government also stated that it objected to a continuance of the May 21, 2018 trial date. The government then on April 24, 2018 filed the *Government's Motion Opposing Any Further Continuance* (Doc. # 97) in which it again stated that it could file a "*James* log" by May 2, 2018 and again said that it opposed any continuance.

As set forth in the defense's reply to the government's response being filed concomitantly with this motion, a *James* proffer log should be required and a subsequent *James* hearing should be conducted.

**2.     Defendant's Motion to Suppress Evidence from Seizure of Hp Laptop.**

On April 20, 2018, the defense filed *Defendant Jean-Pierre's Motion to Suppress Evidence Obtained from Search of HP Laptop*. Doc. # 91. The government's response is due by May 2, 2018. Doc. # 92.

The parties will need an evidentiary hearing to arrive at a final disposition of this motion.

The filing of this motion tolls the running of Speedy Trial until the final disposition of the motion. 18 U.S.C. § 3161(h)(1)(D).

**3.     Speedy Trial Considerations.**

The December 11, 2017 ends-of-justice continuance tolled the Speedy Trial clock until May 10, 2018. Doc. 58 at 6. The defense believes that Speedy Trial in this case runs to and includes June 9, 2018, thus leaving approximately 30 days in the Speedy Trial calculations after the December 11, 2017 ends-of-justice continuance expires on May 10, 2018. The remaining 30-day Speedy Trial clock then would not begin to run until after the final disposition of the motions. If this is correct, there would be 30 days of Speedy Trial in which to set this case for trial after final disposition of the motions.

Mr. Jean-Pierre believes that a reasonable schedule for the resolution of the two outstanding motions would be: a) the government submits its "*James* log" by May 2, 2018; b) the defense submits its response to the government's *James* log by June 1, 2018; c) a hearing on the motions be held in the latter part of June, 2018 on both motions; and d) trial be held no earlier than August 1, 2018. If Mr. Jean-Pierre's calculations about Speedy Trial are not correct, he requests that up to an additional 30 days from the date of the final disposition of the motions be excluded due to an ends-of-justice need as shown below.

**4.      Conclusion**

Mr. Jean-Pierre requests that the May 21, 2018 jury trial be continued until some time after August 1, 2018.

### III.    Defendant's Motion to Continue Based on an Ends-of-Justice Need.

Depending on when the Court rules on the motions after they have been submitted, Mr. Jean-Pierre is requesting that the Court exclude up to an additional 30 days from Speedy Trial.

The Speedy Trial Act excludes from the calculation of the time in which to bring a federal criminal case to trial "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the Defendant or his counsel or at the request of the attorney for the Government ... on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The statute provides, in pertinent part:

> The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A)  Any period of delay resulting from a continuance granted by any judge . . . at the request of the Defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

In order for a continuance to qualify as an excludable "ends of justice" continuance

under § 3161(h)(7)(A), the Court must consider the following factors listed in § 3161(h)(7)(B):

(I)     Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii)    Whether the case is so unusual or so complex, due to the number of Defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

(iii)   Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Defendant reasonable time to obtain counsel, would unreasonably deny the Defendant or the Government continuity of counsel, or would deny counsel for the Defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(I) - (iv).

**The Case Is Complex**. The Court has previously found this case to be complex. Doc. # 37. The case is so complex that defense counsel cannot adequately prepare for pretrial proceedings or for the trial itself within the time limits established by the Act. The case is complex for the following reasons:

a.     Mr. Jean-Pierre has been charged in a twenty-nine count *Superseding Indictment* (Doc. # 29) with conspiracy to defraud (Count 1), wire fraud (Counts 2-16), mail fraud (Counts 17-20), securities fraud (Counts 21-23), attempted wire fraud (Counts 24-28)

-7-

and money laundering (Count 29),  each of which alone is somewhat complex but all of which, when taken together, are certainly complex both on a factual and legal basis.

      b.     There is very extensive discovery including:

(I)     more than two million pages of records;[1]

(ii)    forensic digital images of material stored on multiple computers seized by the government from FusionPharm in 2014;

(iii)   forensic digital images of material stored on a laptop computer seized by the government from Mr. Jean-Pierre at the time of his arrest in 2016;

(iv)   2 hours of undercover telephone calls with Mr. Jean-Pierre in 2016;

(v)    9 hours of audio (in multiple formats including "vma," "wav" and "MP3") and video-recorded meetings in 2016 (also in multiple formats including "mpeg" and "avi");

(vi)   89 computer files of calls allegedly made to and from Mr. Jean-Pierre while in New York state custody totaling approximately 4 hours in length;

(vii)  audio recordings of calls allegedly made by and to Mr. Jean-Pierre while in federal pretrial detention totaling approximately 12 hours; and

(viii) additional discovery recently supplied to the defense.

      c     None of the file names of the discovery indicate the content of those files and, thus, the material in the files must be searched and reviewed to determine each file's content and relevance.

