IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.     GUY M. JEAN-PIERRE
       a/k/a Marcello Dominguez de Guerra

       Defendant.

## DEFENDANT'S REPLY TO "UNITED STATES RESPONSE MOTION (*sic.*) FOR JAMES HEARING [89] and TO COURT'S ORDER [ECF 90]"

Defendant Guy M. Jean-Pierre, through counsel, in conformity with the Court's oral directive at the close of the 23 April 2018 hearing in this matter and with the Court's follow-up written order [# 95], hereby replies to the Government's opposition [# 93] to Defendant's motion [# 89] for a pretrial determination of the admissibility of alleged co-conspirators' statements under Federal Rule of Evidence 801(d)(2)(e).

Background:   Mr. Jean Pierre made his request on 20 April 2018 for a *James* hearing.   In response to Defendant's motion, that same day the Court ordered [# 90] the Government to do two things.   The first was to declare by 25 April 2018 whether the Government intended to admit evidence at trial under Fed. R. Evid. 801(d)(2)(E). If so, the second obligation of the Government was to file by 2 May 2018 a *James* proffer, using this Court's prescribed form therefor.

On 24 April 2018, the Government filed a response [# 93] both to Defendant's motion and to the Court's order thereon.   The Government stated that it does intend to

offer 801(d)(2)(e) evidence at trial.   However, the Government also advised that "it is impossible to submit a proffer utilizing the court's website not only by May 2, 2018 but also by the trial date of May 21 . . ."   As such, the prosecution asked the Court to reconsider its order concerning the proffer.[1]

The Government contends that the evidence in this case is so voluminous that neither a *James* proffer nor a *James* hearing would assist the Court in assessing the admissibility of the statements at issue.   To wit, the Government advises in its response that "[s]imply stated, fraud is fraud" and that "[i]f three individuals contrive a mechanism to defraud others, assessing whether a statement made by any one of them is during or in furtherance of that goal is not rocket science."   AUSA Sibert also orally advised the Court and the defense at the 24 April 2018 hearing that virtually ***all the Government's evidence*** consists of co-conspirator hearsay statements.

Under these circumstances, the Government's opposition to *James* proceedings is misplaced.   The apparent sheer enormity of the Government's co-conspirator evidence does not undercut the value of a *James* hearing or a *James* proffer.   Rather, the asserted high mass of such evidence actually enhances the need for the utilization of a pretrial determination of the admissibility of such evidence.

The more putative co-conspirator statements that the Government seeks to offer at trial, the greater the potential exists for the erroneous admission of statements that do not fall within the ambit of Fed.R.Evid. 801(d)(2)(e).   Any such erroneous

---

[1] At the close of the 24 April 2018 hearing before this Court, Assistant United States Attorney Sibert advised that the Government could timely complete the proffer but that it would be approximately "200 to 400 pages long." Yesterday, the Government filed "Government's Motion Opposing Any Further Continuance" [#97], in which it advised that the prosecution could in fact, if ordered, file a *James* proffer by 2 May 2018.

admissions easily could violate Defendant's Sixth Amendment Confrontation Clause rights and/or could lead to a mistrial or to reversal on appeal.   The inefficiencies of such results are manifest, but they could easily be avoided by requiring the Government to do what the Court has already ordered:   prepare a *James* log, utilizing the form that is part of the Court's practice standards.

Mr. Jean-Pierre does not take issue with the Government's original (but since retracted) written assertion that it would be impossible to prepare an adequate *James* log by the currently scheduled start of the trial on 21 May 2018, never mind by the earlier, Court-imposed deadline of 2 May 2018.   The Government evidently changed its position on this matter only upon realizing that the impossibility assertion might lead to a continuance of the trial, an occurrence that the prosecution vehemently opposes. With all due respect to this change of heart, though, Mr. Jean-Pierre believes that the Government's original reaction to production of a *James* log in such a short period was the correct one:   it is not a reasonably doable task.

However, even if the Government can produce such a 200 to 400 page *James* log by 2 May 2018, there is not sufficient time between then and trial for the defense adequately to respond to that proffer (never mind for the Court to rule upon it), especially given the other trial preparation exigencies with which the defense must deal during that period.   Therefore, Mr. Jean-Pierre respectfully asks that the Court:   to continue the trial[2] and to establish a reasonable schedule:   a) for the Government to

---

[2] The particulars of this request are set forth in detail in Defendant's concomitantly filed "Defendant Jean-Pierre's Opposed Motion to Continue Jury Trial and Opposed Motion for an Ends of Justice Finding of Up to 30 Days of Excludable Time on Grounds of Complexity, Pursuant to Title 18 U.S.C. §

provide its *James* proffer, b) for the defense to respond, c) for a hearing to be held, and d) for the Court to rule.   Mr. Jean-Pierre suggests that the parties be allowed at least thirty days apiece to provide their respective submissions.

WHEREFORE, Defendant respectfully urges the Court to proceed as he has advocated, both in his original motion and in this reply.

Dated this 25th day of April, 2018.

Respectfully submitted,

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
*t.goodreid@comcast.net*
Attorney for Defendant Guy M. Jean-Pierre

---

3161".

4

## CERTIFICATE OF SERVICE

I certify that on this 25th day of April, 2018, I electronically filed the foregoing **DEFENDANT'S REPLY TO "UNITED STATES RESPONSE MOTION (*sic.*) FOR JAMES HEARING [89] and TO COURT'S ORDER [ECF 90]"** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
*t.goodreid@comcast.net*
Attorney for Defendant Guy M. Jean-Pierre