IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. GUY M. JEAN-PIERRE,

Defendant.

---

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE

---

The UNITED STATES OF AMERICA, by and through Robert Troyer, United States Attorney for the District of Colorado, and Jeremy Sibert, Assistant United States Attorney, files this response motion to defendant's continuance motion.

The defendant makes certain arguments for why he needs another continuance, however, the Court should be put on notice of all the facts before rendering a decision.

1. Regarding not receiving the 550 exhibits, the government had planned to discuss exhibits and stipulations on April 25, 2018. However, the defense requested to re-schedule that meeting so they could file their response regarding the *James* log as ordered by this Court. Also, according to the Court's pretrial order, exhibits are not due until May 4 (7 days prior to the Final Trial Preparation Conference). Therefore, the government was attempting to work with the defense in discussing exhibits and summary charts even before they are due. The government is preparing its case for

trial under the timelines set by this Court. The defense should know that in any case, exhibits are due at some point in time and that is when both parties are able to view the exhibits.[1] Furthermore, if defense counsels had a concern about the time to review exhibits/summary charts, the defense had the ability to request earlier deadlines by this Court, to include filing of motions. If defense thought more time was needed to resolve the motions that they planned to file, they could have requested earlier dates.

2. Regarding the motions filed by the defense, those motions can be resolved prior to trial. The defendant's motion to suppress is regarding a search warrant. Therefore, that motion will be restricted to the "four corners" of the search warrant and can be ruled by the papers submitted by the parties. As to the *James* log motion, the government will rest on our filed notification regarding the *James* log with the understanding that the log will be prepared by May 2nd as ordered by the Court. If a log can be created by the government, the defendant should be able to review the log and make the appropriate objections within the same timeframe. That would allow the Court nine days to either reject the need for the log or hold a hearing regarding the log. Requesting a continuance based on motions that were filed by the defense are the type of delays that the Tenth Circuit is determined to prevent in the interest of the defendant and public.

[1] There is no law that the government is aware of that requires the advance disclosure of exhibits before trial. However, Courts under their discretion usually provide a date when exhibits are due. However, even after that date it is not uncommon to add some exhibits with the understanding and approval of the opposing party.

3. The defendant raises the apparent need of an expert as another factor for the continuance.   The government provided notice to use two experts in this case by the deadline set by this Court's Order Resetting Trial Date and Related Deadlines which was April 13th. [Doc. #60, set forth by this Court on 12 Dec. 2017].   Pursuant to that Order, the defense has two days to disclose their rebuttal expert witness.   After sitting through a reverse proffer, defendant Jean-Pierre being provided discovery, a reading of the indictment in this case, and reviewing the discovery (as much as defense counsel claim), the fact that it has now just become apparent that an expert is needed is hard to believe.   Also, defendant Jean-Pierre is a former securities lawyer who is very well educated.   As displayed in videos, defendant Jean-Pierre has knowledge of the securities laws.   Finally, the Court understanding the nature of the charges, allowed defendant Pierre a securities lawyer to represent him, in addition to Mr. Barnard.   The good news is that they were on notice of the deadlines since December 2017, and still have two days to make that disclosure.

4. Defendant claims that discovery is extensive and requires searches. Defense fails to point out that on January 31, 2018, the government provided transcripts of the undercover recording that Mr. Barnard could not locate.   In addition to providing the transcripts, the government counsel offered any assistance regarding the discovery or locating the discovery in this case. The defense has not taken advantage of the government's offer.   *See* Attachment One.   January 31st was the cut-off date for any plea negotiations

in this case. Mr. Barnard informed the government that defendant Jean-Pierre rejected any plea negotiations and the case would proceed to trial. Without delay, the government provided the defense team assistance with any discovery issues.

5. Defense argues that there has been additional discovery as another reason for the need for a continuance. The substance of the additional discovery does not merit a need for a continuance. The additional discovery that was provided after the trial date was set (Dec. 12, 2017) and defense counsel informed the government the case would proceed to trial, included certificate of authentications concerning records (indicating that the records provided were provided by the said banks, companies etc), witnesses declarations based on reports provided in discovery, prison calls that will not be used as evidence, interview witness reports that provided the same information as in the investigation reports provided in discovery, a hand drawn layout of the Fusan Pharm office space (something Mr. Jean-Pierre would know), and email records for Mr. Jean-Pierre (again, something Mr. Jean-Pierre would have knowledge about). The additional discovery with any true substance was essentially a duplication of what was already provided in the initial discovery.

6. Finally, the motion to continue should be denied based upon the April 20th, deadline for any pretrial motions set by this Court. [Doc. #60]. The motion to continue was filed past the motion deadline and thus should be denied. As stated, the Court set the deadlines on Dec. 12th 2017 and set a 12 day trial

to begin on May 21, 2018 with the motion deadline of April 20th.[2] The Court's timeline indicates that it was confident any motion filed could be decided in the thirty days between the motion deadline and trail. In addition, the Court granted an additional 150 days for defense counsel to prepare because the case was complex, denying the 170 days requested by the defense. In addition to more time, the Court also appointed Mr. Goodreid to represent defendant Jean-Pierre based on his prior practice in securities law. The Court understanding the Speedy Trial Act (STA) and knowing there was two prior continuances, provided what it believed to be the right amount of time for the defense to prepare for trial, file motions, and decide those motions in order to satisfy the STA/Sixth Amendment Right for the defendant and public to a trial. Based on the timelines set by this Court, the government provided its notices timely and began to schedule witness, scattered throughout the country, to attend a trial set for May 21, with the understanding these pretrial issues/motions would not cause any further delay.

Respectfully submitted this 25th day of April, 2018.

ROBERT TROYER
United States Attorney

By:*s/ Jeremy Sibert*
JEREMY SIBERT
Assistant United States Attorney
1801 California St, Suite 1600

[2] On Dec 12, 2017, the defense had the discovery, except for trial prep. related documents (trial subpoenas), in this case. To request a delay now after most of the deadlines have passed is an injustice to the public, which includes the victims, co-defendants Sears and Dittman who have been awaiting sentencing since 2016/beginning of 2017, witnesses who have be served twice now to attend this trial, the tax payers resources being used to schedule the logistics of this case, and funds that can't be release to the victims until this case is resolved.

Denver, Colorado 80202
Telephone: 303-454 0100
Facsimile: 303-454 0403
Email: jeremy.sibert@usdoj.gov
Attorney for the government

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April, 2018, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Attorneys for Defendant**

By: *s/Jeremy Sibert*
JEREMY SIBERT
Assistant United States Attorney