IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  17-cr-00008-WJM

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

    1.  **GUY M. JEAN-PIERRE,**

    **Defendant.**

---

**RESPONSE TO MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCH OF HP LAPTOP [91]**

---

Without specifically identifying anything in particular he seeks to suppress, the defendant has filed a motion to suppress "fruits" of the search of laptop computer which was seized by officers of the Miami Police Department when he was arrested on a federal warrant from New York in Miami, Florida on April 29, 2016.  The computer was not searched immediately after its seizure incident to the arrest but was searched after a warrant authorizing the search was obtained from a United States Magistrate Judge from the Southern District of Florida.  The defendant attached the warrant and application and affidavit for the warrant to his motion [ECF 91-1 and 91-2].  Due to the quality of the reproduction of those documents, the government is attaching what is believed to be a more legible copy of those documents as Exhibits 1 (Warrant) and 2 (Application) to this response.  Both of those documents are Bates stamped and

1

reference to those documents herein will be by exhibit number and Bates stamp page in the lower right without the prefix assigned to the Bates stamp (e.g. Ex. 2, 233, rather than Ex. 2, INV_00000233).

The defendant seeks suppression of non-specified evidence seized from the computer on limited grounds. He does not allege the computer was unconstitutionally seized at the time of the defendant's arrest by the Miami police. He does not allege any constitutional defect in the manner in which the computer was searched. Although the defendant was a disbarred attorney in the United States at the time of the search, he does not allege any violation of attorney/client privileged material or any defect in the process as it relates to his former professional status. Rather, the defendant seeks to suppress evidence seized from the computer on the ground the search warrant was constitutionally infirm because (1) it lacked particularity in its description of what could be seized; and was thus (2) "overbroad"; (3) the affidavit did not establish a nexus between the offenses described in the affidavit and the items authorized to be seized; and (4) the affidavit in support of the warrant failed to establish probable cause of a conspiracy referred to in the description of the items to be seized in Attachment B to the warrant and affidavit.

<u>The application process</u>.

A 37-page affidavit authored by FBI Special Agent Ernbert Kule-Thomas in support of an application for a search warrant for the defendant's laptop computer was presented to United States Magistrate Judge Patrick A. White on July 29, 2016 in Miami, Florida (Ex. 2). The laptop was in the custody of the Miami police department at the time. Magistrate White issued the warrant the same day (Ex 1, 258). A part of the

application and warrant were Attachment A, the description of the item to be searched, and Attachment B, a multi-page description of what the warrant authorized to be seized (Ex. 1, 260-264; Ex. 2, 250-254).

The focus of the defendant's motion is Attachment B. The defendant claims the description of the type of items which were subject to seizure under the warrant are (a) not described with sufficient particularity as to limit the person(s) conducting the search to be able to discern boundaries of what may be permissibly searched for and seized [ECF 91, pp. 4-9]; and/or (b) described in such a manner as to not be related to any of the crimes or criminal activity described in the affidavit [ECF 91, pp. 9-11].

The defendant's third challenge to Application B is a narrow complaint alleging a lack of probable cause. He complains that Application B permitted the seizure of items reflecting violations of 18 U.S.C. § 371, Conspiracy, when the affidavit did not support probable cause that any conspiracy occurred [ECF 91, pp. 11-12]. The defendant makes no challenge relating to probable cause with regard to the other offenses referred to in Application B, mail and wire fraud, money laundering and aiding and abetting.

<u>The application for the warrant</u>.

The affidavit describes an investigation into stock trades involving a micro-cap company called FusionPharm, Inc., which had been ongoing since December 2013 (Ex. 2, ¶ 2, 212). The affiant explained he believed there was probable cause to believe the defendant engaged in wire fraud, securities fraud, money laundering and "related offenses." (Ex. 2, ¶ 2, 213). He then explained what he believed to be evidence showing probable cause to believe those offenses had occurred and were committed by

3

"Target 1, Target 2" and the defendant between 2010 and 2013 (Ex. 2, 212-219). The affiant then explained an undercover operation involving Target 1, an undercover FBI agent and the defendant which occurred between February and April 2016 (Ex. 2, 220-235) which culminated in a meeting in Miami on April 29, 2016, in which the unlawful activities were discussed and at which the defendant was observed utilizing the laptop computer which was the subject of the search (Ex. 2, 235-239).

As with many search warrant applications, the place to be searched was described in Attachment A, and the items to be seized were described in Attachment B. Both of those attachments were part of the warrant which was authorized, as well (Ex. 1, 260-264). The description of the items which the warrant authorized to be seized in Attachment B had the overall limitation on anything seized being "related to the scheme and activities that are described and are the subject of the affidavit in support of this warrant (which affidavit is incorporated by reference herein)" (Ex. 1, 261, lines 1-3).

<u>The execution of the warrant</u>.

