IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     **GUY M. JEAN-PIERRE**,

        Defendant.

---

**DEFENDANT JEAN-PIERRE'S REPLY TO THE GOVERNMENT'S
"RESPONSE TO MOTION TO SUPPRESS EVIDENCE OBTAINED
FROM SEARCH OF HP LAPTOP"**

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby replies to the government's *Response to Motion to Suppress Evidence Obtained from Search of HP Laptop [91]* (ECF # 104) as follows:

**1.    The Search Warrant Is Overbroad and Lacks Sufficient Particularity.**

The government argued that the search warrant was not overbroad or lacking particularity because of "the limitation on the search contained in the first sentence of Attachment B" (ECF # 104, *Response*, at 4, 5, 7, 9[1]) which stated:

> The following items and information related to the scheme and activities that are described and are the subject of the affidavit in support of this warrant (which affidavit is incorporated by reference herein), which items constitute evidence and/or instrumentalities of ***violations of Title 18, United States Code, Sections 371, 1341, 1343, 1956, 1957and 2***, and the following items relating to the electronic storage, access and retrieval of such items ...

ECF # 104-1 at 5 and ECF # 104-2 at 42 and 46 (emphasis added). The government

---

[1] Citations to the record are to the ECF document numbers and ECF pages.

argued that this language was equivalent to the sufficiently particular language in *United States v. Christie*, 717 F.3d 1156, 1165 (10th Cir.2013) ("information relating to the murder, neglect, and abuse ...") and *United States v. Brooks*, 427 F.3d 1246, 1252 10th Cir.(2005) ("[t]he warrant authorized officers to search two computers and a number of disks 'for evidence of child pornography'"). *See also*, *United States v. Campos*, 221 F.3d 1143, 1147 (10th Cir.2000) ("the warrant was directed at items relating to child pornography. It authorized the agents to seize computer equipment 'which may be, or [is] used to visually depict child pornography...'") and *Davis v. Gracey*, 111 F.3d 1472, 1479 (10th Cir.1997) ("[t]he warrant here was confined to that equipment 'pertaining to the distribution or display of pornographic material'").

However, there is a significant difference between the language in Mr. Jean-Pierre's case and the language in *Christie*, *Brooks*, *Campos* and *Davis*; the language in those cases specifically referred to the crimes themselves (such as "murder, neglect, and abuse") and, thus, the specific references to the specific crimes made those warrants sufficient. On the other hand, the "first sentence" in Mr. Jean-Pierre's case generically listed to the general statutes ("Title 18, United States Code, Sections 371, 1341, 1343, 1956, 1957 and 2"), and thus, the "unadorned reference to [ ] broad federal statute[s]" did "not sufficiently limit the scope" of the search warrant and, thus, made the warrant in Mr. Jean-Pierre's case unacceptable. *See Davis v. Gracey*, 111 F.3d 1472, 1479 (10th Cir.1997) ("[w]e have also held that an "***unadorned reference to a broad federal statute*** does not sufficiently limit the scope of a search warrant." *Leary,* 846 F.2d at 602 ...;" emphasis added). The Tenth Circuit also noted:

Moreover, a series of decisions from other circuits have held that reference to a broad federal statute is not a sufficient limitation on a search warrant. For example, in *Roche v. United States*, 614 F.2d 6, 7 (1st Cir.1980) the warrant authorized the seizure of books, records and documents "which are evidence, fruits, and instrumentalities of the violation of Title 18, United States Code Section 1341 [mail fraud]."  The court found this limitation to be "no limitation at all." *Id.* at 8. The Ninth Circuit has consistently applied the same rule. In *United States v. Cardwell*, 680 F.2d 75, 77 (9th Cir.1982), "[t]he only limitation on the search and seizure of appellants' business papers was the requirement that they be the instrumentality or evidence of violation of the general tax evasion statute, 26 U.S.C. § 7201. That is not enough."  The court's reasoning in *Cardwell* is equally applicable here:

> " '[L]imiting' the search to only records that are evidence of the violation of a certain statute is generally not enough.... If items that are illegal, fraudulent, or evidence of illegality are sought, the warrant must contain some guidelines to aid the determination of what may or may not be seized."
> *Id.* at 78.

*United States v. Leary*, 846 F.2d 592, 601-602 (10th Cir.1988).

The particularity requirement is especially important in computer searches. *See Christie*, 717 F.3d at 1164 ("[i]n today's world, if any place or thing is especially vulnerable to a worrisome exploratory rummaging by the government, it may be our personal computers"). Furthermore, "[o]ur case law ... suggests that warrants for computer searches must affirmatively limit the search to evidence of **specific federal crimes** or specific types of material." *United States v. Riccardi*, 405 F.3d 852, 862 (10th Cir.2005) (emphasis added). "'As an irreducible minimum, a proper warrant must allow the executing officers to distinguish between items that may and may not be seized.' [*Leary*] at 602." *Davis v. Gracey*, 111 F.3d at 1478. Here, the general,  unadorned references to 18 U.S.C. §§ 371, 1341, 1343, 1956, 1957 and 2 was not enough.[2] In fact, the specific reference to 18 U.S.C.

