IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.    GUY M. JEAN-PIERRE**,

        Defendant.

---

### DEFENDANT JEAN-PIERRE'S RESPONSE TO THE GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS *JAMES* PROFFER

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorneys, Clifford J. Barnard and Thomas E. Goodreid, hereby responds to the *Government's Memorandum in Support of its James Proffer* (ECF # 105),the *James* proffer (ECF # 105-1) and the "Quick Sheet for Purposes of Offering as a Conspirator" (ECF # 105-2) as follows:

**A.    Purposes for the Offered Alleged Coconspirators' Statements**

Mr. Jean-Pierre objects to the use of the government's list of purposes set forth in its "Quick Sheet for Purposes of Offering as a Conspirator" (ECF # 105-2) and in its *James* log (ECF # 105-1); this list of purposes should not be considered. Rather, the Court should use the factors set out in *United States v. Perez*, 989 F.2d 1574 (10th Cir.1993) as the appropriate list of "purposes" for admitting coconspirators' statements. The *Perez* factors are:

    a)    statements made to induce enlistment or further participation in the group's activities;

b)      statements made to prompt further action on the part of conspirators;

c)      statements made to reassure members of a conspiracy's continued existence;

d)      statements made to allay a co-conspirator's fears; and

e)      statements made to keep co-conspirators abreast of an ongoing conspiracy's activities.

*Perez*, 989 F.2d at 1578 (quoting *United States v. Nazemian*, 948 F.2d 522, 529 (9th Cir.1991), *cert. denied*, 506 U.S. 835, 113 S.Ct. 107, 121 L.Ed.2d 65 (1992) (quotation marks omitted). This list specifically does ***not*** include "mere narratives, that is statements relating to past events, even those connected with the operation of the conspiracy where the statement serves no immediate or future conspiratorial purpose." *Perez*, 989 F.2d at 1578 (internal citations and quotation marks omitted).

The government's list should not be used because, first, many of the cases cited for the "purposes" given by government come from other circuits and were decided ***before*** *Perez* was decided and, second, a number of the cases do not support the propositions the government claims they support.

## 1.      Cases from Other Circuits Which Were Decided before *Perez*.

The following cases cited by the government should not be considered for the following letters in the government's "Quick Sheet" because they come from other circuits and/or were decided before *Perez* was decided *en banc* on March 30, 1993 and reported in volume 989 of the Federal Report 2d:

(m)     *United States v. Stratton*, ***779*** F.2d 820 (***2d Cir.1985***) (outline general history

of conspiracy);

(q)     *United States v. Tarantino*, **846** F.2d 1384 (**D.C. Cir.1988**) (enhance conspirator's usefulness to conspiracy);

(r)     *United States v. Monroe*, **866** F.2d 1357 (**11th Cir.1989**) and *United States. v. Turner*, **871** F.2d 1574 (**11th Cir.1989**) (explanation of conspiracy to members);

(s)     *United States v. Paris*, **827** F.2d 395 (**9th Cir.1987**) (set in motion acts);

(t)     *United States v. Esacove*, **943** F.2d 3 (**5th Cir.1991**) (indicating payments or demands); and

(u)     *United States v. Meeks*, **857** F.2d 1201 (**8th Cir.1988**) (collection of debts).

These cases are not precedent in the Tenth Circuit and many of them are not consistent with Tenth Circuit cases. *See United States v. Yurek*, 2017 WL 2834544, *8, n.10 (D. Colo.2017) ("The Court finds the Government's argument does not properly reflect the law in the Tenth Circuit. Many of the cases cited are from other circuits, and most precede *Perez*, in which the Tenth Circuit directly addressed the scope of this analysis *en banc*, stating the requirement should be applied narrowly and in a manner that is protective of defendants. In the Court's view, the sweeping application of this analysis proposed by the Government is contrary to spirit and intent of *Perez* The factors presented by the Tenth Circuit in *Perez* should be used').

### 2.     Cases Which Do Not Support the Propositions the Government Claims They Support.

The government's list should not be used because, as listed below for the specified government "purpose," the cases cited by the government do not mandate the propositions

the government claims they support.

(b)     ("Statements which reveal existence of a conspiracy ...") *United States v. Garcia*, 994 F.2d 1499, 1505 (10th Cir.1993) stands for the proposition that statements about a person's membership in the conspiracy may properly be admitted under Rule 801(d)(2)(e), but does not stand for the proposition that statements which reveal the existence of a conspiracy are statements made in furtherance of that conspiracy such that they are admissible under Rule 801(d)(2)(e).

