IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 17-cr-008-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

**1.**   **GUY M. JEAN-PIERRE**,

 Defendant.

## ORDER DENYING MOTION TO SUPPRESS

  The Government charges Defendant with conspiracy to defraud the United States (18 U.S.C. § 371), securities fraud (15 U.S.C. §§ 78j(b) & 78ff), wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), and money laundering (18 U.S.C. § 1956(a)(3)(B)). (*See* ECF No. 113.) Before the Court is Defendant's Motion to Suppress Evidence Obtained from Search of HP Laptop. (ECF No. 91.) Defendant does not request a hearing, and the Court finds that a hearing would be unnecessary in any event. The motion, the Government's response brief (ECF No. 104), and the various attachments reveal no material factual disputes and confirm that the dispute may be resolved as a matter of law. *See, e.g.*, *United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir. 1995) (hearing not required unless defendant carries burden of establishing disputed issues of material fact). For the reasons explained below, the Court denies the motion.

## I. BACKGROUND

The Government began investigating Defendant and his associates in December 2013. (ECF No. 104-2 at 3, ¶ 2.) As to Defendant specifically, the Government suspected him of falsifying documents that his associates needed to convert restricted stock into free-trading stock on the over-the-counter ("OTC") market. (*Id.* at 7, ¶ 8.)

Police officers in Miami, Florida, arrested Defendant on April 29, 2016. (*See id.* at 26–30, ¶¶ 43, 45, 52.) At the time of his arrest, Defendant was carrying a backpack containing a laptop computer. (*Id.* ¶ 52.) Federal agents soon applied for and obtained a warrant from the United States District Court for the Southern District of Florida to search the laptop. The warrant's "Description Of Items To Be Searched And Seized," also known as "Attachment B," begins as follows:

> The following items and information related to the scheme and activities that are described and are the subject of the affidavit in support of this warrant (which affidavit is incorporated by reference herein), which items constitute evidence and/or instrumentalities of violations of Title 18 United States Code, Sections 371 [conspiracy to defraud the United States], 1341 [mail fraud], 1343 [wire fraud], 1956 [money laundering], 1957 [knowingly transacting with money derived from unlawful activity] and 2 [the general conspiracy statute], and the following items relating to the electronic storage, access and retrieval of such items . . . .

(ECF No. 91-2 at 4.) There follows twenty paragraphs of varying specificity regarding items to be seized. Some of these paragraphs describe very specific categories with an obvious relation to the case, such as "written submissions to OTC [m]arkets." (*Id.* at 5.) Other paragraphs describe relatively generic categories, such as:

> Bank records, including bank statements . . . ;
>
> All computer files that act as "address books" or other list[s] of correspondence and contacts;

2

>           Records and information related to foreign and domestic
>           travel.
>
>           Records of Internet activity . . . .

(*Id.*)

The Government represents that, upon receiving the signed search warrant, it transported the laptop to Colorado and delivered it and a copy of the warrant "to a forensic computer examiner at the Rock[y] Mountain Regional Forensics Laboratory." (ECF No. 104 at 4.) Guided only by the warrant, the examiner forensically searched the computer "and copied computer files which only came within the scope of Attachment B and provided those files to FBI agents working on the case." (*Id.*) On the record before the Court, it is not clear what these computer files revealed.

## II. BURDEN OF PROOF

"Generally, if the search or seizure was pursuant to a warrant, the defendant has the burden of [proving that the search violated the Fourth Amendment]." *United States v. Carhee*, 27 F.3d 1493, 1496 (10th Cir. 1994) (internal quotation marks omitted). Defendant does not argue that his motion presents a situation outside of this general rule. Accordingly, Defendant bears the burden here.

## III. ANALYSIS

Defendant does not challenge the constitutionality of the initial seizure of his laptop by the Miami police. Nor does he describe any particular evidence obtained from the laptop that he wishes suppressed. Indeed, he nowhere admits that the evidence obtained from his laptop is even arguably incriminating, such that the Government can be expected to introduce it at trial. However, the Government's response brief does not disavow any intention to use this evidence at trial, so the Court presumes it is

3

undisputed that the evidence may be viewed as incriminating and that the Government plans to introduce it at trial.

Even so, Defendant's failure to challenge any particular item of evidence means he must rely on theories that would invalidate the entire warrant. Defendant invokes the Fourth Amendment's "particularity requirement," italicized below:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing the place to be searched, and the persons or things to be seized*.

The purpose of the particularity requirement is to prohibit "the 'general warrant' abhorred by the colonists" and thereby prevent an "exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). "The particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir. 1985).

Defendant claims that Attachment B "authorized agents to search for a very broad array of items on [his laptop] without the agents having made a showing that those items related to the alleged wire fraud and money laundering offenses." (ECF No. 91 at 6.) Defendant emphasizes items such as those quoted in Part I, above, that seem to have little or no limits, such as address books and Internet history. (*Id.* at 3–4.) Under Tenth Circuit authority, however, Attachment B's opening paragraph and other limiting language save the warrant from a particularity challenge.

