IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  GUY M. JEAN-PIERRE,

        Defendant.

## UNITED STATES' RESPONSE TO COURT'S ORDER

      The United States, through its representative Jeremy Sibert, Assistant United States Attorney for the District of Colorado, hereby submits this response to the Court's order regarding the defendant's motion for James Hearing, in particular addressing the defendant's argument that many of the listed statements were made to law enforcement officers in after-the-fact interviews.

      Hearsay is an out-of-court statement (person's oral assertion, written assertion, or nonverbal conduct intended to be an assertion), other than one made by the declarant while testifying at the trail or hearing, offered to prove the truth of the matter asserted.  *See* Fed. R. Evid. 801.  In addressing this Court's order, the defendant in his response (Doc. #112) to the government's memorandum in support of its James proffer (Doc. #105) argued that many statements set forth by the government are not Hearsay Statements pursuant to Fed. R. Evid.

801.[1]  The government concurs that these brief summarized conversations are not statements under Fed. R. Evid. 801 and therefore the government will anticipate no hearsay objections by defendant Jean-Pierre.

The government does not disagree that many of the statements listed on the government's memorandum in support of its James proffer (Doc. #105) were from investigation reports, written after the conspiracy had ended.  As with any federal investigation, as the investigation develops, new leads, facts, events, witnesses, and issues come to light and need to be analyzed for their prosecutorial value.  For example, subpoenaing emails in a conspiracy case can take 6 to 12 months to receive from the provider, let alone the time it takes to analyze thousands of emails.  When evidence is collected in an investigation, new names and potential witnesses are often identified.

In this case, several potential witnesses were identified through the investigation, causing the case agents to conduct interviews with these individuals, including co-defendants that wanted to provide statements as part of their plea negotiations.   When interviewing these individuals, agents want to gain an understanding of the person's role regarding the investigation and what the person knew, including any statements made by other co-conspirators during the time of the conspiracy.   To document these interviews and statements, the lead interviewing agent will write a report.

---

[1] Specifically, defendant Jean-Pierre listed the following as non-hearsay statements pursuant to Fed. R. Evid. 801; 8, 10, 11-13, 15-16, 18-20, 22, 24-25, 30, 35, 38, 59-60, 62, 66-73, 74-76, 78, 85, 87-88, 90-91, 93, 95-97, 102, 106-109, 111, 120-149, 154, 189-197, 203, 212, 215-216, 220, 270-272, 290, 294, 297-299, 301-309, 324, 327, 373, 381, 385, 393, 411.  *See* Doc. #112-1 and Doc. #112-2, number 4. "The "statement" set forth by the government is not a statement."

For example, in this case, the case agents interviewed Andy Duke, a former employee under co-defendant William Sears. Andy Duke stated that Sears explained to him in 2011, within timeframe of the conspiracy, that Jean-Pierre was "the key" by working his legal magic to help get FusionPharm stock sold in order to raise money for FusionPharm to operate, or words to that effect.[2] This statement by Duke was summarized in what is known as a Memorandum of Interview (MOI) and provided as part of discovery. In the government's memorandum in support of its James proffer (Doc. #105), that statement was provided as a statement not subject to hearsay because it was made by a co-conspirator at the time the conspiracy. At trial, I would anticipate that Mr. Duke would be on the stand and asked something to the effect, "What did William Sears tell you about defendant Jean-Pierre, regarding his role in raising money for FusionPharm?" Under the Fed. R. Evid. a statement made by William Sears and testified through Mr. Duke would be hearsay, unless it meets one of the hearsay exceptions or is not consider hearsay, which includes a co-conspirator's statement. The government anticipates the same usage of statements provided in investigative reports and declarations for Scott Dittman, Andy Duke, Richard Scholz, Tod DiTommaso, Cliff Bodden, William Sears, and Todd Kramer.[3]

