IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.1:17-cr-00008-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GUY JEAN-PIERRE,

        Defendant.

---

## UNITED STATES' RESPONSE TO DEFENDANT'S NOTIFICATION TO OBJECT TO GOVERNMENT'S 404(b) EVIDENCE

---

The United States of America ("the Government"), by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Jeremy Sibert, respectfully responds to Defendant's notification that he will object to government's 404(b) evidence. All the evidence that the government is seeking to admit was provided to the defense months in advance of this trial. The government is filing this response base on the email from defendant Jean-Pierre's lawyer that stated they would be objecting to the government's 404(b) evidence.

### INTRODUCTION

In this case, defendant Guy Jean-Pierre is charged in a 28-count second superseding indictment with violations of federal criminal laws: one count of conspiracy to commit mail, wire and securities fraud, 20 counts of wire fraud, 4 counts of mail fraud, 3 counts of securities

1

fraud and one count of money laundering. Prior to this indictment defendant Guy Jean-Pierre was convicted for Forgery 3rd Degree, Falsifying Business Records 2nd Degree, and Identity Theft 3rd Degree, Case Number 03811-2013, out of the Supreme Court of the State of New York, New York County. In addition, he was disbarred from the State of Florida by the Supreme Court of Florida on January 13, 2014 for filing of fraudulent attorney opinion letter with Pink OTC Markets, and was suspended from appearing or practicing before the Security Exchange Commission based on his disbarment from the Florida State Bar. Broadly speaking, the circumstances surrounding Defendant's prior convictions for fraud related conduct may be admissible under Rule 404(b) in relation to the charges in this case. Recognizing the potential admissibility of this evidence under Fed. R. Evid. 404(b), on January 3, 2019, the Government provided notice of the general nature of the evidence, as required by the rule, including the additional intrinsic evidence.

## **Argument**

At trial, the Government will not seek to introduce any evidence under Rule 404(b) until after it has presented evidence related to the charged offenses. If at that point it intends to offer any evidence under Rule 404(b), the Government will alert the Court and Defendant outside the presence of the jury. In this way, the points of contention at trial will properly be before the Court, and the Court can make an informed ruling outside the presence of the jury on whether, to what extent, and for what purpose evidence of the circumstances surrounding the three incidents described above is admissible under Rule 404(b).

If the Court is called upon to conduct this inquiry, the test to be applied is well

established.   Since *Huddleston v. United States*, 485 U.S. 681, 687-88 (1988), and *United States v. Record*, 873 F.2d at 1363, courts in this Circuit have approached the admissibility of Rule 404(b) evidence as an "inclusionary" as opposed to "exclusionary" exercise. Indeed, the presumption is that the jury should hear all relevant evidence bearing on all legitimate issues at the trial, assuming the evidence has met the relevant four-part test. *See Record*, 873 F.2d at 1375 (noting that Congress was more concerned with avoiding restrictions on the admissibility of evidence than with its potential prejudicial effect); *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997) (finding rule to be one of inclusion rather than exclusion), *overruled on other grounds as recognized in United States v. Hathaway*, 318 F.3d 1001, 1006 (10th Cir. 2003).

The four-part test in question is: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the defendant so requests." *United States v. Cardinas-Garcia*, 596 F.3d 788, 797 (10th Cir. 2010) (citing *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006)); *see also United States v.Wilson*, 107 F.3d 774, 782 (10th Cir. 1997). The first three steps of the test require courts to evaluate proffered evidence in the context of the case as a whole, including all other evidence. The Court will be in a better position to make this determination after hearing evidence regarding the charged incident in this case and the points of dispute between the parties. The Court should therefore defer ruling on the Motion, and address the issue of the admissibility of evidence under Rule 404(b) if and when it arises at trial.

Specifically regarding to fraud related, "white collar type cases," the Tenth Circuit favors the use of prior fraud related charges to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In *United States v. Hudson*, 556 Fed.Appx. 688 (10th Cir. 2014), WL 661480, the defendant argued that the uncharged acts were not sufficiently similar to the charges in the indictment, thus the District Court committed error in permitting the charges to be admitted as 404(b). Mr. Hudson contended that the evidence failed to satisfy the second Rule 404(b) factor: relevance. *See United States v. Becker,* 230 F.3d 1224, 1232–33 (10th Cir.2000)(holding that district court abused its discretion by admitting prior acts relating to methamphetamine possession and trafficking to prove a common scheme of manufacturing the drug). The Tenth Circuit disagreed with Mr. Hudson. The Court concluded that under the wire fraud statute, the Government was required to prove that Mr. Hudson had "devised or intend[ed] to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1343. The proffered Rule 404(b) testimony was offered to prove Mr. Hudson's intent to defraud related to other transactions in which he allegedly pursued a similar scheme.

