**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.1:17-cr-00008-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GUY JEAN-PIERRE,

       Defendant.

**UNITED STATE'S MOTION FOR MATERIAL WITNESS**

The United States of America ("the Government"), by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Jeremy Sibert, respectfully moves for an order from this Court to instruct Immigration Customs Enforcement Agency (ICE) to provide material witness status to Cliffe Bodden who is in ICE custody and due to be deported on January 17, 2019. Based on the government's conversations with ICE, ICE needs an order from this Court to prevent Mr. Bodden from being deported on the 17th.

Title 18 U.S.C. § 3144 authorizes an arrest warrant where a supporting affidavit establishes that the testimony of the person is material in a criminal proceeding, and it is impracticable to secure the presence of the person by subpoena. The statute further provides for release after the witness is deposed. *See also* Fed. R. Crim. P. 15(a).

With limited variations, federal bail laws apply to material witnesses arrested

1

under Section 3144. Thus, arrested material witnesses are entitled to the assistance of counsel during bail proceedings and to the appointment of an attorney when they are unable to retain private counsel.   Mr. Robert Pepin was Mr. Bodden's attorney when Mr. Bodden was in federal custody.   Release is generally favored; if not, release with conditions or limitations is preferred, and finally as a last option detention is permitted. An accused is released on his word (personal recognizance) or bond unless the court finds such assurances insufficient to guarantee his subsequent appearance or to ensure public or individual safety. A material witness, however, need only satisfy the appearance standard. A material witness who is unable to do so is released under such conditions or limitations as the court finds adequate to ensure his later appearance to testify. If neither word nor bond nor conditions will suffice, the witness may be detained. The factors a court may consider in determining whether a material witness is likely to remain available include his deposition, character, health, and community ties.

In this case, Cliffe Bodden is unlikely to appear to provide testimony absent an arrest warrant and an order of detention.   As noted above, he is presently in ICE custody pending imminent removal from the United States.   ICE is required by law to detain him and has no discretion to release him to provide testimony in this case.   Mr. Bodden is the subject of a final order of removal, thus, his administrative proceedings are governed by 8 U.S.C. § 1231.   That statute provides that an alien subject to a final order of removal must be removed from the United States within the time period outlined in the statute.   8 U.S.C. § 1231(a)(1)(A).   Prior to

his removal, the "Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Additionally, "under no circumstance during the removal period shall the Attorney General release an alien who has been found…deportable under section 1227(a)(2)..of this title. *Id.*; *see also* 8 U.S.C. § 1226(c)(1)(b) (stating that aliens convicted of aggravated felonies are subject to mandatory detention). Mr. Bodden has been convicted of Wire Fraud and Conspiracy to Commit Wire Fraud in federal court. These offenses constitute aggravated felonies pursuant to 8 U.S.C. 1101(a)(43)(M). Thus, Mr. Bodden is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), triggering the mandatory detention provisions noted above. Because Mr. Bodden is in ICE custody and ICE has no authority to release him, the government is unable to secure his presence to testify in this case with a subpoena. Consequently, an arrest warrant issued by this Court pursuant to 18 U.S.C. § 3144 is necessary.

The government is requesting that Mr. Bodden be a material witness for the above case because he is a key witness for the government. Mr. Bodden had a prior relationship with Mr. William Sears, the undisclosed owner of FusionPharm. In addition, Mr. Bodden was introduced to Mr. Jean-Pierre by Mr. Sears in 2010. Specifically in this case, Mr. Bodden did work for FusionPharm from 2011 through 2013 and can offer testimony regarding the roles individuals had within FusionPharm. Mr. Bodden has personal knowledge about the events and entities related to FusionPharm, including being present for meetings that discussed FusionPharm's business plans.

The government requests that this Court accept this motion as the affidavit to order Mr.

Cliffe Bodden as a material witness to prevent him from being deported until after the trial in the above matter.   If Mr. Bodden is finished his testimony before his set date of departure from the United States, the government will move to remove his material witness status before this Court so Mr. Bodden will not have to be in custody for any further time.   Mr. Pepin has been consulted on this motion.   Mr. Jean-Pierre through his counsel do not object to this motion.

        Dated this 7th day of January, 2019.

        JASON R. DUNN
        United States Attorney

        by: *s/ Jeremy Sibert*
        JEREMY SIBERT
        Assistant United States Attorney
        United States Attorney's Office
        1801 California Street, Suite 1600
        Denver, Colorado   80202
        Telephone: (303) 454-0100
        Facsimile: (303) 454-0406
        Email: Jeremy.Sibert@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2019, I electronically filed the foregoing **UNITED STATE'S MOTION FOR MATERIAL WITNESS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

**Cliff Barnard**

                        by: *s/ Jeremy Sibert*
                        JEREMY SIBERT
                        Assistant United States Attorney
                        United States Attorney's Office
                        1801 California Street, Suite 1600
                        Denver, Colorado   80202
                        Telephone: (303) 454-0100
                        Facsimile: (303) 454-0406
                        Email: Jeremy.Sibert@usdoj.gov