IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1.**    **GUY M. JEAN-PIERRE**,

        Defendant.

---

## DEFENDANT JEAN-PIERRE'S
## OBJECTIONS TO CERTAIN OF THE "GOVERNMENT'S
## STIPULATED JURY INSTRUCTIONS" (DOCKET # 152)

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby objects to the following jury instructions which were set forth in the *Government's Stipulated Jury Instructions* (Document No. 152). The parties had been working together attempting to stipulate to as many of the proposed jury instructions as possible and have been able to agree on a great number of them. However, due the short deadlines dealing with a number of matters, the parties were not able to complete negotiations and discussions on all of the jury instructions and each party then filed instructions that had been agreed upon and instructions which had not yet been agreed upon. Based on the Court's "Practice Standards" Section VI (E), Mr. Jean-Pierre is objecting to the government's following proposed jury instructions for the following reasons:

(1)    INSTRUCTION NO. 22 (COUNT 1 CONSPIRACY ELEMENTS)

    In the "Fifth" element at the bottom of the first page, the present instruction reads:

> *Fifth*: there was interdependence among the members of the conspiracy. Interdependence means that the activities of a defendant charged with conspiracy or facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole.

Document No. 152, *Government's Stipulated Jury Instructions*, at 31.

Mr. Jean-Pierre objects to the second sentence of this paragraph on the grounds that it is not the language in the Tenth Circuit Pattern Jury Instructions and proposes to replace it with this language with the Tenth Circuit Pattern Jury Instructions § 2.19 (2011 ed.) (updated 2018) which states:

> Fifth: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

(2)   INSTRUCTION NO. 26 (Counts 21-23 Securities Fraud Elements) and INSTRUCTION NO. 29 (General Rules and Restrictions Under Securities Law)

The government initially presented the defense with a number of proposed jury instructions regarding the securities fraud, SEC Rule 144 and 17 C.F.R. § 240.10b-5 issues. The defense had stipulated to most or almost all of these instructions. However, late on Sunday, January 6, 2019, the government sent the defense a set of proposed instructions in which the government replaced the previous jury instructions with a set with some completely new jury instructions dealing with some of these matters. These new jury instructions are also contained in the government's Document No. 152, *Government's Stipulated Jury Instructions*, filed late on January 6, 2019.

Defense counsel has sent these new instructions to the expert with whom the defense has been consulting and has subsequently consulted with him regarding these instructions. Based on this initial consultation, Mr. Jean-Pierre has a number of objections

to these instructions regarding:

    (a)    the inclusion of statements of law which do not apply as broadly as set forth in the instructions and thus are inaccurate and/or misleading;

    (b)    the inclusion of statements that omit key legal standards and thus are inaccurate, misleading, suggestive and potentially prejudicial;

    (c)    the inclusion of statements which, as set forth in the instructions, are inaccurate and/or untrue;

    (d)    the inclusion of language which does not apply to the charges in this case but which could be misleading, suggestive and potentially prejudicial;

    (e)    the inclusion of surplusage which appears to be unnecessary and potentially misleading; and

    (f)    the incorrect formatting which in at least one instance causes the statements to be inaccurate and/or misleading.

Due to time constraints and the complexity of these issues, the defense has not yet been able to delineate all of the specific objections to the different parts of these instructions, to specify the specific authority relied on for the objections, to prepare proposed alternate instructions or to specify the specific authority relied on for the proposed alternate instructions. Counsel will continue to consult both with the expert and government counsel to try to arrive at agreed-upon jury instructions or to narrow the focus of the specific items upon with the parties do not agree.

DATED this 7th day of January, 2019.

Respectfully submitted,

s/Clifford J. Barnard

_____

Clifford J. Barnard
Clifford J. Barnard, Attorney at Law
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  cliffbarnard@earthlink.net
Attorney for Defendant Jean-Pierre

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2019, I electronically filed the foregoing Defendant Jean-Pierre's Objections to Certain of the "Government's Stipulated Jury Instructions" (Docket # 152) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert          jeremy.sibert@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Guy Jean-Pierre                     Via U.S. Mail
Register # 78606-054
Independence House South
2765 S. Federal Blvd.
Denver, CO 80236

s/Clifford J. Barnard

_____

Clifford J. Barnard
Attorney for Defendant Jean-Pierre