IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.   GUY M. JEAN-PIERRE
     a/k/a Marcello Dominguez de Guerra

     Defendant.

---

### DEFENDANT'S OBJECTIONS TO GOVERNMENT'S INTENT TO INTRODUCE CERTAIN EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b)

---

Defendant Guy M. Jean-Pierre, through counsel, hereby objects to the Government's intention to introduce at the forthcoming trial evidence of prior crimes, wrongs, or bad acts, under Federal Rule of Evidence 404(b).

That part of Rule 404 provides, in relevant part, that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . [but] [t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."   The Rule goes on to state that in a criminal case, upon request of a defendant, the prosecution must provide reasonable notice of intent to introduce evidence of prior wrongs under F.R.E. 404(b).   In this particular matter, the amount of notice was set by the Court in its 9 February 2017 Discovery Conference Memorandum and Order [#18, ¶ (I)(C)] as "no later than 21 days before trial unless, for good cause

shown, the court permits less notice in accordance with Rule 404(b)."

On 3 January 2019 the Government provided the defense with the attached (Exhibit A) letter notice of intent to introduce at trial evidence of prior bad acts by the Defendant.   According to the letter, the Government intends to introduce prior bad acts evidence that falls into three categories:   a) prior crimes evidence, b) information related to Defendant's disbarment in Florida, and c) information related to the suspension of his right to practice before the SEC.   Mr. Jean-Pierre objects to the introduction of this evidence at trial.

Lack of Timeliness--To begin with, Mr. Jean-Pierre objects to the Government's efforts to introduce 404(b) evidence because the prosecution's notice of same is late. As stated, *supra*., the Court ordered nearly two years ago that the Government was required to provide notice of intent to introduce 404(b) evidence at least 21 days in advance of trial.   While it is true that the Court did not formally set the trial date until 18 days in advance of its commencement, the Government should reasonably have anticipated that the Court would set the trial to begin on 14 January 2019 because all parties have been aware for a long time that the Speedy Trial clock expired on 13 January 2019 (a Sunday).

The trial of this matter, with present counsel in place, originally was set to begin on 21 May 2018.   The Government could have provided its 404(b) notice at any time in the intervening seven months, but the prosecution did not do so.   The Government also could have provided its notice on 27 December 2018, after receiving the Court's formal notice of the current trial setting (that would have at least given the defense 18 days' notice), but, again, the Government chose not to do so.   Instead, the prosecution

2

waited another week, until 3 January 2019, to give the defense only eleven days' notice of the Government's intent to offer into evidence matters that, as discussed, *infra.*, are not germane to the trial at hand.   In proceeding in this manner, the Government not only was untimely but also failed to seek permission from the Court for the prosecution's late submission.

The Government contends in its filing [#161] on 404(b) that the defense has had the 404(b) evidence for many months, so there is no prejudice in allowing the evidence into trial.   While it is true that the defense has in fact had the prior crimes evidence as part of the 2.5 million pages of discovery provided in this case, that fact neither excuses the Government's failure timely to disclose its notice to use that evidence nor provides a basis for the evidence's admission.

The defense needed timely notice that Mr. Jean-Pierre would have to defend against the 404(b) evidence, which is about a whole separate series of transactions, individuals and entities, and alleged wrongs.   Allowing the 404(b) evidence in would lengthen what already is shaping up, even without this evidence, as a very long trial indeed.   The Court should not countenance such a result and should instead bar the Government's planned introduction of the prior bad acts under Rule 404(b).   As follows, the Court also should not permit the evidence in at trial for substantive reasons.

Prior Crimes--On 8 September 2016, Mr. Jean Pierre, after having earlier pled guilty, was convicted in a New York state court of the misdemeanor crimes of third-degree forgery, third-degree identity theft, and second degree falsification of business records.   The convictions all stemmed from Defendant having sent out opinion letters regarding various companies, under the name and letterhead of his

3

niece (also an attorney) rather than under his own name.   This prior crimes type of evidence is not properly admissible in this case under Rule 404(b).

Under this Rule, courts must:

> distinguish between evidence that is extrinsic or intrinsic to the charged crime. . . Rule 404(b) prohibits evidence of "other acts," "but this rule does not cover evidence that is considered intrinsic" to the charged crime. . . ***Evidence is intrinsic when it is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury."***

United States v. Durham, 902 F.3d 1180, 1224 (10th Cir. 2018), *cert. denied*, 2019 WL 113548 (U.S. Jan. 7, 2019) (emphasis added).

