EXHIBIT A



# U.S. DEPARTMENT OF JUSTICE

**Jason R. Dunn**
*United States Attorney*
*District of Colorado*

---

*Jeremy Sibert*               1801 California Street, Suite 1600          (303) 454-0100
*Assistant United States Attorney*    Denver, CO  80202                   FAX (303) 454-0401

January 3, 2019

**Via USPS and Email**

Mr. Clifford J. Barnard
4450 Arapahoe Ave, #100
Boulder, CO 80303
Cliffbarnard@earthlink.net

Mr. Thomas Edward Goodreid
1801 Broadway, Suite 1400
Denver, CO 80202
t.goodreid@comcast.net

>   Re:   United States v. Guy Jean-Pierre
>         Criminal Case No. 17-cr-00008-WJM

Dear Mr. Barnard and Mr. Goodreid:

   I am writing to provide formal notice of the Government's intent to offer evidence of prior crimes, wrongs, or bad acts pursuant to Fed. R. Evid. 404(b) against Defendant Mr. Guy Jean-Pierre at trial in this case.  The evidence consists of the circumstances surrounding Defendant's prior conviction for Forgery 3rd Degree, Falsifying Business Records 2nd Degree, and Identity Theft 3rd Degree, Case Number 03811-2013, out of the Supreme Court of the State of New York, New York County, his disbarment the State of Florida by the Supreme Court of Florida on January 13, 2014 for filing of fraudulent attorney opinion letter with Pink OTC Markets, and his suspension from appearing or practicing before the Security Exchange Commission based on his disbarment from the Florida State Bar.

   In addition, the government is notifying the defense that it intends to introduce intrinsic evidence of prior relationship that Mr. Jean Pierre had with William Sears and evidence that Mr. Jean Pierre was the author of various current information letters and 144 attorney letters for various other companies, including letters signed by Leslie Dinwoodie and Tod DiTommaso. The government will offer evidence that Mr. Jean Pierre was banned from the Pink OTC Markets

and Pacific Stock Transfer Company (PSTC) from writing further current information letters and 144 attorney letters.   It is the government's position that Mr. Jean-Pierre's prior relationship with Mr. Sears, his drafting of attorney letters, and him being banned is intrinsic evidence regarding the charges in the superseding indictment and not 404(b) evidence, however, out of an abundance of caution; we are providing it as 404(b).

The evidence concerning Jean-Pierre's Forgery 3rd Degree, Falsifying Business Records 2nd Degree, and Identity Theft 3rd Degree charges are admissible because it tends to prove Defendant's motive, opportunity, intent, preparation, plan, knowledge, and absence of mistake or accident in this case where he is accused of conspiring and committing security fraud, wire fraud, and mail fraud. The defendant's past convictions for fraud tend to show that the defendant lacked any mistake and that he had knowledge in this case.  Further, the prior conviction also supports the fact that the defendant had a plan or a certain intent concerning committing similar fraud in this case.

Rule 404(b) only requires that the defendant be placed on notice concerning the general nature of the evidence that the government intends to use in its case.  United States v. Zhitlovsky, 2003 WL 21939024 (D.Kan.).  The 1991 Advisory Committee Notes rejected a "particularity" requirement similar to that in a charging document and favor a generalize notice provision that only requires the government to simply disclose the general nature of the extrinsic act evidence.  Id.  "The notice "'need not provide precise details regarding the date, time, and place of the prior acts,' but it must characterize the conduct to a sufficient degree to fairly apprise the defendant of its general nature."  United States v. Jackson, 850 F.Supp. 1481, 1493 (D.Kan.1994)(quoting United States v. Long, 814 F.Supp. 72, 74 (D.Kan.1993).  The government is not required to produce documents, specific evidence, reports, or documentary evidence when notifying the defendant under Rule 404(b).  Courts have often rejected defendants' requests for greater particularity than a general notification.  United States v. Erickson, 75 F.3d 470, 478 (9th Cir 1996), cert. denied.

        Sincerely,

        s/Jeremy Sibert
        Jeremy Sibert
        Assistant United States Attorney