**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.1:17-cr-00008-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

GUY JEAN-PIERRE,

       Defendant.

---

**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO 404(B)**

---

      The United States of America ("the Government"), by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Jeremy Sibert, respectfully responds to Defendant's 404(b) argument.

      First, the defense was placed on notice in January 2018 when the government conducted a very detail reverse proffer with both defense counsel for Mr. Jean Pierre, which included Mr. Jean-Pierre's troubles with the Florida State Bar and his criminal matters with New York.    The purpose of any reserve proffer is to disclose to the defense the evidence that will be used against the defendant in a criminal trial.   Furthermore, not only were Mr. Jean-Pierre's counsel provided a reverse proffer, Mr. Jean-Pierre himself was provided the reverse proffer by the government that indicated the use of all his legal and professional issues.

      Second, the government disagrees with the defense regarding the speedy trial clock and

1

based on the Court's rulings in this case, there is approximately 10 days left on the speedy trial clock after January 14, 2019.

Third, the government provided 404(b) notice in a timely fashion based on the Court's order regarding the trial in this case.   Based on the Court's order, it was impossible for the government to provide a 21 day advance notice to the defense regarding the intent of the government's use 404(b) notification.     Even based on all the event regarding the timing issues, the government was able to provide an eleven day notice of 404(b) to Mr. Jean-Pierre, after he was informed that the government would attempt to use this evidence over a year ago.

The notice provision in Rule 404(b) was added in 1991, and the Advisory Committee Notes that accompany the 1991 amendment state that notice "is intended to reduce surprise and promote early resolution on the issue of admissibility," and that "no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." *See* Fed.R.Evid. 404(b) advisory committee's note (1991); *United States v. Carrasco,* 381 F.3d 1237, 1241 (11th Cir.2004) (per curiam); *United States v. Vega,* 188 F.3d 1150, 1152–55 (9th Cir.1999).   In *United States v. Blount*, 502 F.3d 674, 678 (7th Cir. 2007), the Court found that a week was proper time for notice under 404(b).   In *United States v. Lujan*, 2011 WL 13210276, (United States District Court, District of New Mexico, 2011), the Court's order for a capital murder case was to disclose 404(b) evidence five days before trial.   The Eleventh Circuit upheld a ruling from the District Court where the prosecution provided 404(b) notice a day before trial.   *See United States v. Carswell*, 178 Fed.Appx. 1009, 1011-1012 (11th. Cir. 2006).   Based on the defendant's past notice of the government's desire to

use this evidence and providing written notification 11 days before a trial meets the committee's intent to avoid any surprises.

The notice offered by the Government is sufficiently detailed to comply with the requirements of Fed. R. Evid. 404(b). The text of Rule 404(b) expressly states that the Government need only describe the "general nature" of the evidence it intends to introduce under the rule. Fed. R. Evid. 404(b); *see also United States v. Watt*, 911 F. Supp. 538, 556 (D.D.C. 1995); *United States v. Richardson*, 837 F. Supp. 570, 575-76 (S.D.N.Y. 1993). In fact, the notes of the Advisory Committee responsible for the rule indicate that the Committee specifically considered and rejected a "particularity" requirement when it amended Rule 404(b) to establish the pre-trial notice requirement. *See* Fed. R. Evid. 404, Advisory Committee Notes, 1991 amendment. Instead, "the Committee opted for a generalized notice provision that requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts." *Id.* Courts have routinely denied requests by defendants for greater particularity in Rule 404(b) notices in connection with notices that were far less detailed than the notice in this case. *See, e.g.*, *United States v. Kern*, 12 F.3d 122, 124 (9th Cir. 1993) (holding that the government's statement that it "might use evidence from local robberies" was sufficient to describe the general nature of the acts under Rule 404(b)); *United States v. Schoeneman*, 893 F. Supp. 820, 823 (N.D. Ill. 1995) (holding that the government need not "turn over specific evidentiary detail" in a 404(b) notice); *United States v. Rusin*, 889 F. Supp. 1035, 1036 (N.D. Ill. 1995) (rejecting defendant's argument that a Rule 404(b) notice requires the government to disclose "dates, places, and persons involved in specific acts; documents that pertain to the acts, a statement of the issues to which

3

the government believes the evidence may be relevant . . ."); *see also United States v. Russell*, 109 F.3d 1503, 1507 (10th Cir. 1997) (holding notification that government might offer "prior and subsequent conduct involving the distribution of controlled substances" to be adequate under the rule).

The Government is aware of no case law requiring its notice to pigeonhole the Rule 404(b) evidence the Government may seek to offer with the particularity Defendant requests. While it is true that before specific evidence may be admitted under Rule 404(b), it must be found admissible under one or more of the Rule 404(b) categories, *see, e.g.*, *United States v. Higgins*, 282 F.3d 1261, 1274 (10th Cir. 2002); *United States v. Record*, 873 F.2d 1363, 1374 (10th Cir. 1989), such a finding is not required at this juncture. This is particularly so when, as in this case, there is no indication of the particular defenses a defendant may pursue. At this juncture, a requirement forcing the Government to articulate the precise theory under which Rule 404(b) evidence may be admissible, and the precise aspects of prior incidents that would support such a theory, would require the attorneys for the Government to know with precision exactly what issues Defendant will contest and what approaches he will pursue at trial.

It is for just this reason that courts have regularly recognized the wisdom of deferring a ruling on the admissibility of evidence under Rule 404(b) until trial. *See, e.g.*, *United States v. Eisenberg*, 773 F. Supp. 662, 685 (D.N.J. 1991) ("Questions as to the admissibility of prior bad acts under Rule 404(b) are properly asserted during trial, not at the pretrial stage."); *United States v. Vastola*, 670 F. Supp. 1244, 1268 (D.N.J. 1987) ("It would be unduly speculative to try

4

to resolve [Rule 404(b) and other issues that require the balancing of the prejudicial effect of the evidence against the probative value] without developing the factual context of the case.").

The rule to exclude evidence is "extraordinary remedy ... which should be used sparingly since it permits the trial court to **exclude** concededly probative **evidence**." *United States v. Wright,* 392 F.3d 1269, 1276 (11th Cir.2004), *cert. denied,* 544 U.S. 968, 125 S.Ct. 1751, 161 L.Ed.2d 615 (2005). *1013 Rule **404**(**b**) "is a rule of inclusion." *Baker,* 432 F.3d at 1204–05. Both the "rules and practice favor the admission of **evidence** rather than its exclusion if it has any probative value at all." *Young v. Illinois Cent. Gulf R.R. Co.,* 618 F.2d 332, 337 (5th Cir.1980).

Dated this 8th day of January, 2019.

JASON R. DUNN
United States Attorney

by: *s/ Jeremy Sibert*
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado   80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Email: Jeremy.Sibert@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 8th day of January 2019, I electronically filed the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTION TO 404(B)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

**Cliff Barnard**

by: *s/ Jeremy Sibert*_____
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado   80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Email: Jeremy.Sibert@usdoj.gov