IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  GUY M. JEAN-PIERRE,
    a/k/a Marcello Dominguez de Guerra,

        Defendant.

---

**GOVERNMENT'S MOTION TO AMEND THE SPECIFIC DATES ALLEGED IN COUNTS 12-16 OF THE SECOND SUPERSEDING INDICTMENT**

---

The United States, by and through Jeremy Sibert, Assistant United States Attorney, moves the Court to amend the dates alleged in the second superseding indictment in counts 12-16 on the ground a review of the evidence to be presented reflects dates slightly different from the dates alleged (between 4 days and 184 days). The government submits changing the dates alleged on an indictment comes within the ministerial duties permitted by the court.

Specifically the government requests the court to amend those counts of the indictment as follows:

    Count 12 to 12/13/13 from 1/4/13

    Count 13 to 3/7/13 from 9/12/13

    Count 14 to 4/11/13 from 3/31/13

    Count 15 to 8/19/13 from 8/13/13

    Count 16 to 8/30/13 from 8/26/13.

ARGUMENT

While modification of the essential terms of an indictment requires resubmission to the grand jury, courts may amend an indictment as to a "matter of form." *See Russell v. United States*, 369 U.S. 749, 771 (1962); *United States v. Rosenbaum*, 628 F. App'x 923, 929 (6th Cir. 2015). Accordingly, courts allow "ministerial corrections of clerical errors in names, dates, and citations, so long as the change would not deprive the defendant of notice of the charges against him." *United States v. Dowdell*, 595 F.3d 50, 68 (1st Cir. 2010); *see also United States v. Simms*, 351 F. App'x 64, 66-68 (6th Cir. 2009).

Correcting the date alleged in an indictment is a matter of form rather than substance and is permitted. *See, e.g., United States v. Barnett*, 89 F. App'x 906, 907 n. 1 (6th Cir. 2003) (quoting *United States v. Leichtnam*, 948 F.2d 370, 376 (7th Cir. 1991)) ("Unless the particular date is an important element of the charged offense," "a formal change to the date specified in the indictment . . . will not impermissibly amend the indictment-- so long, in general, as the evidence shows that the offense was the one charged and that it was committed on a date before the indictment and within the statute of limitations."); *United States v. Powell*, 564 F.2d 256, 259 (8th Cir. 1977) (allowing the government to "amend a clerical error as to the date of the crime" was permissible "as long as the date was not a material element of the crime charged and defendant is unable to point to any prejudice").

For example, in *Rosenbaum*, the court found amending an indictment to change the date from April 2008 to August 2007 was "a permissible change in form" where the

defendant was on notice of the actual date of her conduct. *See* 628 F. App'x at 929. Similarly, in *United States v. Nicosia*, the Seventh Circuit approved an amendment to correct a clerical error in the indictment which had placed the offense two months earlier than it actually occurred, on the ground that "[t]he change was immaterial to the charge" and the defendant had shown "no prejudice to his defense." *See* 638 F.2d 970, 976 (7th Cir. 1980); *see also*, *e.g., Krana v. United States*, 546 F.2d 785, 786 (8th Cir. 1976) (change of date of alleged offense from May 1975 to May 1976 permissible where defendant failed to show that he was prejudiced); *United States v. Mitov*, 460 F.3d 901, 906-07 (7th Cir. 2006) (amendment permissible where date changed from June 1, 2001 to July 13, 2001 and no prejudice shown); *United States v. Bush*, 659 F.2d 163, 166 n. 29 (D.C. Cir. 1981) (citing cases).

      The Tenth Circuit has recognized that an impermissible constructive amendment of an indictment occurs when "a defendant may have been convicted of a charge that had not been brought by the grand jury."  *United States v. Kalu,* 791 F.3d 1194, 1206 (10th Cir. 2015).   In *United States v. Henderson*, 179 Fed. Appx. 535 (10th Cir. 2006), the court, citing *Leichtnam*, concluded that the change of starting dates concerning a continuing criminal enterprise that resulted in a shorter time period than the grand jury charged was not a constructive amendment of the indictment but only a change of form. In *United States v. Ladue,* 208 Fed. Appx 680 (10th Cir. 2016) the court held changing the date on an involuntary manslaughter indictment by one month was not a constructive amendment and was permissible.   See also *United States v. Berroa*, 856 F.3d 141, 157 (1st Cir 2017)(change in date by 14 months).

Rather than suggest or argue the times as alleged in the second superseding indictment fall within "on or about," the government submits it would be best for the court to amend those counts as noted herein. In *United States v. Pina*, 974 F.2d 1241 (10th Cir. 1992), the court concluded that the timeliness of the motion by the government is a critical factor in determining if a change is merely a matter of form or substance. The court stated that the government's failure to move for the amendment at the beginning of the trial, where the amendment would have been a formal correction, was a waiver of such amendment. *Id*. at 1244. Key factors in determining if a change is of form or substance include whether the change surprises the defendant, misleads the defendant, does not subject the defendant to additional burdens, and does not prejudice the defendant. *Id*. at 1242-1243. Here, the allegations of the conspiracy in count 1, which are incorporated into the wire fraud counts at issue (paragraph 12 of the second superseding indictment) reflect a time period (March 25, 2011 to May 15, 2014) covering the amendments requested herein.

Counsel for the defendant have been advised of this motion and have indicated the defendant objects to the motion.

Dated this 11th day of January, 2019.ebruary, 2009.

        Respectfully submitted,

        JASON DUNN
        United States Attorney

s/Jeremy Sibert
        ***Jeremy S. Sibert***
        Assistant U.S. Attorney
        1801 California, Suite 1600
        Denver, Colorado  80202
        (303) 454-0100
        FAX: (303) 454-0401
        Email: Jeremy.sibert@usdoj.gov
        Attorney for the government