IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  GUY M. JEAN-PIERRE,
    a/k/a Marcello Dominguez de Guerra,

        Defendant.
_____

GOVERNMENT'S AMENDED STIPULATED JURY INSTRUCTIONS
_____

        The United States of America, by and through Assistant United States Attorney

Jeremy Sibert, after consultation with counsel for the defendant, submits its amended

stipulated set of jury instructions with authority.

                                   Jason Dunn
                                   United States Attorney

                                   By:  s/ *Jeremy Sibert*
                                   Jeremy Sibert
                                   Assistant United States Attorney
                                   1801 California Street, Suite 1600
                                   Denver, Colorado 80202
                                   Telephone: 303-454-0216
                                   Facsimile: 303-454-0402
                                   E-mail:  jeremy.sibert@usdoj.gov
                                   Attorney for the United States

STATEMENT OF THE CASE

The defendant Guy M. Jean-Pierre is charged in a 29-count second superseding indictment with violations of federal criminal laws:  one count of conspiracy to commit mail, wire and securities fraud, 20 counts of wire fraud, 4 counts of mail fraud, 3 counts of securities fraud and one count of money laundering.  The indictment also contains a forfeiture allegation regarding the proceeds of the alleged frauds.

The conspiracy and fraud counts allege a scheme to defraud FusionPharm investors, a microcap stock traded on the Over-the-Counter market.  The scheme included the defendant preparing and transmitting documents and assisting others in the preparation of documents that: (a) allowed FusionPharm control person(s)/co-conspirator(s) to sell stock in violation of securities laws in order to fund FusionPharm; (b) falsely portrayed deposits of proceeds from the sale of FusionPharm common stock as convertible debt obligations owed to affiliate companies of FusionPharm, Bayside and Meadpoint; (c) falsely portrayed Microcap, Bayside, and Meadpoint as non-affiliates of FusionPharm; (d) concealed the role of other co-conspirators in the FusionPharm business; (e) falsely represented that the quarterly and annual disclosure documents and financial statements constituted adequate current information about FusionPharm; and (f) failed to disclose his role in drafting documents for another attorney to sign and represent as the other attorney's own work product.  The conspiracy count alleges an agreement and overt acts involving the defendant and others in the posting of false documents on the Over-the-Counter website and the selling of FusionPharm stock on the penny stock market.  These offenses allegedly occurred between 2011 and 2014.

Other wire fraud counts allege a similar scheme to defraud involving the defendant acting in a similar role in a scheme that involved law enforcement personnel and their agents acting in an undercover role which occurred in February through April 2016.  The money laundering count alleges the defendant knowingly conducted or attempted to conduct a financial transaction affecting interstate and foreign commerce involving property that was proceeds of securities fraud or wire fraud which was intended to conceal and disguise the location, source, ownership and control, of the financial transaction.

The defendant denies these charges and has plead not guilty to them.

PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision.  But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented by two assistant United States Attorneys, Jeremy Sibert and Robert Brown.  The defendant Guy M. Jean-Pierre is represented by his lawyers Clifford Barnard and Thomas Goodreid .

The Indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else.  The defendant has pleaded not guilty and is presumed innocent.  He may not be found guilty by you unless all twelve of you unanimously find that the government has proved his guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you.  Just as the indictment is not evidence, neither is the opening statement.  Its purpose is only to help you understand what the evidence will be.  It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make opening statements or may reserve his statement until later.

Evidence will be presented from which you will have to determine the facts.  The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits.

The government will offer its evidence.  After the government's evidence, the defendant's lawyer may make an opening statement and may present evidence, but he is not required to do so.  I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt.  If the defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness.  This simply means that the lawyer is re-questing that I make a decision on a particular rule of law.  Do not draw any conclusion from such objections or from my rulings on the objections.  If I sustain an objection to a question, the witness may not answer it.  Do not attempt to guess what answer might have been given if I had allowed the answer.  If I overrule the objection, treat the answer as any other.  If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations.  Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply.  Sometimes we will talk briefly, at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.  The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial, I may ask a question of a witness.  If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

If you would like to take notes during the trial, you may.  On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids.  Therefore, you should not give your notes precedence over your independent recollection of the evidence.  You should also not be unduly influenced by the notes of other jurors.  If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom

deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with the defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else.  Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received.  Do not use the internet or any other form of electronic communication to provide any information.  Simply put, do not communicate with anyone about the trial until your verdict is received.  Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves.  Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  However, a typewritten copy of the testimony will not

be available for your use during deliberations.  On the other hand, any exhibits will be available to you during your deliberations.

Now that the trial has begun, you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Mr. Sibert, you may present the opening statement for the government.

