IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. GUY M. JEAN-PIERRE,
   a/k/a Marcello Dominguez de Guerra,
           Defendant.
_____

## GOVERNMENT'S DISPUTED JURY INSTRUCTIONS
_____

The United States of America, by and through Assistant United States Attorney Jeremy Sibert submits two disputed jury instructions with authority.

        Jason Dunn

        United States Attorney

        By:  s/ *Jeremy Sibert*
        Jeremy Sibert
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado 80202
        Telephone: 303-454-0216
        Facsimile: 303-454-0402
        E-mail:  jeremy.sibert@usdoj.gov
        Attorney for the United States

INSTRUCTION NO. 29

COUNTS 21-23 SECURITIES FRAUD ELEMENTS

Counts 21-23 charge the defendant with committing securities fraud, or aiding and abetting the commission of securities fraud, relating to FusionPharm stock. Specifically, the defendant is charged under Title 15, United States Code, Sections 78j(b) and 78ff, and a regulation promulgated thereunder. Section 78j(b) provides in relevant part that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange—
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange Commission] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Rule 10b-5 (Title 15, United States Code, Section 78(j)(B)) was promulgated by the Securities and Exchange Commission, or the SEC, as "necessary or appropriate in the public interest" "for the protection of investors." Rule10b-5 provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
> (a)  To employ any device, scheme, or artifice to defraud,
> (b)  To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,
> (c)  To engage in any act, practice, or course of business which  operates or would operate as a fraud or deceit upon any person, in     connection with the purchase or sale of any security.

These provisions make unlawful all "intentional or willful conduct designed to deceive or defraud investors by controlling or artificially affecting the price of

securities."[1]  Such activity "mislead[s] investors by artificially affecting market activity."[2]  It "deceiv[es] investors as to how other market participants have valued a security"; the investors are "misled to believe that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators."[3]  "The basis of such manipulation is deception of investors into believing that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators."[4]

The Indictment alleges that the defendant engaged in a series of actions designed to manipulate the market price and volume of FusionPharm stock and to orchestrate artificial investor demand for FusionPharm stock.  To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant, in connection with the purchase or sale of securities,

    (a) employed any device, scheme, or artifice to defraud, or

    (b) made any untrue statement of a material fact, or

---

[1] *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976).

[2] *Santa Fe Indus. v. Green*, 430 U.S. 462, 476 (1977).

[3] *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 100 (2d Cir. 2007) (internal quotations and citation omitted); *see Ala. Farm Bureau Mut. Cas. Co., v. Inc. Am. Fidelity Life Ins. Co.*, 606 F.2d 602, 612 (5th Cir. 1979) (scheme to contrive stock trades qualifies as "manipulative" under § 10(b) because it "induce[s] investment in a company's stock").

[4] *Levy v. United States*, 626 F. App'x 319, 322 (2d Cir. 2015) (citing *Gurary v. Winehouse*, 190 F.3d 37, 45 (2d Cir.1999))

(c) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(d) engaged in a transaction, practice, or course of business which operated or would operate as a fraud and deceit on any person.

*Second*: the defendant aced knowingly, intentionally and wilfully;

*Third*: made use of, or caused the use of,

(a) any means or instrumentality of interstate commerce, or

(b) of the mails, or

(c) of any facility of any national securities exchange,

in connection with the purchase or sale of securities

*Fourth*: the defendant acted with the intent to defraud.

<u>Aiding and abetting securities fraud</u>

The defendant is alternatively charged with aiding and abetting the commission of securities fraud. Title 18, United States Code, Section 2, provides: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime (securities fraud); and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring

about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help that person.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Title 15, United States Code, Sections 78j(b)

Title 15, United States Code, Section 78(j)(B)

*United States v. Bercoon,* 15-cr-0022-LMM, N.D. Ga 2015 (instruction given).

2B Kevin F. O'Malley *et al.*, *Fed. Jury Prac. & Instr.* § 62:05, 62.07 (6th ed.) (modified to match 10th circuit format).

Tenth Circuit Pattern Crim. Jury Instr. § 2.06 (2011) (modified

INSTRUCTION NO. 32

GENERAL RULES AND RESTRICTIONS UNDER SECURITIES LAW

The Securities Act of 1933 Section 5, Titled Prohibitions relating to interstate commerce and the mails, which falls under Chapter 15 United States Code, Section 77e, states that unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly: (1) To make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise, or (2) To carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

If the issuer, a company or person, has not registered it's "securities" with the Security Exchange Commission in order to have a registration statement, the issuer must fall under an exemption in order to be able to sell the "securities." Section 4(a)(1) of Securities Act of 1933 is an exemption to all the sale of "securities" without having a registration statement for transactions by any person other than an issuer, underwriter, or dealer.  In order for an "underwriter" to be able to sell "securities" without a registration statement, an "underwriter" must look to another rule.

 One rule that would allow an underwriter to sell a "security" without a registration statement is the SAFE HARBOR RULE 144, 17 CFR 230.144 - Persons deemed not to be engaged in a distribution and therefore not underwriters.  A "person" satisfying the applicable conditions of the Rule 144 safe harbor is deemed not to be engaged in a distribution of the securities and therefore not an underwriter of the securities.

Therefore, such a person is deemed not to be an underwriter when determining whether a sale is eligible for the Section (4)(1) exemption and the sale is permitted.

Rule 144 under the Securities Act ("Rule 144") provides certain requirements for resellers to avoid being classified as an underwriter.  These rules vary on whether or not an individual is classified as an "affiliate." Rule 144(a) (1) defines an "affiliate" to mean "a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with the issuer." Rule 405 under the Securities Act defines "control" to mean "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise."

If a person is considered an affiliate, additional requirements must be met in order to sell securities since the securities will be termed "restricted securities" since the securities are acquired directly or indirectly from the issuer, or from an affiliate of the issuer, in a transaction or chain of transactions not involving any public offering.  The additional requirements include a holding period, limitation on amount of securities sold, manner of sale, and requirement for brokers' transactions to include a reasonable inquiry.

15 U.S. Code § 77e
17 C.F.R. § 230.144