IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    **GUY M. JEAN-PIERRE**,

        Defendant.

---

### DEFENDANT JEAN-PIERRE'S AMENDED DISPUTED JURY INSTRUCTIONS AND OBJECTIONS TO GOVERNMENT'S INSTRUCTIONS 26 AND 29 IN THE "GOVERNMENT'S STIPULATED JURY INSTRUCTIONS" (DOCKET # 152)

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby objects to the following jury instructions which were set forth in the *Government's Stipulated Jury Instructions* (Document No. 152) (hereinafter "Gov't's Instructions") filed on January 6, 2019 and proposes the alternate jury instructions set forth after the objections. Mr. Jean-Pierre objects to the government's following proposed jury instructions for the following reasons:

**(1)**    **INSTRUCTION NO. 26 (Counts 21-23 Securities Fraud Elements)**

The following sentence beginning paragraph 2, page 1 of the Gov't's Instruction No. 26 is unnecessary to explain any relevant legal standard to the jury and could lead to confusion of the jury:

> Rule 10b-5 (Title 15, United States Code, Section 78(j)(B)) was promulgated by the Securities and Exchange Commission, or the SEC, as "necessary or appropriate in the public interest" "for the protection of investors."

Mr. Jean-Pierre requests striking this sentence.

The formatting of the next paragraph quoting Rule 10b-5 from the Gov't's Instruction No. 26 could mislead the jury into thinking that the "in connection with the purchase or sale of any security" requirement only modifies clause (c):

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> > (a) To employ any device, scheme, or artifice to defraud,
> > (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,
> > (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

In fact, this requirement applies to all of Rule 10b-5.[1] Mr. Jean-Pierre requests replacing this paragraph with the following:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> > (a) To employ any device, scheme, or artifice to defraud,
> > (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,
> > (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,[2]
>
> And, in the case of (a), (b), and (c), in connection with the purchase or sale of any security.

The following statement beginning in the last paragraph of the Gov't's Instruction No. 26 is both unnecessary and potentially misleading in that it could cause a jury to

---

[1]   17 C.F.R. § 240.10b-5; *Blue Chip Stamps, et al. v. Manor Drug Stores*, 421 U.S. 723, 754-5 (1975).

[2]   17 C.F.R. § 240.10b-5.

believe that, for criminal liability to attach, a defendant must act *either* intentionally *or* willfully:

> These provisions make unlawful all "intentional or willful conduct designed to deceive or defraud investors by controlling or artificially affecting the price of securities.

In fact, criminal penalties can only be imposed for willful violations of Rule 10b-5 by a defendant.[3] This willful requirement is in addition to, rather than a substitute for, the *scienter* requirement for Rule 10b-5 criminal and civil liability.[4] To avoid misleading the jury about the standard for criminal liability, the Mr. Jean-Pierre requests striking the foregoing statement.

The following statements at the top of page 2 of the Gov't's Instruction No. 26, culled from case law, are both unnecessary and potentially misleading:

> "Such activity "mislead[s] investors by artificially affecting market activity."

> It "deceiv[es] investors as to how other market participants have valued a security"; the investors are "misled to believe that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators."

> "The basis of such manipulation is deception of investors into believing that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators.

The cases cited by the government in support of these statements all describe general dicta for cases of market manipulation, which is covered by clauses (a) and (c) of Rule

---

[3]   15 U.S.C § 78ff.

[4]   17 C.F.R. § 240.10b-5; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).

10b-5.[5] By contrast, the gravamen of the government's indictment is that Mr. Jean-Pierre made a material misstatement or omitted a material fact that made the statements misleading.[6] Material misstatements and omissions are covered by clause (b) of Rule 10b-5.[7] Moreover, the general statements about prices "determined by the natural interplay of supply and demand" adds unnecessary vagueness and confusion. The focus of Rule 10b-5 is on deceit, not an economist's inquiry into what constitutes natural versus unnatural supply and demand.[8] Mr. Jean-Pierre also notes that the text from *U.S. v. Levy* appears to be misquoted. Instead of "The basis of such manipulation …", that case speaks of "The gravamen of manipulation …"[9] Mr. Jean-Pierre requests striking all three of these statements.

The following statement beginning the first full paragraph of page 2 of the Gov't's

---

[5] Rule 10b-5 provides as follows:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,
(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security. 17 C.F.R. § 240.10b-5.

[6] *Government's Superseding Indictment* Counts 21-23.

[7] 17 C.F.R. § 240.10b-5.

[8] *See Santa Fe Industries, Inc., et al. v. Green et al.*, 430 U.S. 462, 472-4 (1977).

