IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1.  GUY M. JEAN-PIERRE
    a/k/a Marcello Dominguez de Guerra

    Defendant.

## DEFENDANT'S MOTION FOR RECONSIDERATION
## OF ADMISSION OF GOVERNMENT'S EXHIBIT #446

Defendant Guy M. Jean-Pierre, through counsel, moves for reconsideration of the Court's ruling admitting into evidence the William Sears plea agreement [Govt. Exhibit 446].[1]

Background: Mr. Sears testified on direct examination over the course of three days. The bulk of his testimony consisted of identifying documents (most of them emails) related to the "historical case" and explaining the context and meaning of video and audio evidence related to the Government's undercover operation. This afternoon the defense conducted a brief cross-examination of Mr. Sears. On re-direct, the Government asked Mr. Sears a question or two and then requested the Court's permission to question Sears about his plea agreement.

The prosecution quickly moved from that feint, though, to moving that Sears's

---

[1] It is not too late at this juncture to "un-ring the bell" because this Exhibit has not yet been published to the jury.

plea agreement be admitted substantively into evidence, purportedly so that Sears could be questioned about the statement of facts in that document.   The defense objected to admission of the plea agreement.   After considering the arguments of the parties and engaging in a colloquy with the parties, the Court admitted the plea agreement into evidence as Government Exhibit #446.[2]   Incredibly, though, the Government then declined to ask Mr. Sears any questions whatsoever about the plea agreement.

The Exhibit:   The Sears plea agreement contains a 29-page statement of the factual basis for Sears's guilty plea.   This statement contains an in-depth recitation and explanation of the "historical case", which the Government is attempting to prove against Mr. Jean-Pierre in the trial of this case.   Mr. Jean-Pierre is referred to in the statement of facts as "Co-Conspirator A", but his identity is easily discernible by anyone with even a passing knowledge of this case.

The Law:   The plea agreement is clearly hearsay because the plea agreement was offered for the proof of the matters put forth in the statement of facts contained in the plea agreement.   As such, the plea agreement should not be admitted into evidence.   In arguing this matter this afternoon, the prosecution argued that the plea agreement be admitted as an exception to the hearsay rule under Fed.R.Evid. 803(5). However, under Fed.R.Evid. 803(5), a record may be admitted into evidence, irrespective of the availability of the declarant, only when the record:   "(A) is on a matter the witness once knew about but now cannot recall well enough to testify fully

---

[2] Again, though, as noted, *supra.*, the Exhibit was not published to the jury because of a paucity of copies.

and accurately;[3] (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge.  In addition, the Rule goes on to state that "[i]f admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party.

<u>Admissibility</u>:   The Sears plea agreement thus fails to be admissible on several grounds under the Rule.   To begin with, by failing to ask Sears any predicate questions, the Government did not establish that the plea agreement dealt with a matter that the witness once knew about but could now cannot recall well enough to testify fully and accurately.   Secondly, the Government did not have Sears establish that the statement of facts within the plea agreement was made by the witness when then matter was fresh in Sears' mind[4] or that the statement of facts accurately reflected his knowledge.   Finally, the plea agreement was not read into evidence, and the document certainly was not offered as an exhibit by the adverse party, namely the defense.   For each of these reasons, the Sears plea agreement should not be in evidence.

Moreover, the defense respectfully urges the Court to consider the following. For much of the three days that Mr. Sears testified, the prosecution clearly was frustrated by the substance of his testimony and by the Government's inability to elicit information from Sears that was consistent with the Government's theory of prosecution of Defendant Guy Jean-Pierre.   Instead of being stuck with that unhelpful

---

[3] A witness's inability to testify fully and accurately from memory is foundational element for admission of a record under Fed.R.Evid. 803(5).   <u>United States v. Dazey</u>, 403 F.3d 1147, 1166 (10th Cir. 2005).
[4] Indeed, the statement of facts references matters that occurred years before 2016, when Sears executed the plea agreement.

testimony of its own witness, though, the Government, at the final point of Sears' time on the witness stand, under the guise of supposedly intending to question him about his plea agreement, instead got something infinitely better:  admission of the plea agreement itself, which contains in the statement of facts a very nice, neat, written explanation of the complicated historical case, which implicates Defendant Jean-Pierre.  With this plea agreement in evidence, in closing argument, the Government need not address Sears's live testimony whatsoever; all the prosecution need do is refer the jury to the statement of facts in Sears' plea agreement.  The Court should not countenance this end-run-around by the Government and should instead keep the plea agreement out of evidence.

Moreover, the Court also should keep the Sears plea agreement out of evidence because the document, as admitted, implicates Defendant Jean-Pierre's 6th Amendment Confrontation Clause rights.  The statement of facts in the plea agreement is a confession by Sears of his wrongdoing in the historical case and, as noted previously, implicates Jean-Pierre.  However, since by and large Sears did not testify to his "confession" on his direct examination, the defense did not cross-examine on the topic.  Since the confession now has come in, only on re-direct, with no further opportunity for questions by the defense, Mr. Jean-Pierre has been denied the opportunity to confront Sears about the confession.  This would seem a problem under Crawford v. Washington, 541 U.S. 36 (2004) and its progeny and might constitute reversible error.

For all the foregoing reasons, therefore, Defendant Jean-Pierre respectfully urges that the Court reconsider its ruling earlier today and instead keep the Sears

plea agreement out of evidence.

Dated this 16th day of January, 2019.

>Respectfully submitted,
>
>
>s/Thomas E. Goodreid
>Thomas E. Goodreid
>Attorney at Law
>1801 Broadway, Suite 1400
>Denver, CO   80202
>(303) 296-2048x.136
>*t.goodreid@comcast.net*
>Attorney for Defendant Guy M. Jean-Pierre

## CERTIFICATE OF SERVICE

      I certify that on this 16th day of January, 2019, I electronically filed the foregoing **DEFENDANT'S MOTION FOR RECONSIDERATION OF ADMISSION OF GOVERNMENT'S EXHIBIT #446** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      s/Thomas E. Goodreid
Thomas E. Goodreid
Attorney at Law
1801 Broadway, Suite 1400
Denver, CO   80202
(303) 296-2048x.136
t.goodreid@comcast.net
Attorney for Defendant Guy M. Jean-Pierre

6