IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     **GUY M. JEAN-PIERRE**,

        Defendant.

---

**DEFENDANT JEAN-PIERRE'S SECOND AMENDED DISPUTED JURY INSTRUCTION REGARDING GOVERNMENT'S INSTRUCTION NO. 32**

---

    THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby submits his amended proposed Instruction No. 32. Mr. Jean-Pierre continues to object to the government's proposed Instructions 26 and 29 as set forth in *Defendant Jean-Pierre's Amended Disputed Jury Instructions and Objections to Government's Instructions 26 and 29 in the "Government's Stipulated Jury Instructions" (Docket # 152)* (Document No. 178).

    Mr. Jean-Pierre submits the following proposed amended jury Instruction B to replace the government's proposed Instructions No. 32:

DEFENDANT'S INSTRUCTION NO. B

General Rules and Restrictions Under Securities Law

The indictment alleges that the defendant intentionally, willfully, and knowingly made a misstatement of a material fact, namely that securities offered or sold by FusionPharm were exempted from registration with the Securities and Exchange Commission under Rule 144 under the Securities Act.

The government must therefore prove beyond a reasonable doubt, that

(a) that the defendant made this alleged statement;[1]

(b) that this statement was made by defendant in connection with the purchase or sale of securities;[2]

(c) that this alleged statement was material;[3]

(d) that this alleged statement was untrue;[4]

(e) that the defendant intentionally made this alleged misstatement;[5] and

(f) that the defendant acted knowingly and willfully in making this alleged misstatement.[6]

---

[1] 17 C.F.R. § 240.10b-5; *Janus Capital Group, Inc., et al. v. First Derivative Traders*, 131 S.Ct. 2296, 2301-2 (2011).

[2] 17 C.F.R. § 240.10b-5; *Blue Chip Stamps, et al. v. Manor Drug Stores*, 421 U.S. 723, 754-5 (1975).

[3] 17 C.F.R. § 240.10b-5; *Basic, Inc. v. Levinson*, 485 U.S. 224, 231-2 (1988).

[4] 17 C.F.R. § 240.10b-5; *Santa Fe Industries, Inc., et al. v. Green et al.*, 430 U.S. 462, 472-4 (1977) (10b-5 liability requires "manipulation or deception").

[5] 17 C.F.R. § 240.10b-5; *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).

[6] 15 U.S.C §§ 78j, 78ff.

In order to prove part (d) above, the government must prove beyond a reasonable doubt that the securities offered or sold by FusionPharm were *not* subject to an exemption under Rule 144 and that the securities were not otherwise registered with the Securities and Exchange Commission or exempt from registration. However, even if the government proves this, it must still prove all of the other elements of the alleged crime. Mere failure by FusionPharm to comply with Rule 144 or with registration requirements under the Securities Act of 1933 is not enough to find the defendant guilty.

Rule 144 under the Securities Act ("Rule 144") provides certain requirements for resellers to avoid being classified as an underwriter. These rules vary on whether or not an individual is classified as an "affiliate" of the issuer. Rule 144(a)(1) defines an "affiliate" to mean "a person that directly, or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with the issuer." Rule 405 under the Securities Act defines "control" to mean "the possession, direct or indirect, of the power to direct or cause the direction of the management and policies of a person, whether through ownership of voting securities, by contract, or otherwise."

If a person is considered an affiliate, additional requirements must be met in order to sell securities to qualify under the Rule 144 Safe Harbor exemption from registration since the securities will be termed "restricted securities" since the securities are acquired directly or indirectly from the issuer, or from an affiliate of the issuer, in a transaction or chain of transactions not involving any public offering. The additional requirements include a holding period, limitation on the amount of securities sold, and the manner of sale. In order to prove that Rule 144 was not complied with and that the alleged statement that FusionPharm securities were exempt from registration under that regulation was in fact

false, the government must prove beyond a reasonable doubt among other things that these securities constituted "restricted securities" under Rule 144. Instruction Number 30 sets forth the relevant legal definition of "restricted securities."

17 C.F.R. § 230.144, Safe Harbor Rule 144

DATED this 27th day of January, 2019.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Clifford J. Barnard, Attorney at Law
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  *cliffbarnard@earthlink.net*
Attorney for Defendant Jean-Pierre

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January, 2019, I electronically filed the foregoing *Defendant Jean-Pierre's Second Amended Disputed Jury Instruction Regarding Government's Instruction No. 32* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert          *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Guy Jean-Pierre                  *Via U.S. Mail*
Register # 78606-054
Independence House South
2765 S. Federal Blvd.
Denver, CO 80236

*s/Clifford J. Barnard*

Clifford J. Barnard
Attorney for Defendant Jean-Pierre