IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.      **GUY M. JEAN-PIERRE**,

        Defendant.

---

## DEFENDANT JEAN-PIERRE'S SENTENCING STATEMENT

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby submits the following sentencing statement:

**I.    Mr. Jean-Pierre's Response to the Factual Assertions in the *Government's Amended Post Trial Statement of the Case*.**

In its *Amended Post Trial Statement* (Doc. 217), the government stated:

> ... portraying the funds either as proceeds that Fusion Pharm was receiving from the sale of pharm pods to ***Meadpoint Ventures, a sham pharm pod distributorship*** set up using another shell entity, or as licensing fees that Fusion Pharm was receiving from ***Vertifresh, LLC, yet another sham entity*** formed by Sears ...

Doc. 217 at 5, *Government's Amended Post Trial Statement of the Case* (emphasis added). The highlighted portions of this statement are not accurate. Neither Meadpoint Ventures nor Vertifresh, LLC were "sham" entities; they were both real entities that Sears then used to perpetrate his fraud.

In its *Amended Post Trial Statement*, the government stated:

> Through use of these machinations, Sears and Dittman ***were able to liquidate and realize in excess of $12 million in stock sales proceeds***

>prior to a warranted search of Fusion Pharm's offices premises in May 2014
>...

Doc. 217 at 6, *Government's Amended Post Trial Statement of the Case* (emphasis added). Although Mr. Jean-Pierre does not dispute the statement that Sears and Dittman received $12 million in proceeds, it does not include the following additional, relevant information: only approximately $2 million of these stock proceeds were obtained by Sears and Dittman before Mr. Jean-Pierre was excluded from the conspiracy in 2013 and Mr. Jean-Pierre received only approximately $34,000 of these proceeds or other funds from the Sears or Dittman entities.

In its *Amended Post Trial Statement*, the government stated:

>... Jean-Pierre ... acted as a **de facto general counsel to Fusion Pharm and Sears and Dittman**, from its inception in late 2010 **through in or about fall 2013**.

Doc. 217 at 6, *Government's Amended Post Trial Statement of the Case* (emphasis added). In fact, although Mr. Jean-Pierre did some work for Fusion Pharm, Dittman and Sears in 2013, he was no longer Fusion Pharm's legal counsel and any work he did during this period of time was limited due to his injury from his car accident and his relocation to the Dominican Republic. Thus, he was no longer at that time acting "as a *de facto* general counsel to Fusion Pharm and Sears and Dittman."

In its *Amended Post Trial Statement*, the government stated:

>This evidence showed that Jean-Pierre was involved in the **review of private placement memoranda that was issued to prospective Fusion Pharm investors**.

Doc. 217 at 7, *Government's Amended Post Trial Statement of the Case* (emphasis added). Neither defense counsel remember any evidence presented at trial which indicated

that Mr. Jean-Pierre reviewed "private placement memoranda that was issued to prospective Fusion Pharm investors."

In its *Amended Post Trial Statement*, the government stated:

> In addition to his review of the OTC disclosures and financials, defendant Jean-Pierre **assisted Dittman in efforts to mislead** the U.S. Financial Industry Regulatory Authority ("FINRA") in 2011 in connection with its inquiries into Fusion Pharm shareholdings that Sears maintained through Microcap.

Doc. 217 at 8, *Government's Amended Post Trial Statement of the Case* (emphasis added). This statement is not accurate; Mr. Jean-Pierre did communicate with the FINRA investigator, but his statements to that investigator were accurate and were perfectly appropriate when he advised the investigator that Mr. Dittman would no longer be providing information about a different entity and that the investigator should contact that other entity directly.