      d     All audio and video material, because of their formats, are not searchable

---

[1] When Mr. Jean-Pierre filed his December 8, 2017 motion for a continuance, he thought that there was only "more than a million pages of records;" he has since learned that there are more than two million pages of records.

and thus will have to be reviewed in real time.

e.      On April 13, 2018, the government informed the defense that it intends on calling two experts to testify and gave the defense the subjects about which they will testify. One of these experts if a professor of securities law who is expected to testify on securities and SEC related rules, regulations and statutes. Furthermore, on April 19, 2018, the government sent the defense a first draft of its proposed jury instructions in which it included 8 instructions (some quite lengthy) regarding securities and SEC related rules, regulations and statutes. Prior to the receipt of the description of the expected testimony of this expert and the receipt of these proposed jury instructions, the defense did not know the extent or specific emphasis that the government was going to place on which securities and SEC related rules, regulations and statutes. Mr. Jean-Pierre now must confer with an expert on the SEC matters about which the government's expert will testify and meet and supply the expert with reports, discovery and other matters for that expert to review.

f.      The government has indicated that it has 550 exhibits plus summary exhibits. At the bond hearing on April 23, 2018, the government told the Court that it had, up to that point, approximately 550 exhibits. The government has indicated that it will have summary exhibits. As of the time of the filing of this motion, the government has neither supplied the defense with a list of these 550 exhibits nor with copies of any of these exhibits. When asked for a list or copies of the exhibits, government counsel has repeatedly said that this is not important to get this material to the defense since all of the exhibits are in the discovery already supplied to the defense. However, the government has also stated that there are 1.3 million pages of discovery; the defense has been told by Richard Demarest that there are approximately 2.353 million pages. Once supplied to the defense, defense

counsel will have to review these exhibits along with all underlying documentation in support of and which form the basis for the summaries.

      g.    The government has told the Court and defense counsel that it intends to use a number of summary charts. None of those charts have yet been supplied or shown to the defense. Once supplied to the defense, defense counsel will have to review these charts along with all underlying documentation in support of and which form the basis for thee summary charts.

      h.    The defense has filed two pretrial motions which will require extensive review of documents, legal analysis of how the law applies to those documents and may require evidentiary hearings.

      **Reasonable Time Is Necessary for Effective Preparation.** If the court finds, taken as a whole, that this case is not so unusual or so complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), the failure to grant a continuance in this case would deny counsel for Mr. Jean-Pierre the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      **Miscarriage of Justice.** For the reasons stated above and through the exercise of due diligence, undersigned counsel cannot be prepared for trial not before the beginning of August, 2018 and a failure to grant a continuance beyond the time prescribed by 18 U.S.C. § 3161© would be likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(I).

      Undersigned counsel hereby states that, based on his present knowledge of the discovery and the other matters addressed in this motion in this case, 30 days after the

final disposition of the motions is a reasonable estimate as to how long it will take to review and analyze the discovery, review and analyze jury instructions and litigate the two outstanding motions, and, thus, is requesting that the Court set this case for jury trial in the no earlier than the beginning of August, 2018.

Undersigned counsel has discussed this motion with Defendant Jean-Pierre who concurs and agrees with this request for an exclusion of time from the Speedy Trial calculations.

The ends of justice served by granting the motion outweighs the best interests of the public and Mr. Jean-Pierre in a Speedy Trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Defense counsel has discussed this motion with A.U.S.A. Jeremy Sibert who stated that the government OPPOSES any continuance of the May 21, 2018 trial.

WHEREFORE, DEFENDANT GUY M. JEAN-PIERRE requests that this Court continue the May 21, 2018 jury trial and, if necessary, exclude up to an additional 30 days from Speedy Trial based on a showing by Mr. Jean-Pierre and a finding by this Court that the ends of justice would be best served by the exclusion of this amount of time and further requests that the Court set this matter, subject to the Court's calendar, for a jury trial not before the beginning of  August,  2018.

DATED this 25th day of April, 2018.

Respectfully submitted,

*s/Clifford J. Barnard*

_____

Clifford J. Barnard
Clifford J. Barnard, Attorney at Law
4450 Arapahoe Avenue, Suite 100

Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email: *cliffbarnard@earthlink.net*
Attorney for Defendant Jean-Pierre

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2018, I electronically filed the foregoing *Defendant Jean-Pierre's Opposed Motion to Continue Jury Trial and Opposed Motion for an Ends of Justice Finding of Up to 30 Days of Excludable Time on Grounds of Complexity Pursuant to Title 18 U.S.C. § 3161* with the Clerk of the Court using the CM/Doc. system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Kenneth Mark Harmon        *kenneth.harmon@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Guy Jean-Pierre                    *Via U.S. Mail*
Register # 78606-054
GEO Aurora Detention Facility
3130 N. Oakland Street
Aurora, CO 80010

*s/Clifford J. Barnard*
_____
Clifford J. Barnard
Attorney for Defendant Jean-Pierre