After Magistrate Judge White signed the search warrant, the warrant was executed. The laptop was brought to Denver by federal agents and provided to a forensic computer examiner at the Rock Mountain Regional Forensics Laboratory who was not a part of the investigation. That examiner was also provided with a copy of Attachment B. The examiner mirrored the hard drive of the laptop which was later provided to the defendant's attorney. The examiner conducted a forensic examination of the computer and copied computer files which only came within the scope of Attachment B and provided those files to FBI agents working on this case. Because the examiner was not a part of the ongoing investigation, he or she had to rely on

4

Attachment B in making the determination what was to be looked for and to be seized. Because the examiner had attachment B, which incorporated the affidavit, he/she was able to make reference to the descriptions contained in the first sentence of the attachment as being described in the affidavit.

The defendant's motion does not contain any reference to the suppression of any particular materials.   The defendant does not specify what, if anything, he wants the court to suppress or why, for example, such evidence is beyond the scope of matters described in the affidavit.  Rather, the defendant appears to be arguing that because the description in Attachment B is so overbroad the warrant is a general warrant and completely invalid on its face.

## LEGAL ANALYSIS

I. The warrant was not overbroad or a general warrant.

The Fourth Amendment requires that all warrants must "particularly describe] ... the persons or things to be seized."  "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another." *Marron v. United States*, 275 U.S. 192, 196 (1927). "Here, the specific evil is the 'general warrant' abhorred by the colonists, and the problem is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). The Fourth Amendment limits searches, and thus avoids exploratory rummaging "by requiring a 'particular description' of the things to be seized." *Id*. "[A] search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Massachusetts v. Sheppard*,

5

468 U.S. 981, 988 n. 5 (1984). Evidence seized in violation of the particularity requirement is subject to suppression. See, e.g., *Mapp v. Ohio*, 367 U.S. 643, 655 (1961); *United States v. Leary*, 846 F.2d 592, 600–01 (10th Cir.1988).

Partly because records of one's entire life can be found on a computer's hard drive, from the most important to the most trivial, courts have recognized the significance of the particularity requirement of the Fourth Amendment when assessing warrants to search computers. In *United States v. Christie,* 717 F.3d 1156, 1164 (10th Cir. 2013) the Tenth Circuit summarized the relevant law when addressing the issue of the particularity requirement of the Fourth Amendment:

> No doubt the particularity requirement and its underlying purposes are fully engaged when investigators seek to search a personal computer. Personal computers can and often do hold "much information touching on many different areas of a person's life." *United States v. Walser*, 275 F.3d 981, 986 (10th Cir.2001). They can contain (or at least permit access to) our diaries, calendars, files, and correspondence—the very essence of the "papers and effects" the Fourth Amendment was designed to protect. U.S. Const. amend. IV. In today's world, if any place or thing is especially vulnerable to a worrisome exploratory rummaging by the government, it may be our personal computers.
>
> This court's efforts to apply the Fourth Amendment's particularity requirement to computer searches are still relatively new. But the parties seem to agree that our cases already draw at least one recognizable line. On the one hand, we have held invalid warrants purporting to authorize computer searches where we could discern no limiting principle: where, for example, the warrant permitted a search of " 'any and all' information, data, devices, programs, and other materials," *United States v. Otero*, 563 F.3d 1127, 1132–33 (10th Cir. 2009) (alteration omitted), or "all computer and non-computer equipment and written materials in [a defendant's] house," *Mink v. Knox*, 613 F.3d 995, 1011 (10th Cir. 2010). On the other hand, we have said warrants may pass the particularity test if they limit their scope either "to evidence of specific federal crimes or [to] specific types of material." *United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir. 2005); see also *United States v. Campos*, 221 F.3d 1143, 1147 (10th Cir. 2000); *United States v. Burke*, 633 F.3d 984, 992 (10th Cir. 2011); *Brooks,* 427 F.3d at 1252.

The defendant, here, bases his attack on the breadth of the warrant on too strict a reading of the warrant and failing to extend the limitations contained in the first sentence of Attachment B to all of the remaining description of items to be seized [ECF 91, pp. 6-7, 8-9]. The defendant recognizes the description of the items to be seized in paragraphs 1-9 of Attachment B "may have met the 'particularity' requirement" [ECF 91, p 3] but he complains that the descriptions in the remaining paragraphs have no limitation on what can be seized. This conclusion ignores the first sentence of Attachment B, which applies to the remainder of the descriptions of items in Attachment B, paragraphs 1-20:

> The following items and information ***related to the scheme and activities that are described and are the subject of the affidavit in support of this warrant*** (which affidavit is incorporated by reference herein), which items constitute ***evidence and/or instrumentalities*** of ***violations of Title 18, United States Code, Sections 371k 1341, 133 1956, 1957and 2***, and the following items relating to the electronic storage, access and retrieval of such items:

(Ex. 1, 261; Ex. 2, 251) (emphasis added). Viewing all of the descriptions in all of the paragraphs without this context certainly makes the description appear to be overbroad. However, the limitation contained in the first sentence applies to everything in Attachment B.