---

[2] *But see*, *Riccardi*, 405 F.3d at 863 n. 1 ("[w]here the warrant itself is insufficiently specific regarding the items to be searched and seized, this Court has held that the

§ 371 greatly expanded the limits of the search by authorizing a "worrisome exploratory rummaging by the government" to look for a broad scope of evidence of a conspiracy alleged in the Affidavit to have taken place in 2010 to 2014, but for which the Affidavit did not supply probable cause to believe evidence of this conspiracy would be found on the laptop. Thus, the warrant placed no limit on the search and expanded it into a general search that permitted the government to look for evidence of a conspiracy crime when that search was not authorized by the scope of the warrant.

2.     **There Was No Nexus Between Many of the Items _to Be_ Seized and the Crimes for Which the _Application_ Alleged There Was Probable Cause.**

The government argued that the "nexus" issue "should be rejected on its face for lack of specificity" because Mr. Jean-Pierre did not specify which "***seized items***" lacked a nexus to the alleged crimes. (ECF # 104 at 9-10.) Mr. Jean-Pierre erroneously used the words " between many of the ***items seized*** ..." (ECF # 91 at 9 and 11; emphasis added) in his motion. The omission of the words "***to be***" in describing the items was a mistake; Mr. Jean-Pierre is not challenging the nexus between the items actually seized and the warrant, but rather is challenging the warrant on its face because the warrant lacked a nexus between the items which were ***authorized to be seized*** and the description of the unlawful activity in the affidavit. In fact, Mr. Jean-Pierre argued in his motion and used language indicating that the issue was the nexus "between some of the items ***to be*** seized

---

affidavit in support of the warrant can cure the want of specificity ..."). However, "an affidavit can be used to demonstrate that a warrant is not constitutionally invalid for lack of particularity **when the same officer produces the affidavit and executes the warrant**..." _United States v. Ortega-Jimenez_, 232 F.3d 1325, 1329 (10th Cir.2000) (emphasis added). In Mr. Jean-Pierre's case, the officer who produced the affidavit was not the same person who executed the warrant.

...” (ECF # 91 at 11)[3] ( not the items actually seized) and the unlawful activity. Thus, Mr. Jean-Pierre's argument is that the warrant and the affidavit failed to establish a nexus between the generically described items set forth in Exhibit B (ECF # 104-1 at 6 and ECF # 104-2 at 47) *to be* seized and the alleged crimes.[4] In particular, paragraphs 10-13 generically set forth a number items which were then supposed to be related to the unadorned references to 18 U.S.C. §§ 371, 1341, 1343, 1956, 1957 and 2. This was not sufficient.

### 3.    There Was No Probable Cause to Believe that the Laptop Contained Evidence of an Alleged 2-to-6 Year Old Conspiracy.

Although the affidavit may, as the government claimed, be "replete with evidence of two or three individuals, including the defendant, committing a variety of offenses relating to the issuance of stock for FusionPharm in the early portions of this decade" (ECF # 104 at 12), the affidavit lacked probable cause to believe that any evidence of this alleged 2010-2014 conspiracy would be found on the laptop in 2016. *See United States v. Gonzales*, 399 F.3d 1225, 1231 (10th Cir.2005) (the affidavit lacked a "minimal nexus

---

[3]   The government also recognized this to be part of Mr. Jean-Pierre's argument when it stated: "[t]he defendant then cites numerous cases for the proposition that there must be some nexus between *that which is authorized to be seized* and the description of the unlawful activity in the affidavit." (Emphasis added.) (ECF # 104 at 10.)

[4]   The government several times complained that Mr. Jean-Pierre did not specify which specific seized items should be suppressed. (ECF # 104 at 1, 2, 5 and 12). Because Mr. Jean-Pierre is asking that ALL evidence seized from the laptop be suppressed, there is no need at this point to delineate specific items. Furthermore, because of the volume of the discovery and the difficulty in searching the material iin the discovery, it has been extremely difficult for the defense to discern exactly which evidence came from the laptop and which evidence came from other sources. Defense counsel did a search of the entire discovery and the terms "RMRCFL" (Rocky Mountain Regional Computer Forensics Laboratory) and "RCFL" came up twice relating to a 2014 search of the FusionPharm business premises; there does not appear to be any report generated by RMRCFL.

between the place to be searched and the suspected criminal activity"). Thus, the agents should not have been authorized to search the laptop for any evidence demonstrating the alleged 2-to-6 year old conspiracy regarding evidence which, according to the government, was "too numerous to describe." (ECF # 104 at 12.) The specific reference to 18 U.S.C. § 371, an alleged 2010–2014 conspiracy for which the Affidavit supplied no probable cause to believe any evidence of this conspiracy would be found on the laptop, expanded the search significantly into a general search which covered matters "too numerous to describe" and  placed no limit on the search which permitted the rummaging through Mr. Jean-Pierre's laptop looking for any evidence of a conspiracy.