(h)     ("Statements which are intended to assure the listener of a conspirator's ability to consummate a particular transaction ...") *United States v. Rutland*, 705 F.3d 1238, 1252 (10th Cir.2013) states, in relevant part, that the Tenth Circuit has "found the following sorts of statements to be in furtherance of a conspiracy: (1) statements explaining events of importance to the conspiracy ... (2) 'statements between coconspirators which provide reassurance, which serve to maintain trust and cohesiveness among them, or which inform each other of the current status of the conspiracy,' ... (3) statements identifying a fellow coconspirator ... and (4) discussions of future intent 'that set transactions to the conspiracy in motion' or that maintain the flow of information among conspiracy members ..." *Rutland* does not say, however, that "statements which are intended to assure the listener of a conspirator's ability to consummate a particular transaction" are statements in furtherance of a conspiracy.

(j)     ("Statements which are intended to control damage to the conspiracy that

are made during the course of the conspiracy ...") Mr. Jean-Pierre respectfully disagrees that the statement in *United States v. Alcorta*, 853 F.3d 1123, 1137 (10th Cir.2017), *cert. denied*, 138 S. Ct. 1306, 200 L. Ed. 2d 505 (2018) that "[w]hen a conspiracy is ongoing, statements that relate to 'avoiding detection by law enforcement personnel' can be in furtherance of the conspiracy" is authority to the broader concept that "statements which are intended to control damage to the conspiracy that are made during the course of the conspiracy" are necessarily in furtherance of that conspiracy. Mr. Jean-Pierre acknowledges that the unpublished district court opinion in *United States v. Griggs* cited by the government does explicitly adopt this latter idea, but notes that decisions of other district court judges are not binding upon this Court and urges that this Court not adopt this arguably unduly expansive reading of Tenth Circuit precedents.

(k)   ("Statements which prompt the listener to respond in a way that facilitates carrying out the activities of the conspiracy") *Perez*, 989 F.2d at 1578, does not stand for this proposition. To the contrary, *Perez* says that "[w]hen inquiring whether a statement was made 'in furtherance of' a conspiracy, we do not focus on its actual effect in advancing the goals of the conspiracy, but on the declarant's intent in making the statement." *Id*.

**B.     Objections to the Proffered Alleged Coconspirators' Statements.**

Mr. Jean-Pierre objects to the government's proffered alleged coconspirators statements on a number of grounds and has listed these grounds by the following

applicable numbers in the *James* log in the far right column entitled "Objections to Statement." These objections are as follows:[1]

1.   Mr. Jean-Pierre was not a member of the alleged conspiracy.

2.   The declarant listed in the government's *James* log was not an alleged coconspirator.

3.   This statement is inadmissible because it was not made in furtherance of the conspiracy.

4.   The "statement' set forth by the government is not a statement.

5    No such statement was made by this declarant at the source referenced by the government in its *James* log.

6.   The defense cannot locate the source document in the discovery supplied by the government.

Stated in greater detail, Mr. Jean-Pierre objects to the government's proffered statements as inadmissible as Federal Rules of Evidence 801(d)(2)(E) statements for the following reasons:

**1.   Mr. Jean-Pierre Was Not a Member of the Alleged Conspiracy.**

Mr. Jean-Pierre contends that he was not a member of the alleged conspiracy. If Mr. Jean-Pierre was not a member of the alleged conspiracy, any alleged coconspirators' statements are not admissible against him:

> Before admitting statements into evidence under the coconspirator exception to the hearsay rule, the district court must determine by a preponderance of the evidence that (1) a conspiracy existed, (2) **the declarant and the defendant were both members of the conspiracy**, and (3) the statements were made in the course of and in furtherance of the conspiracy. *See United States v. Morgan*, 748 F.3d 1024, 1036 (10th Cir. 2014).

---

[1]   A list of these objections entitled "Defendant Jean-Pierre's Objections to the Government's Proffered Alleged Coconspirators' Statements" is filed as a separate document accompanying this response.

*United States v. Alcorta*, 853 F.3d at 1137 (emphasis added).

### 2.   The Declarant Listed in the Government's *James* Log Was Not an Alleged Coconspirator.

Several declarants listed by the government in its *James* log are not alleged coconspirators and, thus, their statements are not admissible pursuant to Rule 801(d)(2)(E). Rule 801(d)(2)(E) says that a statement is not hearsay if it "**was made by a party's coconspirator** during and in furtherance of the conspiracy." (Emphasis added.) *See also*, *United States v. Alcorta*, 853 F.3d at 1137 as quoted above. In its memorandum in support of its *James* log, the government listed the following individuals as alleged coconspirators: Guy Jean-Pierre, William Sears, Scott Dittman, Cliff Bodden, Tod DiTommaso and Richard Scholz. (ECF # 105 at 8.) The following 47 statements listed in the government's log with the following listed declarants should not be admitted pursuant to Rule 801(d)(2)(E) because they are not statements made by alleged coconspirators:

a)   statements 1-6 allegedly made by declarant "Todd Abbott;"

b)   statements 26-29, 31-32, 34, 41 and 313 allegedly made by declarant "Andy Duke;"

c)   statement 81 allegedly made by declarant "Wayne Coleson;"

d)   statements 39, 83 and 198 allegedly made by declarant "Robert Dittman;"

e)   statements 112-116, 151 (part of this statement), 217, 236, 272, 280, 284-285 and 401 (part of this statement) allegedly made by declarant "Sandra Sears;"

f)   statements 208, 210-211, 213-214, 229, 387 and 397 allegedly made by declarant "Mike Kocinski;"

g)   statement 246 allegedly made by declarant "Gino Rodrigues;"

h)   statements 276 and 382 allegedly made by declarant "Kelly Blume;"

I)      statement 277 (part of this statement) allegedly made by declarant "Shane Bohlender;" and

j)      statements 287-288 allegedly made by declarant "Joanna DiBella."

**3.      Many of the Government's "Statements" Were Inadmissible Because They Were Not Made "in Furtherance of the Conspiracy."**

To be admissible as a conspirator's statement, the statement had to be made "during and in furtherance of the conspiracy." Rule 801(d)(2)(E) (a statement is not hearsay if it "was made by a party's coconspirator ***during and in furtherance of the conspiracy***;" (emphasis added)). Many of the proffered statements do not further the conspiracy. Many of the statements are "mere narratives" relating to past events and do not further the conspiracy. Furthermore, many of the government's claimed "statements" in its *James* log were not statements made "during" the conspiracy; they were made to law enforcement officers in after-the-fact interviews during debriefings or proffers conducted well ***after*** the end-date (May 15, 2014) of the alleged conspiracy. Thus, these statements were not coconspirator's statements at all as defined by Rule 801(d)(2)(E). A statement by a coconspirator to law enforcement during a debriefing or proffer after the conspiracy has ended is not a statement made "in furtherance of the conspiracy" and therefore is not admissible under Rule 801(d)(2)(E).

**4.      Many of the Government's "Statements" Were Not Statements.**

Many of the government's "statements" were not statements at all; rather, they merely set forth narratives of something that the government is alleging to have happened. An example of such a "statement" is # 120 of the government's *James* log which sets forth the following "statement" (taken from a William Sears interview with the F.B.I. on February

18, 2016):

> "They were all handshake deals between Dittman and Sears that were not documented."

Such narrative statements were not coconspirator statements and are not admissible under Rule 801(d)(2)(E).

### 5.   No Such Statement Was Made by this Declarant at the Source Referenced by the Government in its *James* Log.

In its *James* log (ECF # 105-1), the government listed "statements" and the Bates-stamped locations where the statements were supposedly found in the discovery. Some of the statements were not found at the location cited by the government. Mr. Jean-Pierre therefore objects to the admissibility of statements in this category until and unless the defense can examine the context in which they were supposedly made.

### 6.   The Defense Cannot Locate the Source Document in the Discovery Supplied by the Government.

After extensively and repeatedly making searches of the discovery supplied by the government, the defense has not been able to locate the government's cited source document in the discovery and, thus, has been unable to review the proffered statement in context in order to analyze whether it does or does not qualify as a coconspirator statement under Rule 801(d)(2)(E).

WHEREFORE, Mr. Jean-Pierre requests that the Court use the "purposes" set forth in *Perez* to analyze the *James* log statements and, based on the above-listed objections and the objections set forth in the accompanying *James* log, Mr. Jean-Pierre requests that this Court not admit any of the government's proffered statements pursuant to Rule

801(d)(2)(E).

DATED this 15th day of June, 2018.

Respectfully submitted,

s/Clifford J. Barnard

_____

Clifford J. Barnard
Clifford J. Barnard, Attorney at Law
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  *cliffbarnard@earthlink.net*
Attorney for Defendant Jean-Pierre

s/Thomas E. Goodreid

_____

Thomas E. Goodreid
Thomas E. Goodreid, Attorney at Law
1801 Broadway, Suite 1400
Denverr, Colorado 80202
Telephone: (303) 296-2048x. 136
Email: *t.goodreid@comcast.com*
Attorney for Defendant Jean-Pierre

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2018, I electronically filed the foregoing *Defendant Jean-Pierre's Response to the Government's Memorandum in Support of its James Proffer* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert          *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-

participant's name:

Guy Jean-Pierre                                        *Via U.S. Mail*
Register # 78606-054
Independence House South
2765 S. Federal Blvd.
Denver, CO 80236

                                                       *s/Clifford J. Barnard*
                                                       _____

                                                       Clifford J. Barnard
                                                       Attorney for Defendant Jean-Pierre