In *United States v. Brooks*, 427 F.3d 1246 (10th Cir. 2005), the defendant brought a particularity challenge on a warrant used to search his computer for child

pornography. The warrant specifically authorized a search "for evidence of child pornography" and then went on to describe categories of files. *Id.* at 1252. Some of those categories, such as "photographs," were specifically limited by qualifications such as "depicting partially nude or nude [children]"; but some categories, such as e-mails, contained no qualification linking the document to child pornography. *Id.* (internal quotation marks omitted). The Tenth Circuit admitted that "the language of the warrant may, on first glance, authorize a broad, unchanneled search." *Id.* But in light of the warrant's opening paragraph and the qualifications appended to certain file categories, the warrant's "language more naturally instructs officers to search those files only for evidence related to child pornography. In this light, the warrant should be—and was— read by officers to implicitly place the same restriction (*i.e.*, to locate child pornography) on the scope of the entire search." *Id.* (emphasis removed). Given this, and given that the defendant had "made no showing that officers improperly . . . expanded the scope of the search," the court held that the warrant was not objectionable on particularity grounds. *Id.* at 1253.

The Tenth Circuit faced a similar particularity challenge in *United States v. Christie*, 717 F.3d 1156 (10th Cir. 2013). There, a child died on an Air Force base due to neglect, and Government charged the mother with second-degree murder and child abuse. *Id.* at 1160, 1161. The warrant authorizing a search of the mother's computer contained broad categories, but also a header paragraph authorizing search for "records and information relating to the murder, neglect, and abuse of [the child]." *Id.* at 1165 (internal quotation marks omitted). The Tenth Circuit agreed with the mother that the warrant was "surely open to interpretation," but held, in light of *Brooks*, "that an

5

objectively reasonable officer acting in good faith could have read the warrant . . . as restricting the scope of any search to information 'related to the murder, neglect, and abuse of' [the child]." *Id.* "And," the court continued, "to know just that much is to know suppression cannot follow. The Fourth Amendment's exclusionary rule will not bar the use of evidence obtained by police officers acting in good faith and with reasonable reliance on a facially valid search warrant." *Id.* at 1165–66 (internal quotation marks omitted).

There is no material distinction between this case and the *Brooks* and *Christie* cases. As in *Brooks*, the warrant to search Defendant's computer contained a header paragraph narrowing the scope of the search; and, as to certain categories of files, it contained specific qualifications that can "more naturally" be read "to implicitly place the same restriction[s]" on other categories. 427 F.3d at 1252. Defendant also has made no showing that the forensic agent conducting the search exceeded that scope. *See id.* at 1253. Moreover, as in *Christie*, an objectively reasonable officer acting in good faith would at least read the header paragraph as imputed into all subsequent paragraphs. *See* 717 F.3d at 1165.[1]

In a more specific vein, however, Defendant argues that the affidavit in support of the warrant "did not present any evidence that there was probable cause that the agents might find evidence on [the laptop] of an 18 U.S.C. § 371 conspiracy [to defraud the

---

[1] Under separate subheadings, Defendant further argues that the warrant was overbroad and lacked a "nexus" between the items authorized to be seized and the crimes for which probable cause had been found. (*See* ECF No. 91 at 7–11.) These arguments are no more than linguistic variations on a lack-of-particularity challenge. (*See, e.g.*, *id.* at 7 ("A search warrant that provides law enforcement agents free reign to rummage through a defendant's papers at will renders the warrant overly broad and vague."); *id.* at 9 (quoting a description of the particularity requirement from *Voss*, 774 F.2d at 405, and applying it to the "nexus" challenge).) For the reasons already stated, the warrant does not fail for lack of particularity.

United States]. Thus, the agents should not have been authorized to search the laptop for any evidence demonstrating a conspiracy." (ECF No. 91 at 11–12.) The Court disagrees. "To conspire to defraud the United States means [among other things] to interfere with or obstruct one of its lawful government functions by deceit, craft or trickery, or at least by means that are dishonest." *United States v. Scott*, 37 F.3d 1564, 1575 (10th Cir. 1994) (quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)). The affidavit alleges a scheme between Defendant and at least two others to qualify certain securities for public trading, knowing that those securities could not meet the requirements of the Securities & Exchange Commission ("SEC") for public trading. (*See* ECF No. 104-2 at 5–9.) Defendant does not argue that protecting the investing public is not a lawful government function carried out by the SEC. Defendant does not argue that the SEC requirements in question fail to further that lawful function. Defendant does not argue that the affidavit lacks allegations of deceitful means. Accordingly, the affidavit's allegations establish probable cause of a 18 U.S.C. § 371 conspiracy, and so the search warrant properly authorized agents to search for evidence of that conspiracy.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Suppress Evidence Obtained from Search of HP Laptop (ECF No. 91) is DENIED.

Dated this 4th day of September, 2018.

BY THE COURT:

_____
William J. Martinez
United States District Judge