As stated in previous filings, the Federal Rules of Evidence, "[a] statement is not hearsay if [it] is offered against a party and is . . . a statement by a coconspirator of a party during the course of and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). Statements are admissible pursuant to Rule 801(d)(2)(E) if a court finds, by a preponderance of the evidence, three things: that (1) a conspiracy existed; (2) the declarant and Jean-Pierre were both members

---

[2] Statement Number 38 in Doc. #105-1
[3] Statements 8, 10, 11-13, 16, 18-20, 22, 24-25, 30, 35, 59-60, 62, 66-76, 78, 85, 88, 90, 93, 95, 97, 102, 109, 111, 123-125, 131-146. *See* Doc. #105-1.

of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Alcorta,* 853 F.3d 1123, 1137 (10th Cir. 2017); *Bourjaily v. United States*, 483 U.S. 171, 181 (1987). The government must prove these preliminary facts by a preponderance of the evidence. *United States v. Perez,* 989 F.2d 1574, 1577 (10th Cir. 1993) (en banc).

As to Jean-Pierre's knowledge of the essential objectives of the conspiracy, the government is not required to prove that a conspirator knows all other conspirators, or all the details of the conspiracy. *United States v. Smalls,* 423 F.3d 1164, 1182 (10th Cir. 2005). Nor must the government prove that a conspirator knew of or participated in every aspect of the conspiracy, *United States v. Eads*, 191 F.3d 1206, 1210 (10th Cir. 1999). A coconspirator statement is also admissible even if the declarant is uncharged. *Champagne Metals v. Ken Mac Metals, Inc*., 458 F.3d 1073, 1081 n.5 (10th Cir. 2006) (Addressing defendant Jean-Pierre's concern about alleged co-conspirators as stated in #2 of Doc. #112-2)

Therefore, as to the defendant's objections based on him not being a member of the alleged conspiracy and that the statement is inadmissible because it was not made in furtherance of the conspiracy (See Doc. #112-2, numbers 1 and 3), the government would rest on its response provided in paragraphs 8 through 56 of Doc. 105 that provides a lengthy summary of the government's case regarding defendant Jean-Pierre's involvement with William Sears, Scott Dittman, and others. Furthermore, two separate grand juries have concluded under the probable cause standard that defendant Jean-Pierre conspired with William Sears, Scott Dittman, and others. The government respectfully requests that this Court apply a liberal standard in determining whether a statement was in furtherance of a conspiracy. *See United States v. Siegelman*, 640 F.3d 1159, 1181 (11th Cir. 2011).

Finally, as to defendant Jean-Pierre's objections based on the statement not being at the source referenced by the government in the James log and the defense not being able to locate the source

document in the discovery supplied by the government (See Doc. #112-2, numbers 5 and 6), the government request that these objections be denied.  The government on several occasions has assisted the defense in either locating documents or providing additional copies of discovery.  The government commits that it will continue to assist the defense regarding discovery and locating specific documents. Furthermore, the government could have made a mistake regarding a source number, which may cause an issue in locating a particular document regarding the James log.  If defendant Jean-Pierre needs assist in locating a document from the James log, the government will assist in locating it or providing him a copy in order for him to prepare his defense.

The government requests that this Court considers this response with implementing the legal arguments and facts filed in Doc. #105 when rendering a decision regarding the James log.

Respectfully submitted on this 5th day of October, 2018

Respectfully submitted,

ROBERT TROYER
United States Attorney


 */s/ JEREMY SIBERT*
Jeremy Sibert
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado  80202
(303) 454-0100
FAX: (303) 454-0403
Email: jeremy.sibert@usdoj.gov
Attorney for the government

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 5th day of October 2018, I electronically filed the foregoing **UNITED STATES' RESPONSE TO COURT'S ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Clifford Barnard
Thomas Goodreid
Attorneys for the Defendant

               *s/Jeremy Sibert*
               JEREMY SIBERT
               Assistant United States Attorney
               1801 California Street, Suite 1600
               Denver, Colorado 80202
               Telephone: (303) 454-0100
               Facsimile: (303) 454-0406
               Jeremy.Sibert@usdoj.gov