In justifying it's decision, the Court looked it's prior cases where it affirmed the admission of other acts evidence under Rule 404(b) *citing*; *United States v. Grissom,* 44 F.3d 1507, 1509, 1513 (10th Cir.1995) (in prosecution for false statements to a bank, district court did not abuse its discretion by admitting evidence of defendant's unrelated falsification of union payroll records to show defendant's intent, knowledge, and lack of mistake); *United States v.*

*Bolt,* 776 F.2d 1463, 1464, 1470–71 (10th Cir.1985) (in prosecution for material false statements to a bank and mail fraud, district court did not abuse its discretion by admitting evidence of the general fraudulent nature of defendant's business as relevant to defendant's identity, existence of a scheme to defraud, intent, and absence of mistake); *United States v. Bonnett,* 877 F.2d 1450, 1452, 1460–61 (10th Cir.1989) (in bank fraud prosecution involving one bank, district court did not abuse its discretion by admitting evidence of defendant's accounts with insufficient funds at a different bank, which tended to show intent, motive, and knowledge with respect to defendant's fraudulent scheme); *United States v. Parnell,* 581 F.2d 1374, 1378 (10th Cir.1978) (in prosecution related to scheme involving forged cashier's checks, district court did not abuse its discretion in admitting evidence of defendant's previous check scheme which tended to show defendant's knowledge and absence of mistake).

Other courts have made similar rulings to the Tenth Circuit regarding 404(b) evidence. In United States v. Kalish, 403 Fed.Appx. 541, 546 (C.A.2, N.Y., 2010), WL 5071808, the Court took the inclusionary approach of allowing evidence, which is supported by the Tenth Circuit. First of all, this "Circuit takes an inclusionary approach to the admission of [404(b) ] evidence under which such evidence is admissible for any purpose other than to show the defendant's criminal propensity." *United States v. McCallum,* 584 F.3d 471, 475 (2d Cir.2009).   In Kalish, the trial court found that the evidence demonstrated Kalish's "knowledge that [he] had to be careful in making representations to borrowers [and] potential borrowers[ ] that would mislead them" and his "knowledge of the unlawful nature of conduct which would mislead or tend to mislead the borrowers." *United States v. Kalish*, 403 Fed.Appx. 541 at 547.   The appellate Court

reasoned that demonstrating such knowledge is clearly a proper purpose citing *United States v. McCallum,* 584 F.3d at 475.     The Court then reasoned that the evidence was relevant to whether Kalish had the necessary intent to defraud, indicating that the jury could reasonably infer that Kalish's awareness of the illegality of conduct tending to mislead potential borrowers demonstrated an intent to defraud. Third, the Court stated that there was not an prejudicial impact because the prior conduct was not more "sensational or disturbing than the crime with which [Kalish] was charged." *citing United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir.1990). Finally, the district court gave an emphatic limiting instruction immediately after admitting the evidence, and repeated the entirety of that instruction in its final charge to the jury. The government would support the same if this Court would allow the introduction of the 404(b) evidence.

   Based on the indictment in this case, the government will be calling several witnesses and presenting several pieces of evidence in an attempt to prove Mr. Jean-Pierre's fraudulent conduct.   Specifically, the government will be call one witness that will testify that a Rule 144 attorney letter was fraudulently drafted and signed with the witness's name with the defendant's business letterhead attached to it.   Further the government will be providing evidence that several Rule 144 attorney letters were fraudulently written with the assistance of the defendant, which allowed FusionPharm stock to be traded, which mislead investors.   Finally, the government would argue that the fraudulent conduct that Mr. Jean-Pierre was convicted of is less severe than his charges in this case.

## CONCLUSION

For the foregoing reasons, the government is requesting that the Court withhold its 404(b) ruling until evidence is presented in this case. The government will indicate to the Court outside the presence of the jury if and when it would like to move forward in introducing the 404(b) evidence of Mr. Jean-Pierre's prior conviction. Finally, based on the legal reasoning in this response and the Tenth Circuit's support of including 404(b) with the proper instructions, the government requests that this 404(b) evidence be permitted.

Dated this 7th day of January, 2019.

JASON R. DUNN
United States Attorney

by: *s/ Jeremy Sibert*
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Email: Jeremy.Sibert@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of January 2019, I electronically filed the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S NOTIFICATION TO OBJECT TO 404(B) EVIDENCE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

**Cliff Barnard**

    by: *s/ Jeremy Sibert*
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado   80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Email: Jeremy.Sibert@usdoj.gov