The prior crimes evidence that the Government seeks to introduce here is not evidence intrinsic to the type of fraud alleged in the instant case.   The prior crimes evidence relates to misappropriation and fraudulent use of another individual's identity. The fraud involved in the case before this Court involves securities fraud.   There are no allegations that Defendant used anyone else's identity to perpetrate the securities fraud.

The Government's conclusory assertion in its notice that the other crimes evidence "tends to prove Defendant's motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake or accident" is unpersuasive.   To take the first of this lengthy litany as an example, how does Defendant's involvement in misappropriating his niece's identity and letterhead establish a motive for him participating in a securities fraud scheme with Messrs. Dittman and Sears?   The answer is that the prior crimes evidence does no such thing.

4

Moreover, the Government's 404(b) notice is silent as to why motive, plan, opportunity, preparation and intent is at issue or, if it is at issue, how the introduction of evidence from the New York misdemeanor convictions case fits into a chain of logical inferences, absent propensity, that shows motive, a common plan or scheme, preparation, or intent in this particular case.   As such, not only is the prior bad acts evidence lacking in relevance, but it is loaded with prejudice that would substantially outweigh any limited probative value that exists.

Defendant's 2014 Disbarment in Florida—On top of the matters discussed above, the Government additionally wishes to present evidence of Mr. Jean-Pierre's January 13, 2014 disbarment by the Florida State Supreme Court for the "filing of fraudulent attorney opinion letter with Pink OTC" (as alleged by the government in its Notice). First, the Government does not allege any non-propensity 404(b) purposes for the admission of evidence of this "prior bad act." Second, this was not a prior bad act by Mr. Jean-Pierre; it was an act by the Florida Supreme Court. Third, this action occurred in 2014 after all of Mr. Jean-Pierre's activities in the FusionPharm fraud case had been concluded. Fourth, this evidence is action from an unrelated incident.

Defendant's Subsequent Suspension by the SEC--The Government also wishes to present evidence of Mr. Jean-Pierre's "suspension from appearing or practicing before the Security Exchange Commission based on his [January 13, 2014] disbarment from the Florida State Bar" (as alleged by the government in its Notice). Just as with the 2014 disbarment evidence, (1) the Government does not allege any non-propensity 404(b) purposes for the admission of evidence of this "prior bad act;" (2) this was not a prior bad act by Mr. Jean-Pierre; it was an act by the SEC.; (3) this action occurred in 2014 after all

5

of Mr. Jean-Pierre's activities in the FusionPharm fraud case had been concluded; and (4) this evidence is action from an unrelated incident.

Probity/Prejudice--"When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered: to suggest that the defendant is a bad person, a convicted criminal, and that if he 'did it before he probably did it again'" United States v. Clay, 667 F.3d 689, 698 (6th Cir. 2012).   For this reason, *inter alia*, the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice. United States v. Cherry, 433 F.3d 698, 700 (10th Cir. 2005), *cert. denied*, 547 U.S. 1120 (2006).   Here, the analysis tilts the Rule 403 balance in Mr. Jean-Pierre's direction.

The proffered reasons for introducing the prior bad acts evidence – the New York conviction, the Florida disbarment and the SEC suspension – are of questionable relevance.   If, however, one assumes some probative value, it is certainly and substantially outweighed by the real danger present in presenting evidence that, after the fact, Mr. Jean-Pierre was disbarred from practicing law and suspended by the SEC.   This information invites the jury to either (1) convict a "bad man" who deserves to be punished, not because he is guilty of the crime charged, but because of his prior or subsequent misdeeds or (2) infer that, because the accused committed the other bad acts, he probably committed the crimes charged.   These inferences are impermissible and should be avoided by prohibiting the introduction of the 404(b) evidence.

Dated this 8th day of January, 2018.

Respectfully submitted,

6

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
*t.goodreid@comcast.net*
Attorney for Defendant Guy M.
Jean-Pierre

## CERTIFICATE OF SERVICE

I certify that on this 8th day of January, 2019, I electronically filed the foregoing **DEFENDANT'S OBJECTIONS TO GOVERNMENT'S INTENT TO INTRODUCE CERTAIN EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 404(b)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
*t.goodreid@comcast.net*
Attorney for Defendant Guy M.
Jean-Pierre