Tenth Circuit Pattern Crim. Jury Instr. §§ 1.01, 1.02 (2011).

INSTRUCTION NO. 1

INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then, I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

Tenth Circuit Pattern Crim. Jury Instr. § 1.03 (2011).

INSTRUCTION NO. 2

DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.  However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

Tenth Circuit Pattern Crim. Jury Instr. § 1.04 (2011).

INSTRUCTION NO. 3

PRESUMPTION OF INNOCENCE-BURDEN OF PROOF-REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his innocence or produce any evidence at all. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Circuit Pattern Crim. Jury Instr. § 1.05 (2011).

INSTRUCTION NO. 4

EVIDENCE-DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Tenth Circuit Pattern Crim. Jury Instr. § 1.06 (2011).

INSTRUCTION NO. 5

LAWYERS' OBJECTIONS

The lawyers for the government and the lawyer for the defendant objected to some of things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember, your verdicts must be based only on the evidence that you saw and heard here in court.

Pattern Crim. Jury Instr. 6th Cir. §1.09 (2013) (modified to change "decision" to "verdicts).

INSTRUCTION NO. 6

EVIDENCE-DIRECT AND CIRCUMSTANTIAL EVIDENCE-INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

Tenth Circuit Pattern Crim. Jury Instr. § 1.07 (2011) (modified).

INSTRUCTION NO. 7

STIPULATIONS

You have heard me say that the parties have stipulated to certain facts.  This agreement makes the presentation of any evidence to prove this fact unnecessary.  The agreement means that you may accept this fact as true without further proof.

In this case, the parties have stipulated to the following facts:

INSTRUCTION NO. 8

SUMMARIES AND CHARTS

Not received in Evidence

Certain charts and summaries have been shown to you to help explain the evidence in this case.  Their only purpose is to help explain the evidence.  These charts and summaries are not evidence or proof of any facts. u have heard me say that the parties have stipulated to certain facts.

Tenth Circuit Pattern Jury Instruction No. 1.41 (2011 ed.)(updated 2018)

INSTRUCTION NO. 9

CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

**OR**

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

Tenth Circuit Pattern Crim. Jury Instr. § 1.08 (2011) (modified).

INSTRUCTION NO. 10

ON OR ABOUT

You will note that the indictment charges that the crimes were committed on or about certain dates.  The government must prove beyond a reasonable doubt that the defendant committed the crimes reasonably near those dates.

Tenth Circuit Pattern Crim. Jury Instr. No § 1.18 (2011) (modified).

INSTRUCTION NO. 11

CONJUNCTIVE - DISJUNCTIVE

Some counts of the indictment may accuse a defendant of violating the same statute in more than one way.  In other words, the indictment may allege that the statute in question was violated by various acts which are in the indictment joined by the conjunctive "and," while the statute and the elements of the offense are stated in the disjunctive, using the word "or."  In these instances, it is sufficient for a finding of guilt if the evidence established beyond a reasonable doubt the violation of the statute by any one of the acts charged.  In order for you to return a guilty verdict, however, all twelve of you must agree that the same act has been proven.

Fed. R. Crim. P. 7(c), advisory committee notes, n. 2 (1944).  *United States v. Iverson*, 818 F.3d 1015, 1026 (10th Cir.), *cert. denied*, 137 S.Ct. 217 (2016).  *See also United States v. Gunther*, 546 F.2d 861, 868-69 (10th Cir. 1976) ("It is hornbook law that crime denounced in a statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive.") (internal citations omitted).

INSTRUCTION NO. 12

SEPARATE CRIMES

A separate crime is charged in each count of the Second Superseding Indictment.  You must separately consider the evidence on each count and return a separate verdict.

Your verdict as to any one count, whether guilty or not guilty, should not influence your verdict as to any other count.

Tenth Circuit Pattern Crim. Jury Instr. § 1.22 (2011)

INSTRUCTION NO. 13

CAUTION—CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reason-able doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for any of the crimes charged.  The fact that another person also may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crimes charged.

Tenth Circuit Pattern Crim. Jury Instr. § 1.19 (2011) (modified).

INSTRUCTION NO. 14

EVIDENCE ADMITTED FOR LIMITED PURPOSE

In certain instances, evidence may be admitted only for a particular purpose and not generally against all parties or for all purposes. For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

*United States v. Executive Recycling, Inc.,* No. 11-cr-00376-WJM, 2014 WL 10155718 (D.Colo., Jan. 13, 2014) (Final Jury Instructions) (modified to exclude provision referencing multiple parties.)

INSTRUCTION NO. 15

EXPERT WITNESS

[During the trial you heard the testimony of _____ who expressed opinions concerning _____.] In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

Tenth Circuit Pattern Crim. Jury Instr. § 1.17 (2011) (modified).