[9] *Levy v. United States*, 626 F. App'x 319, 322 (2d Cir. 2015).

Instruction No. 26 is inaccurate and misleading in that it states that the government's indictment is about market manipulation, when the gravamen of the government's indictment is about material misstatements and omissions:

> The Indictment alleges that the defendant engaged in a series of actions designed to manipulate the market price and volume of FusionPharm stock and to orchestrate artificial investor demand for FusionPharm stock.

Mr. Jean-Pierre requests striking this statement and replacing it with the following wording:

> The indictment alleges that the defendant intentionally, willfully, and knowingly made a misstatement of a material fact, namely that securities offered or sold by FusionPharm were exempted from registration with the Securities and Exchange Commission under Rule 144 under the Securities Act.
>
> The government must therefore prove beyond a reasonable doubt, that

(a) that the defendant made this alleged statement;[10]

(b) that this statement was made by defendant in connection with the purchase or sale of securities;[11]

(c) that this alleged statement was material;[12]

(d) that this alleged statement was untrue;[13]

(e) that the defendant intentionally made this alleged misstatement;[14] and

(f) that the defendant acted knowingly and willfully in making this alleged

---

[10]   17 C.F.R. § 240.10b-5; *Janus Capital Group, Inc., et al. v. First Derivative Traders*, 131 S.Ct. 2296, 2301-2 (2011).

[11]   17 C.F.R. § 240.10b-5; *Blue Chip Stamps, et al. v. Manor Drug Stores*, 421 U.S. 723, 754-5 (1975).

[12]   17 C.F.R. § 240.10b-5; *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-2 (1988).

[13]   17 C.F.R. § 240.10b-5; *Santa Fe Industries, Inc., et al. v. Green et al.*, 430 U.S. 462, 472-4 (1977) (10b-5 liability requires "manipulation or deception").

[14]   17 C.F.R. § 240.10b-5; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).

misstatement.[15]

The jury iInstructions must also include instructions on what constitutes "materiality." Therefore Mr. Jean-Pierre requests that the following be added to the end of Instruction 26:

> For purposes of this case, for a statement of a fact or an omission of a fact about the FusionPharm securities to be "material," there must be a substantial likelihood that the disclosure of the statement or omission of the fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available about FusionPharm.[16]

## (2)    INSTRUCTION NO. 29 (General Rules and Restrictions Under Securities Law)

Mr. Jean-Pierre objects to Instruction 29 because it lacks context and would mislead the jury into believing that a violation of the requirements of Rule 144 is *per se* criminal. The probability of the jury being misled by this Instruction without further context is high. In fact, the government's indictment alleges that Mr. Jean-Pierre willfully made a series of misstatements and omissions about whether FusionPharm's securities were exempt from registration under Rule 144. This means that the government must prove beyond a reasonable doubt not only that Rule 144 was not complied with (*i.e.*, that the alleged statement was false) but also a number of other elements of the alleged crime. Mr. Jean-Pierre therefore requests striking the first paragraph of Gov't .Instruction No. 29 and replacing it with the following.

> The government alleges that the defendant intentionally, willfully, and knowingly made a misstatement of a material fact, namely that securities offered or sold by FusionPharm were exempted from registration with the Securities and Exchange Commission under Rule 144 under the Securities Act.

---

[15]   15 U.S.C §§ 78j, 78ff.

[16]   *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-2 (1988).

The government must therefore prove beyond a reasonable doubt, that

(a) that the defendant made this alleged statement;[17]

(b) that this statement was made by defendant in connection with the purchase or sale of securities;[18]

(c) that this alleged statement was material;[19]

(d) that this alleged statement was untrue;[20]

(e) that the defendant intentionally made this alleged misstatement;[21] and

(f) that the defendant acted knowingly and willfully in making this alleged misstatement.[22]

In addition, Mr. Jean-Pierre requests the additional statement in Gov't's Instruction No. 29 to clarify that a violation of Rule 144 is not *per se* criminal and to explain to the jury why the following statements in the Gov't's Instruction No. 29 on Rule 144 have been included:

In order to prove part (d) above, the government must prove beyond a reasonable doubt that the securities offered or sold by FusionPharm were *not* subject to an exemption under Rule 144 and that the securities were not otherwise registered with the Securities and Exchange Commission or exempt from registration. However, even if the government proves this, it must still prove all of

---

[17]   17 C.F.R. § 240.10b-5; *Janus Capital Group, Inc., et al. v. First Derivative Traders*, 131 S.Ct. 2296, 2301-2 (2011).