## II.   Mr. Jean-Pierre's Sentencing Guidelines Calculations.

Mr. Jean-Pierre disagrees with the governments calculations of the sentencing guidelines as follows:

### 1.   The "Amount of Loss" Is Level 16, Not Level 20.

In arriving at its conclusion that Mr. Jean-Pierre's total offense level is 37, the government calculated the amount of loss attributable to Mr. Jean-Pierre to be $12,204,172 and that, therefore, Mr. Jean-Pierre's offense score should be increased by 20 levels. Mr. Jean-Pierre does not agree that the amount of loss attributable to him is $12 million; rather, he believes that it should be $2 million, the amount of stock proceeds which were obtained by Sears and Dittman before Mr. Jean-Pierre was excluded from the conspiracy in 2013.

### 2. The "Position of Trust" or "Use of a Special Skill" Enhancements Do Not Apply.

In arriving at its conclusion that Mr. Jean-Pierre's total offense level is 37, the government applied a 2-level enhancement because it asserted that:

> Defendant Jean-Pierre arguably **abused a position of trust** or, alternatively, **used a special skill**, thereby increasing his Offense Level score **2 additional levels**, pursuant to U.S.S.G. § 3B1.3.

Doc. 217 at 19, *Government's Amended Post Trial Statement of the Case*. Neither of these enhancements apply. U.S.S.G. § 2B1.1, Application Note 16(C) states: "Nonapplicability of § 3B1.3 (Abuse of Position of Trust or Use of Special Skill). – If subsection (b)(20) [violation of securities law] applies, do not apply § 3B1.3." Because § 2B1.1(b)(20)'s violation of securities law section applies to Mr. Jean-Pierre, the application of a 2-level enhancements for abuse of a position of trust or use of a special skill pursuant to U.S.S.G. § 3B1.3 do not apply.

### 3. The "Sophisticated Means" Enhancement Does Not Apply.

In arriving at its conclusion that Mr. Jean-Pierre's total offense level is 37, the government applied a 2-level enhancement for use of "sophisticated means." (Doc. 217 at 18, *Government's Amended Post Trial Statement of the Case*.) Mr. Jean-Pierre does not believe that the "means" he employed rose to the level of sophistication necessary for the application of this enhancement pursuant to § 2B1.1(b)(10) and therefore this 2-level enhancement does not apply.

### 4. The Defense's Calculation of Mr. Jean-Pierre's Sentencing Guidelines Range.

Accordingly, Mr. Jean-Pierre calculates his sentencing guidelines to be as follows:

Base Offense Level (§ 2B1.1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Specific Offense Characteristics:

    Loss ≥ $1.5 million ≤ $3.5million (§ 2B1.1(b)(1)(I)). . . . . . . . . . . . . . . . . . . . . . + 16

    10 or more victims (§ 2B1.1(b)(2)(A)). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . + 2

    Violation of securities law (§ 2B1.1(b)(20)). . . . . . . . . . . . . . . . . . . . . . . . . . . . + 4

        Total Offense Level:. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

A total offense level of 29 with a Criminal History Category II calculates to a sentencing guidelines range of **97-121 months**.

    DATED this 5th day of March, 2019.

        Respectfully submitted,

        *s/Clifford J. Barnard*

        Clifford J. Barnard
        Clifford J. Barnard, Attorney at Law
        4450 Arapahoe Avenue, Suite 100
        Boulder, Colorado 80303
        Telephone: (303) 449-2543
        Facsimile: (303) 444-6349
        Email: *cliffbarnard@earthlink.net*
        Attorney for Defendant Jean-Pierre

## CERTIFICATE OF SERVICE

    I hereby certify that on this 5th day of March, 2019, I electronically filed the foregoing *Defendant Jean-Pierre's Sentencing Statement* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

    A.U.S.A. Jeremy Sibert        *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non

CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

  Marcelo Dominguez de Guerra  *Via email*
  f/k/a/ Guy Jean-Pierre
  Register # 78606-054
  Independence House South
  2765 S. Federal Blvd.
  Denver, CO 80236

            *s/Clifford J. Barnard*
            _____
            Clifford J. Barnard
            Attorney for Defendant Jean-Pierre