Similar language in warrant applications has been viewed by the Tenth Circuit as making otherwise general language specific enough for Fourth Amendment purposes. In *Christie* the warrant sought to search a computer for a number of items[1] which on their face would seem overbroad. Like here, the description had an overall limitation on

---

[1] "All photographs (of murdered child). All correspondence and documents relating to [child]. All records and information … All addresses and/or contact information of friends and family who may have had regular contact with [defendant and child]."

7

the general descriptions of "all," being "all records and information relating to the murder, neglect, and abuse of [child]".

Like here, the defense in *Christie* argued the "all records and information" language of the warrant made it a general warrant. The government argued the warrant did not "authorize it to rifle through Ms. Christie's files looking for any sort of incriminating evidence. Instead, it had to direct all of its search efforts, including those specified in paragraph 3, to information related 'to the murder, neglect, and abuse' of BW. And that limiting direction, the government submits, is particularity enough under our case law." *Id.* at 1165.

The court adopted the government's argument that all of its search efforts were restricted by the warrant's opening language. '[W]e cannot deny that an objectively reasonable officer acting in good faith could have read the warrant before us in this same manner—as restricting the scope of any search to information 'related to the murder, neglect and abuse of [child]." *Id.* at 1165. The court held the language in the warrant was sufficiently restrictive and precise to meet the requirements of the Fourth Amendment.

A defendant made a similar argument in *United States v. Brooks,* 427 F.3d 1246 (10th Cir. 2005). A portion of the warrant authorized a search for "correspondence, including printed or handwritten letters, electronic text files, emails and instant messages." The defendant arguing such a description invalidated the entire warrant as being a general warrant. The court noted the language preceding the list of items to be searched for as including "evidence of child pornography." The court concluded this limitation applied to the general language of the correspondence paragraph and this did

not cause the warrant to be a general warrant.  The court held, "While the warrant does not explicitly instruct officers to look solely for those text files containing child pornography, in context – and certainly in the view of the offices conducting the search – the restrictions placed upon the searches for image files also apply to the other types of files.  In other words, although the language of the warrant may, on first glance, authorize a broad, unchanneled search through Brooks' document files, as a whole, its language more naturally instructs officers to search those files only for evidence related to child pornography.  In this light, the warrant should be – and was – rad by officers to implicitly place the same restriction (*i.e.* to locate child pornography) on the scope of the entire search."  *Id* at 1252.

In the case before the court, the limitation on the search contained in the first sentence of Attachment B, similarly limits the object of the search – evidence of violations of the named statute as supported by and described in the affidavit which was, by its terms, incorporated by reference into Attachment B.[2]  The warrant did not command the officers conducting the search to plow through the laptop and seize whatever they wanted.  Thus the warrant is not invalid on its face due to the description contained in Attachment B.

    II.    The defendant's complaint about a lack of nexus (a) should be rejected on its face for lack of specificity; and (b) to the extent the argument can be discerned, it is not supported.

The defendant avers there is no nexus "between many of the items seized and the crimes" specified in the warrant application [ECF 91, pp. 9-11].  After making this

---

[2]    Incorporating by reference an affidavit into a search warrant can supply necessary, or clarifying, specificity.  *United States v. Raglin,* 663 Fed. Appx. 409 (6th Cir. 2016) (not published).

allegation, the defendant offers no reference to any evidence seized which arguably is not within the nexus of the criminality described in the affidavit.  Thus, it is a bit difficult to respond.

The defendant gives an example that the generically described items such as "bank records, address books, records and information related to foreign and domestic travel and records of internet activity" would not have any nexus to the criminal acidity described in the warrant.  The defendant then cites numerous cases for the proposition that there must be some nexus between that which is authorized to be seized and the description of the unlawful activity in the affidavit.  The government has no argument with that authority.  The problem with the defendant's argument is that he presents no nexus between the legal proposition cited and the facts of this case.   Accordingly, this portion of his argument should be denied without a hearing.

A defendant is entitled to a hearing on a motion to suppress "only when a defendant presents facts justifying relief." *United States v. Chavez-Marques*, 66 F.3d 259, 261 (10th Cir. 1995).  An evidentiary hearing is required only when there is raised in the motion "factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to be validity of the search are in issue." *United States v. Glass*, 128 F.3d 1398, 1408-9 (10th Cir. 1997) (emphasis added) (citation omitted).  A defendant who requests a suppression hearing bears the burden of showing that there are disputed issues of material facts.  *United States v. Chavez-Marquez*, supra at 261, citing *United States v. Woods*, 995 F.2d 713 (7th Cir. 1993).