        **4.**    **The *Leon* "Good Faith" Exception Should Not Apply in this Case.**

The *Leon* "good faith" exception to the exclusionary rule applies only when the officers executing the search warrant acted "in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate judge that is ultimately deemed invalid." *United States v. Russian*, 848 F.3d 1239, 1246 (10th Cir.2017) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984). "The test is an objective one that asks 'whether a reasonably **well trained officer** would have known that the search was illegal despite the magistrate's authorization.'" *United States v. Otero*, 563 F.3d 1127, 1134 (10th Cir.2009) (emphasis added) (quoting *Leon*, 468 U.S. at 922 n.23).

In Mr. Jean-Pierre's case, it was not objectively reasonable for the "officers" to rely on the search warrant because the warrant was so facially deficient that the RMRCFL employee who executed the warrant could not have, for several reasons, presumed it to have been valid. First, the person who executed the warrant was not the same person who

produced the Affidavit. According to the government, the RMRCFL employee who executed the search "was not associated with the investigation at all and only relied on the limitations he perceived as being contained within Attachment B, including the limiting first sentence." ECF # 104 at 13. Thus, the person executing the warrant could not have been presumed to have known what was set forth in the Affidavit. *See United States v. Ortega-Jimenez*, 232 F.3d 1325, 1329 (10th Cir.2000) (emphasis added) ("[b]ecause an affidavit can be used to demonstrate that a warrant is not constitutionally invalid for lack of particularity ***when the same officer produces the affidavit and executes the warrant***, an affidavit also may be used to clarify with 'practical accuracy' the meaning of a disputed term in a warrant ***when the same person is both affiant and executing officer***").

Second, it appears from the government's statement that the RMRCFL employee who executed the search not only did not produce the Affidavit, but did not even see it. According to the government, the RMRCFL employee saw only the warrant, Attachment A and Attachment B (ECF # 104-2), but did not see or review the Affidavit in support of the application for the warrant. If the  RMRCFL employee who executed the search did not produce or see the Affidavit, he or she only had reference to the statutes (18 U.S.C. §§ 371, 1341, 1343, 1956, 1957 and 2) and not a statement of what the crimes themselves actually were. The RMRCFL employee has not been shown to be a "reasonably ***well trained officer***," has not been shown to have any legal background or training and has not been shown to have had any idea whatsoever what those statutes stood for. Without legal training or expertise, the RMRCFL employee could not have limited the scope of his or her search of the laptop based on this "unadorned reference to [these] broad federal

statute[s]." *Leary,* 846 F.2d at 602 quoted above.

Third, the warrant on its face lacked factual support (or probable cause) that any evidence of the alleged general § 371 conspiracy would be found on the laptop. This lack of factual support clearly shows that the RMRCFL employee, or a "reasonably well trained officer," should have known that the search was illegal despite the magistrate's authorization. This would also be true even if the RMRCFL employee had seen the Affidavit since it was clearly devoid of factual support  to establish probable cause that anything regarding the 2010-2014 conspiracy would have been found on the laptop.

> An affidavit devoid of factual support is "one that merely states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *United States v. Roach*, 582 F.3d 1192, 1204-05 (10th Cir.2009).

*United States v. Chambers*, 882 F.3d 1305, 1311 (10th Cir.2018).

Thus, the good faith exception to the exclusionary rule should not apply.

WHEREFORE, Mr. Jean-Pierre requests that this Court suppress all evidence seized from the HP laptop pursuant to the illegal search warrant in this case which was made in violation of Mr. Jean-Pierre's Fourth Amendment constitutional rights.

DATED this 8th day of June, 2018.

Respectfully submitted,

*s/Clifford J. Barnard*
_____
Clifford J. Barnard
Clifford J. Barnard, Attorney at Law
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  *cliffbarnard@earthlink.net*
Attorney for Defendant Jean-Pierre

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2018, I electronically filed the foregoing *Defendant Jean-Pierre's Reply to Government's Response to Motion to Suppress Evidence Obtained from Search of HP Laptop* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert          *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Guy Jean-Pierre                          *Via U.S. Mail*
Register # 78606-054
Independence House South
2765 S. Federal Blvd.
Denver, CO 80236

                                         *s/Clifford J. Barnard*
                                         _____
                                         Clifford J. Barnard
                                         Attorney for Defendant Jean-Pierre