INSTRUCTION NO. 16

TRANSCRIPT OF RECORDED CONVERSATION

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Tenth Circuit Pattern Crim. Jury Instr. § 1.40 (2011) (removed title of pattern instruction "Cautionary Instruction During Trial", however according to the notes in this instruction this instruction should be given when the sound recording is played and again in the final charge).

INSTRUCTION NO. 17

COCONSPIRATOR—INFORMANT—IMMUNITY

A coconspirator is someone who joined with another person in committing a crime, voluntarily and with common intent.  The testimony of a co-conspirator may be received in evidence and considered by you, even though it is not supported by other evidence. You may decide how much weight it should have.

You are to keep in mind, however, that co-conspirator testimony should be received with caution and considered with great care. You should not convict a defendant based on the unsupported testimony of an alleged co-conspirator, unless you believe the unsupported testimony beyond a reasonable doubt.

An informant is someone who provides evidence against someone else for a personal reason or advantage. The testimony alone, if believed by the jury, may be of sufficient weight to sustain a verdict of guilt, even though not corroborated or supported by other evidence. You must examine and weigh an informant's testimony with greater care than the testimony or evidence acquired as a result of actions of an ordinary witness. You must determine whether the informant's testimony or has been affected by self-interest, by an agreement he has with the government, by his own interest in the outcome of the case, or by prejudice against a defendant.

You should not convict a defendant based on the unsupported testimony of an informant, unless you believe the unsupported testimony or evidence beyond a reasonable doubt.

Tenth Circuit Pattern Crim. Jury Instr. § 1.40 (2011, 2018) (modifying language in the first two paragraphs from accomplice to coconspirator).

INSTRUCTION 18

ACCOMPLICE—CO-DEFENDANT—PLEA AGREEMENT

The government has called as a witness an alleged accomplice, who was identified as a co-conspirator in the conspiracy alleged in the indictment.  The government has entered into a plea agreement with the witness(es), providing [e.g. for the dismissal of some charges and a recommendation of a lesser sentence than he would have otherwise likely receive.  Plea bargaining is lawful and proper, and the rules of the court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice, unless you believe that testimony beyond a reasonable doubt.  The act that an accomplice has entered a guilty plea to the offense charged is not evidence of the guilt of any other person.

Tenth Circuit Pattern Jury Instruction No. 1.15 (2011 ed.) (updated 2018)

INSTRUCTION NO. 19

SIMILAR ACTS

You have heard evidence of other crimes, acts, and wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident, and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the act charged in this case.

Tenth Circuit Pattern Crim. Jury Instr. § 1.30 (2011) (modified).

INSTRUCTION NO. 20

IMPEACHMENT BY PRIOR CONVICTION

(Witness other than Defendant)

The testimony of a witness may be discredited or impeached by showing that the witness previously has been convicted of a [felony, that is, of a crime punishable by imprisonment for a term of years] or [a crime of dishonesty or false statement].  A prior conviction does not mean that a witness I s not qualified to testify, but is merely one circumstance that you may consider in determining the credibility of the witness.  You may decide how much weight to give any [prior felony conviction][crime of dishonesty] that was used to impeach a witness.

Tenth Circuit Pattern Jury Instruciton No. 1.12 (2011 ed)(updated 2018)

INSTRUCTION NO. 21

IMPEACHMENT BY PRIOR CONVICTION

(DEFENDANT'S TESTIMONY)

You have heard evidence that the defendant and witnesses have been convicted of a felony or misdemeanor, that is, a crime punishable by imprisonment for a term of years. This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of his testimony you will believe in this trial. The fact that the defendant has been convicted of another crime does not mean that he committed the crime charged in this case, and you must not use his prior conviction as proof of the crime charged in this case. You may find him guilty of the crime charged here only if the government has proved beyond a reasonable doubt that he committed it.

Tenth Circuit Pattern Crim. Jury Instr. § 1.11 (2011 modified to include reference to misdemeanor involving a dishonest act or false statement.)

INSTRUCTION NO. 22

TESTIFYING UNDER A PSEUDONYM

The Court allowed two Federal Bureau of Investigation Undercover Agents (FBI UCA-1 and FBI UCA-2) to testify under pseudonyms (a fictitious name) at trial.  The jury is instructed not to consider the use of pseudonyms by FBI UCA-1 and FBI UCA-2 in its deliberations.

*UNITED STATES v. KURBANOV,* NO. 1:13-CR-00120 EJL, 2015 WL 5001226 (D. Idaho, Aug. 12, 2015) (Jury Instructions).