[18]   17 C.F.R. § 240.10b-5; *Blue Chip Stamps, et al. v. Manor Drug Stores*, 421 U.S. 723, 754-5 (1975).

[19]   17 C.F.R. § 240.10b-5; *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-2 (1988).

[20]   17 C.F.R. § 240.10b-5; *Santa Fe Industries, Inc., et al. v. Green et al.*, 430 U.S. 462, 472-4 (1977) (10b-5 liability requires "manipulation or deception").

[21]   17 C.F.R. § 240.10b-5; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).

[22]   15 U.S.C §§ 78j, 78ff.

the other elements of the alleged crime. Mere failure by FusionPharm to comply with Rule 144 or with registration requirements under the Securities Act of 1933 is not enough to find the defendant guilty.

The remaining part of this instruction includes a description of the registration requirements under the Securities Act and a description of the requirements of Rule 144.

Mr. Jean-Pierre requests the following minor changes to Gov't's Instruction No. 29 to make the statements therein accurate and less confusing:

a.      In the second paragraph, replace "Section 4(a)(1) is an exception…" with the following: "Section 4(a)(1) is one exception." This clarifies that there are other exceptions to the registration requirements under the Securities Act of 1933 in addition to Rule 144.

b.      In the next paragraph, add to the end of the following sentence: "These rules vary on whether or not an individual is classified as an 'affiliate,'" the words: "of the issuer." This clarifies how Rule 144 operates.[23]

c.      In the first sentence of the next paragraph, immediately after the following: "If a person is considered an affiliate, additional requirements must be met in order to sell securities," insert the following phrase: "to qualify under the Rule 144 safe harbor exemption from registration." This clarifies that the government's specific allegation in this part of the case is that Rule 144 was not complied with.

In the next paragraph in the last sentence of Gov't's Instruction No. 29, the inclusion of the "requirement for broker's transactions to include a reasonable inquiry" is both unnecessary and seriously misleading:

The additional requirements include a holding period, limitation on amount of securities sold, manner of sale, **and requirement for brokers' transactions to**

---

[23]   17 C.F.R. § 240.144(b)(2).

> **include a reasonable inquiry**. [emphasis added]

Rule 144(g) does include a number of requirements with respect to broker's transactions. However, these requirements are not relevant to this case. The government's inclusion of this phrase suggests Mr. Jean-Pierre should have made reasonable inquiries specified in Rule 144(g). But it is the broker not the issuer of securities or any of the issuer's officers, attorneys, or employees who must make this inquiry. This inquiry required of brokers involves asking either of "other brokers or dealers"[24] or the broker's customers[25] whether anyone has an interest in purchasing the securities in question. In no way did this provision impose an obligation on Mr. Jean-Pierre. Because this language is both unnecessary, overly suggestive, and seriously misleading, Mr. Jean-Pierre requests striking the phrase "and requirement for brokers' transactions to include a reasonable inquiry."

In that same paragraph beginning "If a person is considered an affiliate…," the government must also establish that the FusionPharm securities constituted "restricted securities" under Rule 144 in order to prove that Rule 144 was not complied with. The government must prove this in order to prove that the alleged statement that FusionPharm securities were exempt under that regulation was in fact a false statement.[26] Mr. Jean-Pierre therefore requests that the following statement be added to the end of that paragraph:

> In order to prove that Rule 144 was not complied with and that the alleged statement that FusionPharm securities were exempt from registration under that

---

[24]   17 C.F.R. § 240.144(g)(3)(i).

[25]   17 C.F.R. § 240.144(a)(3).

[26]   17 C.F.R. § 240.144(a)(3).

regulation was in fact false, the government must prove beyond a reasonable doubt among other things that these securities constituted "restricted securities" under Rule 144. Instruction No. 30 sets forth the relevant legal definition of "restricted securities."

**(3)**     **Defendant's Proposed Jury Instructions**

Mr. Jean-Pierre submits the following proposed jury instructions to replace the government's proposed instructions on these matters:

DEFENDANT'S INSTRUCTION NO. A

Counts 21-23 Securities Fraud Elements

Counts 21-23 charge the defendant with committing securities fraud, or aiding

and abetting the commission of securities fraud, relating to FusionPharm stock.

Specifically, the defendant is charged under Title 15, United States Code, Sections

78j(b) and 78ff, and a regulation promulgated thereunder. Section 78j(b) provides in

relevant part that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce or of the mails, or of any facility of any
> national securities exchange—
>
> > (b) To use or employ, in connection with the purchase or sale of any
> > security registered on a national securities exchange or any security not
> > so registered, ... any manipulative or deceptive device or contrivance in
> > contravention of such rules and regulations as the [Securities and
> > Exchange Commission] may prescribe as necessary or appropriate in the
> > public interest or for the protection of investors.