Other circuits agree. To warrant a hearing, a motion to suppress must allege more than "conclusory allegations of illegality." *United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001); *see also United States v. Coleman*, 149 F.3d 674, 677 (7th Cir. 1998) (Evidentiary hearings are warranted only when the allegations and moving papers are sufficiently definite, specific and non-conjectural and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.")(Citation omitted); *United States v. Calderon*, 77 F.3d 6, 9 (1st Cir. 1996); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir.1983).

As noted above, the description of the items authorized to be seized contained in the numbered paragraphs of Attachment B are modified by the language in the first sentence of the attachment which contains the limitation of evidence of violations of a number of listed criminal code violations – mail fraud, wire fraud, securities fraud, conspiracy and money laundering, as described in the incorporated affidavit. Thus, the categories referenced in the defendants motion – bank records, address books, records and information related to foreign and domestic travel and records of internet activity – should be modified to add the phrase "related to the scheme and activities described in the affidavit which constitute evidence of the enumerated offenses." With that modification, it is clear that any such record or document so modified by definition would have a nexus to the offenses described.

For example, the affidavit describes potential money laundering involving the deposit of money in a bank in the Dominican Republic. Bank records on the laptop may provide some connection or evidence of such and as such should be able to be

11

searched. The affidavit is replete with communications between coconspirators. Internet activity should be able to be searched for such evidence of a connection between the players. The same could be said for address books and records. Travel domestically can also be evidence of connection between the coconspirators, especially since FusionPharm is in Denver and the defendant was either in the D.R. or in Florida. All such examples are too numerous to describe.

   III. The defendant's motion to suppress based upon the lack of probable cause of a conspiracy should be denied due to the lack of specificity and because there was probable cause of a conspiracy.

   The defendant asks the court to suppress non-specified evidence of a conspiracy on the ground the affidavit did not contain probable cause that the laptop searched would not contain evidence of a criminal conspiracy [ECF 91, pp. 11-12]. In his three sentence argument, the defendant does not specify what evidence was seized from the computer which was seized arguably only because it was evidence of a conspiracy and not evidence of any of the substantive criminal offenses referenced in Attachment B and in the affidavit.

   For the reasons noted above, this portion of the motion should be denied for lack of specifity.

   Secondly, an examination of the affidavit in support of the search warrant is replete with evidence of two or three individuals, including the defendant, committing a variety of offenses relating to the issuance of stock for FusionPharm in the early portions of this decade (Ex. 2, 213-220) and relating to the undercover operation occurring between February and April 2016 (Ex. 2, 220-239). This evidence shows

concerted action to accomplish a common criminal goal in which the criminal actors are acting together. Such is circumstantial evidence of a conspiracy.

IV, If the court finds the warrant to be in violation of the Fourth Amendment, evidence obtained from the computer should not be suppressed and the agents conducting the search were acting in objective good faith.

The government maintains the warrant at issue was not facially invalid as being an overbroad, general warrant. However, "[e]ven if a warrant fails to satisfy the Fourth Amendment's particularity requirement, the exclusionary rule should not be applied to suppress evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate judge that is ultimately deemed invalid." *United States v. Russian*, 848 F.3d 1239, 1246 (10th Cir. 2017) (citing *United States v. Leon* 468 U.S. 897, 922 (1984); *United States v. Chambers,* 882 F.3d 1305 (10th Cir. 2018); *United States v. Christie, supra.*

So long as the executing officer's reliance on a defective warrant is reasonable, the good faith exception is appropriate. *Id.*

Here, if the court finds the warrant lacked the requisite specificity, the government is prepared to offer evidence the person who executed the warrant at the Rocky Mountain Crime Laboratory was not associated with the investigation at all and only relied on the limitations he perceived as being contained within Attachment B, including the limiting first sentence. Accordingly, "the inspectors in this case had reason to believe the warrant was valid, considered themselves authorized to search only for the evidence of crimes for which they had probably cause and conducted their search accordingly." *United States v. Otero*, 563 F.3d 1127, 1136 (10th Cir. 2009).

## CONCLUSION

Based upon the arguments and authorities adduced herein, the defendant's motion to dismiss evidence obtained from search of HP laptop should be denied.

Dated this 18th day of May 2018.

Respectfully submitted,

Robert C. Troyer
United States Attorney


By: *s/Jeremy Sibert*
JEREMY SIBERT
Assistant United States Attorney
U.S. Attorney's Office-Denver
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: (303)454-0100
Email: Jeremy.Sibert@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 18th day of May 2018, I electronically filed the foregoing **RESPONSE TO MOTION TO SUPPRESS EVIDENCE OBTAINED FROM SEARCH OF HP LAPTOP [91]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By:  *s/ Brittany Herrera*
BRITTANY HERRERA
Legal Assistant
United States Attorney's Office