INSTRUCTION NO. 23

KNOWINGLY

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

Tenth Circuit Pattern Crim. Jury Instr. § 1.37 (2011)

INSTRUCTION NO. 24

PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

No matter what you infer, you must remember that the burden is always on the government to prove the elements of the offense charged beyond a reasonable doubt.

1A Kevin F. O'Malley *et al.*, *Fed. Jury Prac. & Instr.* § 17:07 (6th ed.) (database updated August 2017) (modified). *United States v. John*, 849 F.3d 912,920 (10th Cir. 2017).

INSTRUCTION NO. 25

COUNT 1 CONSPIRACY ELEMENTS

The defendant is charged in Count 1 with a violation of Title 18, United States Code, Section 371.  This statute makes it a crime to conspire to commit an offense against the United States or to defraud the United States or an agency of the United States, in this case the Securities and Exchange Commission.

As alleged in the indictment, the defendant is charged with conspiring with William J. Sears and Scott M. Dittman to conspire to commit wire fraud, mail fraud, or securities fraud as those offenses are described herein at Instructions ___ - ___.   The defendant is also alleged to have conspired to violate Section 5 of the Securities Act which is described herein at instructions ___-___.   The defendant is also alleged to have conspired to defraud the United States Securities and Exchange Commission by impeding, impairing, defeating or obstructing its lawful functions.

To find the defendant guilty of Count 1, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant agreed with at least one other person to violate any one of the laws described above or to defraud the SEC, as described above;

*Second*: at least one of the conspirators engaged in at least one overt act furthering any of the conspiracy's objectives;

*Third*: the defendant knew the essential objective of the conspiracy;

*Fourth*: the defendant knowingly and voluntarily participated;

*Fifth*: there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual

benefit within the scope of the conspiracy charged.

## Conspiracy—Agreement

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  Once a person becomes a member of a conspiracy, he is held legally responsible for the acts of the other members done in furtherance of the conspiracy, even though he was not present or aware that the acts were being committed.  An agreement to violate the law can be inferred by the conduct of the parties, as well as the facts and circumstances of the case.  Likewise, the jury may infer that a defendant is a knowing and voluntary participant in a conspiracy when he acts in furtherance of the conspiracy's objectives.  But mere similarity of conduct among various persons, and the fact they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.

The evidence in the case need not show that the members entered into any express or formal agreement.  Nor is it necessary that the evidence show that the members stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished.  In order to establish proof that a conspiracy existed, the evidence must show beyond a reasonable doubt that the members in some way or manner, or through some contrivance, expressly or impliedly came to a mutual understanding to try to accomplish a common and unlawful plan.

**Overt Acts**

The government must prove that at least one overt act was committed by at least one coconspirator.  An overt act is an act done in furtherance of the conspiracy.  An overt act does not itself have to be unlawful.  A lawful act may be an overt act of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that each of the defendants personally did one of the overt acts.  The government need only prove that at least one of the coconspirators, including uncharged coconspirators, committed at least one overt act in furtherance of the conspiracy.

**Membership in Conspiracy**

If you conclude from the evidence beyond a reasonable doubt that a conspiracy as charged did exist, then you must next determine whether the defendant was a member of that conspiracy; that is, whether the defendant participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.  In determining whether the defendant was a member of the conspiracy, the jury must consider only his acts and statements.  The defendant cannot be bound by the acts or declarations of other participants until it is established that a conspiracy existed, and that he was one of its members.  And mere association, standing alone, is inadequate.  However, the jury may infer the presence of a conspiracy from the defendants' conduct and other circumstantial evidence indicating coordination and concert of action.

**Interdependence**

To be a member of the conspiracy, the defendant need not know all of the other members or all of the details of the conspiracy, nor the means by which the objects

were to be accomplished.  Each member of the conspiracy may perform separate and

distinct acts.  It is necessary, however, that for the defendant to be a member of the

conspiracy, the government must prove beyond a reasonable doubt that he was aware

of the common purpose and was a willing participant with the intent to advance the

purposes of the conspiracy.  In other words, while a defendant need not participate in all

the acts or statements of the other members of the

conspiracy to be bound by them, the acts or statements must be interdependent so that

each member of the conspiracy depends upon the acts and statements of the other

conspirators to make the conspiracy succeed.

## Extent of Participation

The extent of a defendant's participation in the conspiracy is not relevant to

whether he is guilty or not guilty.  A defendant may be convicted as a conspirator even

though he plays a minor part in the conspiracy.

## Unanimity of Theory

Your verdict must be unanimous.  Count 1 accuses the defendant and/or his

coconspirators of committing several overt acts in furtherance of the conspiracy.  The

government does not have to prove all of these different acts for you to return a guilty

verdict on Count 1.  But in order to return a guilty verdict, all twelve of you must agree

upon which of the listed acts, if any, the defendant and/or his coconspirators committed

*and* that at least the defendant and/or his coconspirators committed at least one of the

acts listed.