> Rule 10b-5 provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce, or of the mails or of any facility of any
> national securities exchange,
>
> > (a) To employ any device, scheme, or artifice to defraud,
> > (b) To make any untrue statement of a material fact or to omit to state a
> > material fact necessary in order to make the statements made, in the light
> > of the circumstances under which they were made, not misleading,
> > (c) To engage in any act, practice, or course of business which operates
> > or would operate as a fraud or deceit upon any person,[27]

> and, in the case of (a), (b), and (c), in connection with the purchase or sale of
> any security.

---

[27]   17 C.F.R. § 240.10b-5; *Blue Chip Stamps, et al. v. Manor Drug Stores*, 421 U.S.
723, 754-5 (1975).

The indictment alleges that the defendant intentionally, willfully, and knowingly made a misstatement of a material fact, namely that securities offered or sold by FusionPharm were exempted from registration with the Securities and Exchange Commission under Rule 144 under the Securities Act.

The government must therefore prove beyond a reasonable doubt, that

(a) that the defendant made this alleged statement;[28]

(b) that this statement was made by defendant in connection with the purchase or sale of securities;[29]

(c) that this alleged statement was material;[30]

(d) that this alleged statement was untrue;[31]

(e) that the defendant intentionally made this alleged misstatement;[32] and

(f) that the defendant acted knowingly and willfully in making this alleged misstatement.[33]

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

---

[28]   17 C.F.R. § 240.10b-5; *Janus Capital Group, Inc., et al. v. First Derivative Traders*, 131 S.Ct. 2296, 2301-2 (2011).

[29]   17 C.F.R. § 240.10b-5; *Blue Chip Stamps, et al. v. Manor Drug Stores*, 421 U.S. 723, 754-5 (1975).

[30]   17 C.F.R. § 240.10b-5; *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-2 (1988).

[31]   17 C.F.R. § 240.10b-5; *Santa Fe Industries, Inc., et al. v. Green et al.*, 430 U.S. 462, 472-4 (1977) (10b-5 liability requires "manipulation or deception").

[32]   17 C.F.R. § 240.10b-5; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).

[33]   15 U.S.C §§ 78j, 78ff.

*First*: the defendant, in connection with the purchase or sale of securities,

> (a) employed any device, scheme, or artifice to defraud, or

> (b) made any untrue statement of a material fact, or

> (c) omitted to state a material fact necessary in order to make the

statements made, in the light of the circumstances under which they were made, not

misleading; or

> (d) engaged in a transaction, practice, or course of business which

operated or would operate as a fraud and deceit on any person.

*Second*: the defendant acted knowingly, intentionally and wilfully;

*Third*: the defendant made use of, or caused the use of,

> (a) any means or instrumentality of interstate commerce, or

> (b) of the mails, or

> (c) of any facility of any national securities exchange,

in connection with the purchase or sale of securities

*Fourth*: the defendant acted with the willfull intent to defraud.

For purposes of this case, for a statement of a fact or an omission of a fact about

the FusionPharm securities to be "material," there must be a substantial likelihood that

the disclosure of the statement or omission of the fact would have been viewed by the

reasonable investor as having significantly altered the "total mix" of information made

available about FusionPharm."[34]

<u>Aiding and abetting securities fraud</u>

---

[34]    *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-2 (1988).

The defendant is alternatively charged with aiding and abetting the commission of securities fraud. Title 18, United States Code, Section 2, provides: "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

This law makes it a crime to intentionally help someone else commit a crime. To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: someone else committed the charged crime (securities fraud); and

*Second*: the defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help that person.

The defendant need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its commission to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

Title 15, United States Code, Sections 78j(b)

Title 15, United States Code, Section 78(j)(B)

2B Kevin F. O'Malley *et al*., *Fed. Jury Prac. & Instr.* § 62:05, 62.07 (6th ed.) (modified to match 10th Ccircuit format).

Tenth Circuit Pattern Jury Instruction No. 1.12 (2011 ed.) (updated 2018) (modified).

DEFENDANT'S INSTRUCTION NO. B

General Rules and Restrictions Under Securities Law

The indictment alleges that the defendant intentionally, willfully, and knowingly made a misstatement of a material fact, namely that securities offered or sold by FusionPharm were exempted from registration with the Securities and Exchange Commission under Rule 144 under the Securities Act.