Tenth Cir. Pattern Criminal Jury Inst. § 2.19 (2011)(modified to fit indictment)

"Interdependence" defined - *United States v. Wardell*, 591 F.2d 1279, 1291 (10th Cir. 2009) ("Interdependence is present if 'the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole.'") (quoting *United States v. Horn*, 946 F,2d 738, 740-741 (10th Cir. 1991));

Permitted inferences - *United States v. Rogers*, 556 F.3d 1130, 1138-1139 (10th Cir. 2009) ("[a]n agreement to violate the law can be inferred by the conduct of the parties, as well as the facts and circumstances of the case.  Likewise, the jury may presume a defendant is a knowing participant when he acts in furtherance of the conspiracy's objectives.") (citing *United States v. McCullough,* 457 F.3d 1150, 1160 (10th Cir. 2006); and *United States v. Green,* 175 F.3d 822, 832 (10th Cir.1999)); *United States v. Wardell*, 591 F.2d 1279, 1287 (10th Cir. 2009) ("conspiracy convictions may be based on circumstantial evidence, and the jury may infer conspiracy from the defendants' conduct and other circumstantial evidence indicating coordination and concert of action.") (quoting *United States v. Dazey,* 403 F.3d 1147, 1159 (10th Cir. 2005)).Overt acts -  *United States v. Dago,* 441 F.3d 1238, 1242 n. 1 (10th Cir.2006) (finding that the overt act requirement of 18 U.S.C. § 371 is satisfied by "any act to effect the object of the conspiracy"); *United States v. Thompson*, 518 F.3d 822, 854 (10th Cir. 2008) ("the government only had to prove that one of the members of the conspiracy committed an overt act in furtherance of the conspiracy"); and *United States v. Pursley*, 474 F.3d 757, 768 (10th Cir. 2007).

INSTRUCTION NO. 26

COUNTS 2-16 AND 24-28 WIRE FRAUD ELEMENTS

The defendant is charged in counts 2-16 and 24-28 with wire fraud, in violation of 18 U.S.C. Section 1343, or aiding and abetting this offense, in violation of 18 U.S.C. section 2(a).

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of scheme to defraud.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: the defendant devised or intended to devise a scheme to defraud, as alleged in the indictment;

Second: the defendant acted with specific intent to defraud;

Third: the defendant used interstate wire communications facilities, or caused another person to use interstate wire communications facilitates for the purpose of carrying out the scheme;

Fourth: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.  A "scheme to defraud" includes a scheme to deprive another of money, property or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.  A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of a wire was closely related to the scheme, in that the defendant sent a wire or caused a wired to e transmitted in an attempt to execute or carry out the scheme.   To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

<u>Aiding and abetting wire fraud</u>

The defendant is alternatively charged with aiding and abetting the commission of wire fraud.   Title 18, United States Code, Section 2, provides: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: someone else committed the charged crime (wire fraud); and

Second: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help that person.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Tenth Circuit Pattern Crim. Jury Instr. § 2.57 (2011) (modified);
Tenth Circuit Pattern Crim. Jury Instr. § 2.06 (2011) (modified

INSTRUCTION NO.27

USE OF INTERSTATE WIRE COMMUNICATIONS FACILITY DEFINED

The use of interstate wire or radio (wireless) communications are considered a use of an interstate wire communications facility.

Interstate communications, are communications that cross state lines.

A "Wire communication" includes telephone calls, electronic signals sent by wire (such as a fax or a financial wire), the use of the internet to send a message (such as an e-mail), and communicating with a website via the internet.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" means to send from one state to another by means of telephone or telegraph lines or by means of radio or television.

The phrase "transmits by means of wire, radio, or television communication in interstate commerce" includes a telephone conversation by a person in one state with a person in another state.

The use of a wire, radio, or television communication facility in interstate commerce is an essential element of the offense of wire fraud as charged in Counts 2-16 of the indictment. The government need not prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire, radio, or television communication to further, or to advance, or to carry out the scheme or plan to defraud.

The government must prove beyond a reasonable doubt, however, that a transmission by a wire, radio, or television communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out

the scheme to defraud. The government must also prove that the use of the wire, radio, or television communication in interstate commerce would follow in the ordinary course of business or events or that the use of the wire, radio, or television communication facility in interstate commerce by someone was reasonably foreseeable.

It is not necessary for the government to prove that the information transmitted by means of wire, radio, or television communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise, or contained any request for money or thing of value.

The government must prove beyond a reasonable doubt, however, that the use of the wire, radio, or television communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud.