The government must therefore prove beyond a reasonable doubt, that

(a) that the defendant made this alleged statement;[35]

(b) that this statement was made by defendant in connection with the purchase or sale of securities;[36]

(c) that this alleged statement was material;[37]

(d) that this alleged statement was untrue;[38]

(e) that the defendant intentionally made this alleged misstatement;[39] and

(f) that the defendant acted knowingly and willfully in making this alleged misstatement.[40]

---

[35]   17 C.F.R. § 240.10b-5; *Janus Capital Group, Inc., et al. v. First Derivative Traders*, 131 S.Ct. 2296, 2301-2 (2011).

[36]   17 C.F.R. § 240.10b-5; *Blue Chip Stamps, et al. v. Manor Drug Stores*, 421 U.S. 723, 754-5 (1975).

[37]   17 C.F.R. § 240.10b-5; *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-2 (1988).

[38]   17 C.F.R. § 240.10b-5; *Santa Fe Industries, Inc., et al. v. Green et al.*, 430 U.S. 462, 472-4 (1977) (10b-5 liability requires "manipulation or deception").

[39]   17 C.F.R. § 240.10b-5; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).

[40]   15 U.S.C §§ 78j, 78ff.

In order to prove part (d) above, the government must prove beyond a reasonable doubt that the securities offered or sold by FusionPharm were *not* subject to an exemption under Rule 144 and that the securities were not otherwise registered with the Securities and Exchange Commission or exempt from registration. However, even if the government proves this, it must still prove all of the other elements of the alleged crime. Mere failure by FusionPharm to comply with Rule 144 or with registration requirements under the Securities Act of 1933 is not enough to find the defendant guilty.

The remaining part of this instruction includes a description of the registration requirements under the Securities Act and a description of the requirements of Rule 144.

If the issuer, a company or person, has not registered it's "securities" with the Security Exchange Commission in order to have a registration statement, the issuer must fall under an exemption in order to be able to sell the "securities."

Section 4(a)(1) of the Securities Act of 1933 is one exemption to the sale of "securities" without having a registration statement for transactions by any person other than an issuer, underwriter, or dealer. In order for an "underwriter" to be able to sell "securities" without a registration statement, an "underwriter" must look to another rule.

One rule that would allow an underwriter to sell a "security" without a registration statement is the Safe Harbor Rule 144, 17 CFR 230.144 - Persons deemed not to be engaged in a distribution and therefore not underwriters. A "person" satisfying the applicable conditions of the Rule 144 safe harbor is deemed not to be engaged in a distribution of the securities and therefore not an underwriter of the securities.

-16-

Therefore, such a person is deemed not to be an underwriter when determining whether a sale is eligible for the Section (4)(1) exemption and the sale is permitted.

Rule 144 under the Securities Act ("Rule 144") provides certain requirements for resellers to avoid being classified as an underwriter. These rules vary on whether or not an individual is classified as an "affiliate"of the issuer. Rule 144(a)(1) defines an "affiliate" to mean "a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with the issuer." Rule 405 under the Securities Act defines "control" to mean "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise."

If a person is considered an affiliate, additional requirements must be met in order to sell securities to qualify under the Rule 144 Safe Harbor exemption from registration since the securities will be termed "restricted securities" since the securities are acquired directly or indirectly from the issuer, or from an affiliate of the issuer, in a transaction or chain of transactions not involving any public offering. The additional requirements include a holding period, limitation on the amount of securities sold, and the manner of sale. In order to prove that Rule 144 was not complied with and that the alleged statement that FusionPharm securities were exempt from registration under that regulation was in fact false, the government must prove beyond a reasonable doubt among other things that these securities constituted "restricted securities" under Rule 144. Instruction Number 30 sets forth the relevant legal definition of "restricted securities."

DATED this 11th day of January, 2019.

Respectfully submitted,

s/Clifford J. Barnard

_____
Clifford J. Barnard
Clifford J. Barnard, Attorney at Law
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email: cliffbarnard@earthlink.net
Attorney for Defendant Jean-Pierre

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2019, I electronically filed the

foregoing *Defendant Jean-Pierre's Amended Disputed Jury Instructions and Objections*

*to Government's Instructions 26 and 29 in the "Government's Stipulated Jury*

*Instructions" (Docket # 152)* with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert          *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following

non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-

participant's name:

Guy Jean-Pierre                    *Via U.S. Mail*
Register # 78606-054
Independence House South
2765 S. Federal Blvd.
Denver, CO 80236

s/Clifford J. Barnard

_____
Clifford J. Barnard
Attorney for Defendant Jean-Pierre

-18-