Paragraph 1: *United States v. Kieffer*, 681 F.3d 1143, 1152 (10th Cir. 2012) (stating that, "By its plain terms, §1343 required the Government to prove, among other things, that Defendant (1) used interstate wire or radio (wireless) communications (2) for the purpose of executing a scheme to defraud.")

Paragraphs 2 and 3: *UNITED STATES v. EXECUTIVE RECYCLING, INC.*, et al., 2014 WL 10155718 (D.Colo., Jan 13, 2014) (Final Jury Instructions).

Paragraphs 4-9: 2 Kevin F. O'Malley *et al.*, *Fed. Jury Prac. & Instr.* § 47:08 (6th ed.) (August 2017) (modified).

INSTRUCTION NO. 28

COUNTS 17-20 MAIL FRAUD ELEMENTS

The defendant is charged in counts 17-20 with mail fraud in violation of 18 U.S.C.

Section 1341, or aiding and abetting this offense, in violation of 18 U.S.C. section 2(a).

This law makes it a crime to use the mails in carrying out a scheme to

defraud.

To find the defendant guilty of this crime you must be convinced that the

government has proved each of the following beyond a reasonable doubt:

*First*: the defendant devised or intended to devise a scheme to defraud, by

impeding, impairing, defeating and obstructing the lawful government functions of the

SEC and committing the wire fraud, mail fraud, securities fraud, and prohibitions relating

to interstate commerce and the mails, offenses charged in Counts 2 through 28 of the

indictment;

*Second*: the defendant acted with specific intent to defraud;

*Third*: the defendant mailed something, or caused another person to mail

something through a commercial interstate carrier for the purpose of carrying out the

scheme;

*Fourth*: the scheme employed false or pretenses, representations, or

promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive

persons of ordinary prudence or comprehension.  A "scheme to defraud" includes a

scheme to deprive another of money, property or the intangible right of honest services.

An "intent to defraud" means an intent to deceive or cheat someone.

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.  A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

What must be proved beyond a reasonable doubt is that the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mails was closely related to the scheme, in that the defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.   To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

<u>Aiding and abetting mail fraud</u>

The defendant is alternatively charged with aiding and abetting the commission of mail fraud.   Title 18, United States Code, Section 2, provides: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: someone else committed the charged crime (mail fraud); and

Second: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help that person.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Tenth Circuit Pattern Crim. Jury Instr. § 2.56 (2018) (modified)
Tenth Circuit Pattern Crim. Jury Instr. § 2.06 (2011) (modified

INSTRUCTION NO. 29

COUNTS 21-23 SECURITIES FRAUD ELEMENTS

*The government's proposed instruction relating to the elements for the securities fraud counts, counts 21-23, is disputed.*

INSTRUCTION NO. 30

"IN CONNECTION WITH THE PURCHASE OR SALE OF ANY SECURITY"-DEFINED"

Counts 21-23 of the indictment allege certain types of fraudulent conduct "in connection with the purchase or sale of any security." The government must prove beyond a reasonable doubt, therefore, that there were purchases or sales of securities and that the "fraud or deceit" described in the indictment had some relationship to or was connected with these sales or purchases.

The government need not show, however, that the defendant, or anyone associated with him bought or sold the securities in question.

It is sufficient to establish that there were purchases or sales or both and that the conduct was of the type that would cause reasonable investors to rely and that some did sorely.

2B Kevin F. O'Malley *et al.*, *Fed. Jury Prac. & Instr.* § 62:11 (database updated August 2017) (6th ed) (modified).

INSTRUCTION NO. 31

"THE USE OF ANY MEANS OR INSTRUMENTALITY OF INTERSTATE COMMERCE
OR OF THE MAILS, OR OF ANY NATIONAL SECURITIES EXCHANGE"-DEFINED

The term "interstate commerce" as used in these instructions means "trade or commerce in securities or any transportation or communication relating … [to such trade or commerce] among the several states…"

This element of the crime charged may be established if the government proves beyond a reasonable doubt that any means or instrumentality of interstate transportation or communication, including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable.

In this regard, however, it is not necessary for the government to prove that the defendant personally used any means or instrumentality of interstate commerce or the mails, or used a national exchange, or that such use was contemplated or intended by anyone involved in any scheme. It is sufficient for the government to prove that the defendant set forces in motion which foreseeably resulted in such use.

The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be a part of the overall scheme.

2B Kevin F. O'Malley *et al.*, *Fed. Jury Prac. & Instr.* § 62:08 (database updated August 2017).

INSTRUCTION NO. 32

GENERAL RULES AND RESTRICTIONS UNDER SECURITIES LAW

*The government's proposed instruction relating to general rules and restrictions*

*under securities law is disputed*

INSTRUCTION NO. 33

DEFINITIONS UNDER SECURITIES LAW

You are instructed the securities law relevant to this case has a number of definitions:

Security.  The term "security" means any note, stock, treasury stock, security future, security-based swap, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, fractional undivided interest in oil, gas, or other mineral rights, and put, call, straddle, option, or privilege on any security certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof), or any put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency, or, in general, any interest or instrument commonly known as a "security", or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing.

Restricted Security:  The term restricted securities means:

(i) Securities acquired directly or indirectly from the issuer, or from an affiliate of the issuer, in a transaction or chain of transactions not involving any public offering;

(ii) Securities acquired from the issuer that are subject to the resale limitations of § 230.502(d) under Regulation D or § 230.701(c);

(iii) Securities acquired in a transaction or chain of transactions meeting the requirements of § 230.144A;

(iv) Securities acquired from the issuer in a transaction subject to the conditions of Regulation CE ( § 230.1001);

(v) Equity securities of domestic issuers acquired in a transaction or chain of transactions subject to the conditions of § 230.901 or § 230.903 under Regulation S ( § 230.901 through § 230.905, and Preliminary Notes);

(vi) Securities acquired in a transaction made under § 230.801 to the same extent and proportion that the securities held by the security holder of the class with respect to which the rights offering was made were, as of the record date for the rights offering, "restricted securities" within the meaning of this paragraph (a)(3);

(vii) Securities acquired in a transaction made under § 230.802 to the same extent and proportion that the securities that were tendered or exchanged in the exchange offer or business combination were "restricted securities" within the meaning of this paragraph (a)(3); and

(viii) Securities acquired from the issuer in a transaction subject to an exemption under section 4(5) ( 15 U.S.C. 77d(5)) of the Act.

Sale or sell:  The term "sale" or "sell" shall include every contract of sale or disposition of a security or interest in a security, for value. The term "offer to sell", "offer for sale", or "offer" shall include every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security, for value. The terms defined in this paragraph and the term "offer to buy" as used in subsection (c) of section 77e of this title shall not include preliminary negotiations or agreements between an issuer (or any person directly or indirectly controlling or controlled by an issuer, or under direct or indirect common control with an issuer) and any underwriter or among underwriters who are or are to be in privity of contract with an issuer (or any person directly or indirectly controlling or controlled by an issuer, or under direct or indirect common control with an issuer). Any security given or delivered with, or as a bonus on account of, any purchase of securities or any other thing, shall be conclusively presumed to constitute a part of the subject of such purchase and to have been offered and sold for value. The issue or transfer of a right or privilege, when originally issued or transferred with a security, giving the holder of

such security the right to convert such security into another security of the same issuer or of another person, or giving a right to subscribe to another security of the same issuer or of another person, which right cannot be exercised until some future date, shall not be deemed to be an offer or sale of such other security; but the issue or transfer of such other security upon the exercise of such right of conversion or subscription shall be deemed a sale of such other security. Any offer or sale of a security futures product by or on behalf of the issuer of the securities underlying the security futures product, an affiliate of the issuer, or an underwriter, shall constitute a contract for sale of, sale of, offer for sale, or offer to sell the underlying securities. Any offer or sale of a security-based swap by or on behalf of the issuer of the securities upon which such security-based swap is based or is referenced, an affiliate of the issuer, or an underwriter, shall constitute a contract for sale of, sale of, offer for sale, or offer to sell such securities. The publication or distribution by a broker or dealer of a research report about an emerging growth company that is the subject of a proposed public offering of the common equity securities of such emerging growth company pursuant to a registration statement that the issuer proposes to file, or has filed, or that is effective shall be deemed for purposes of paragraph (10) of this subsection and section 77e(c) of this title not to constitute an offer for sale or offer to sell a security, even if the broker or dealer is participating or will participate in the registered offering of the securities of the issuer. As used in this paragraph, the term "research report" means a written, electronic, or oral communication that includes information, opinions, or recommendations with respect to securities of an issuer or an analysis of a security or an issuer, whether or not it provides information reasonably sufficient upon which to base an investment decision.

Person:  The term "person" means an individual, a corporation, a partnership, an association, a joint-stock company, a trust, any unincorporated organization, or a government or political subdivision thereof.  As used in this paragraph the term "trust" shall include only a trust where the interest or interests of the beneficiary or beneficiaries are evidenced by a security.

<u>Issuer</u>:   The term "issuer" means every person who issues or proposes to issue any security; except that with respect to certificates of deposit, voting-trust certificates, or collateral-trust certificates, or with respect to certificates of interest or shares in an unincorporated investment trust not having a board of directors (or persons performing similar functions) or of the fixed, restricted management, or unit type, the term "issuer" means the person or persons performing the acts and assuming the duties of depositor or manager pursuant to the provisions of the trust or other agreement or instrument under which such securities are issued; except that in the case of an unincorporated association which provides by its articles for limited liability of any or all of its members, or in the case of a trust, committee, or other legal entity, the trustees or members thereof shall not be individually liable as issuers of any security issued by the association, trust, committee, or other legal entity; except that with respect to equipment-trust certificates or like securities, the term "issuer" means the person by whom the equipment or property is or is to be used; and except that with respect to fractional undivided interests in oil, gas, or other mineral rights, the term "issuer" means the owner of any such right or of any interest in such right (whether whole or fractional) who creates fractional interests therein for the purpose of public offering.

<u>Underwriter</u>:  The term "underwriter" means any person who has purchased from an issuer with a view to, or offers or sells for an issuer in connection with, the distribution of any security, or participates or has a direct or indirect participation in any such undertaking, or participates or has a participation in the direct or indirect underwriting of any such undertaking; but such term shall not include a person whose interest is limited to a commission from an underwriter or dealer not in excess of the usual and customary distributors' or sellers' commission. As used in this paragraph the term "issuer" shall include, in addition to an issuer, any person directly or indirectly controlling or controlled by the issuer, or any person under direct or indirect common control with the issuer.

Dealer:  The term "dealer" means any person who engages either for all or part of his time, directly or indirectly, as agent, broker, or principal, in the business of offering, buying, selling, or otherwise dealing or trading in securities issued by another person.

17 CFR 230.144

Securities Act of 1933

INSTRUCTION NO. 34

COUNT 29 MONEY LAUNDERING ELEMENTS

The defendant is charged in Count 29 with money laundering, in violation of 18 U.S.C. section 1956(a)(3)(B), or aiding and abetting this offense, in violation of 18 U.S.C. section 2(a).

This law makes it a crime to knowingly use what is represented to be the proceeds of specified unlawful activity to conceal or disguise the nature, location, source, ownership or control of the property believed to be the proceeds of specified unlawful activity.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant conducted or attempted to conduct a financial transaction, or the defendant aided and abetted others to conduct or attempt to conduct a financial transaction;

*Second*: the financial transaction involved property that was represented by a person acting at the direction of, or with the approval of, an agent of the United States Postal Service or the United States Immigration and Customs Enforcement, to be the proceeds of specified unlawful activity;

*Third:* the financial transaction was believed by the defendant to be the proceeds wire fraud or securities fraud;

*Fourth*: the defendant conducted, or aided and abetted others to conduct the financial transaction or the attempted financial transaction with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of wire fraud or securities fraud.

The term "conducts" includes initiating, concluding, or participating in initiating or concluding, a transaction.

The term "financial transaction" means:  (A) a transaction involving the use of a financial institution that is engaged in, or the activities of which affect, interstate commerce in any way or degree; or (B) a transaction that in any way or degree affects interstate commerce, and that involves: (i) the movement of funds by wire or other means; or (ii) one or more monetary instruments; or (iii) the transfer of title to any real property, vehicle, vessel, or aircraft.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through specified unlawful activity, including the gross receipts of such activity.

"Interstate commerce" means commerce or travel between the states, territories or possessions of the United States, including the District of Columbia. It is not necessary that the defendant have intended or anticipated an effect on interstate commerce. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.

<u>Aiding and abetting money laundering</u>

The defendant is alternatively charged with aiding and abetting the commission of money laundering.   Title 18, United States Code, Section 2, provides: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime (money laundering); and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help that person.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Tenth Circuit Pattern Crim. Jury Instr. § 2.73.2 (2011) (modified).
Tenth Circuit Pattern Crim. Jury Instr. § 2.06 (2011) (modified).

INSTRUCTION NO. 35

CAUTION—PUNISHMENT

If you find the defendant guilty, it will be my duty to decide what the punishment

will be.  You should not discuss or consider the possible punishment in any way while

deciding your verdicts.

Tenth Circuit Pattern Crim. Jury Instr. § 1.20 (2011).

INSTRUCTION NO. 36

DUTY TO DELIBERATE—VERDICT FORM

In a moment, the court security officer will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdicts must be unanimous on each count of the indictment.  Your deliberations will be secret.  You will never have to explain your verdicts to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

Forms of verdicts has been prepared for your convenience.

[Explain the Verdict Forms]

The foreperson will mark the unanimous answer of the jury in the space provided for each count of the indictment on each verdict form, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict forms.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

Tenth Circuit Pattern Crim. Jury Instr. § 1.23 (2011) (modified).