IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.17-cr-00008-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. **GUY M. JEAN-PIERRE,**
   *n/k/a* **Marcelo Dominguez de Guerra**,

        Defendant.

---

### DEFENDANT JEAN-PIERRE'S
### OBJECTIONS, CORRECTIONS AND ADDITIONS TO THE PRESENTENCE INVESTIGATION REPORT (ECF # 225)

---

THE DEFENDANT, GUY M. JEAN-PIERRE, by and through his attorney, Clifford J. Barnard, hereby submits the following objections, corrections and additions to the *Presentence Investigation Report* (ECF # 225):

1.    ECF # 225, page 20,[1] ¶ 72 states in part: "The gain that resulted from the offense conduct corresponds to the total in proceeds realized from the sale of Fusion Pharm common stock and debt securities convertible into common stock through Microcap Management, LLC; Bayside Realty Holdings; and Meadpoint Venture Partners, LLC, which is approximately $12,204,172. If the loss is greater than $9,500,000, but not more than $25,000,000, **there is an increase of 20 levels**, pursuant to §2B1.1(b)(1)(K)." (Emphasis

---

[1] The page numbers refer to the numbering set forth in the ECF header of ECF Document # 225 and not the page numbering set forth at that bottom of the pages of the *Presentence Investigation Report* itself (there is a one page difference because of the cover page at the front of the P.S.I.R.).

in original.)

***Objection***: Although Mr. Jean-Pierre does not dispute the statement that Sears and Dittman may have received $12,204,172 in proceeds, only approximately $2 million of these stock proceeds were obtained by Sears and Dittman before Mr. Jean-Pierre was excluded from the conspiracy in 2013. Furthermore, Mr. Jean-Pierre received only approximately $34,000 of these proceeds or other funds from the Sears or Dittman entities. Thus, Mr. Jean-Pierre believes that there should be **an increase of only 16 levels** because the amount of loss attributable to him is between $1.5 million and $3.5 million (§ 2B1.1(b)(1)(I)). The remaining $10 million in loss after Mr. Jean-Pierre was excluded from the conspiracy were not funds: (1) obtained in the scope of any agreement Mr. Jean-Pierre had entered into to jointly undertake the particular criminal activity; and (2) was not reasonably foreseeable in connection with that criminal activity.

2.　　ECF # 225, page 20, ¶ 73 states in part: "Pursuant to §2B1.1(b)(10)(C), if the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, **increase by 2 levels**. During the course of the scheme, the defendant utilized multiple shell corporations, falsified letters prepared from his law firm, and exploited his employee to sign falsified letters after the loss of his license to practice law. The defendant used these methods to add layers of sophistication while building consumer confidence and defraud investors in the various companies he represented." (Emphasis in original.)

***Objection***: Mr. Jean-Pierre does not believe that the "means" he employed rose to the level of sophistication necessary for the application of this enhancement pursuant to

§ 2B1.1(b)(10) and therefore this *2-level enhancement does not apply*.

3.      ECF # 225, page 21, § 75 states in part: "... the offense level pursuant to §2S1.1, including the **base offense level and special offense characteristics, is 37**." (Emphasis added.)

*Objection*: Mr. Jean-Pierre objects to for the reasons set forth in his objections to various of the enhancers used by probation to arrive at this total. Mr. Jean-Pierre believes that the total base offense level is 29.

4.      ECF # 225, page 21, § 76 states: "... **the offense level pursuant to §2X1.1, taking all cross references and special offense characteristics into account, is 37.**" (Emphasis in original.)

*Objection*: Again, Mr. Jean-Pierre objects to the base offense level calculation totaling 37 for the reasons set forth in his objections to various of the enhancers used by probation to arrive at this total. Mr. Jean-Pierre believes that the total base offense level is 29.

5.      ECF # 225, page 21, § 78 states: "**Adjustment for Role in the Offense: None.** ..." (Emphasis in original.)

*Objection*: Mr. Jean-Pierre objects to no reduction being made for his role in the offense because he believes that, pursuant to § 3B1.2(b), his offense level should be *decreased by 2 levels* because he was a minor participant in the offense. *See* § 3B1.2, Application Note 3, third paragraph, which states: "Likewise, a defendant who is accountable under § 1B1.3 for a loss amount under § 2B1.1 (Theft, Property Destruction, and Fraud) that greatly exceeds the defendant's personal gain from a fraud offense ... may

receive an adjustment under this guideline." Becaue Mr. Jean-Pierre's "personal gain" was approximately $34,000 while the amount of loss is, according to Mr. Jean-Pierre's calculations, approximately $2 million, he qualifies as a minor participant. If the Court were to find that the amount of loss accountable to Mr. Jean-Pierre under § 1B1.3 for a loss amount under § 2B1.1 is $12 million, as recommended by the government and probation, this argument for a finding that Mr. Jean-Pierre played a minor role becomes even stronger.

6. ECF # 225, page 21, § 80 states: "... **the offense level pursuant to §2X1.1, taking all cross references and special offense characteristics into account, is 37.**" (Emphasis in original.)

*Objection*: Again, Mr. Jean-Pierre objects to the base offense level calculation totaling 37 for the reasons set forth in his objections to various of the enhancers used by probation to arrive at this total. Mr. Jean-Pierre believes that the total base offense level is 29.

7. ECF # 225-1, page 4, first sentence of the "Justification" section states: "The 60-year-old defendant stands before the Court on his **second felony conviction**." (Emphasis added.)

*Objection*: This is Mr. Jean-Pierre's first felony conviction; his only other conviction was for misdemeanor offenses in New York.

8. ECF # 225-1, page 4, second full paragraph of the "Justification" section states: "Even after the warrant was served on Fusion Pharm, the defendant became involved with his coconspirators in 2016. He became involved in a scheme to further

defraud the United States and deceive regulators. **He developed a plan** to falsify paperwork to hide illegal proceeds from the sale of common stock from Fusion Pharm. Further, **the defendant upped the ante** by agreeing to launder illegal proceeds through off-shore accounts in the Dominican Republic." (Emphasis added.)

*Objection*: Mr. Jean-Pierre neither "developed a plan" nor "upped the ante;" this plan was developed and orchestrated by the F.B.I. and William Sears, not Mr. Jean-Pierre.

DATED this 19th day of June, 2019.

Respectfully submitted,

*s/Clifford J. Barnard*

Clifford J. Barnard
Clifford J. Barnard, Attorney at Law
4450 Arapahoe Avenue, Suite 100
Boulder, Colorado 80303
Telephone: (303) 449-2543
Facsimile: (303) 444-6349
Email:  *cliffbarnard@earthlink.net*
Attorney for Defendant Jean-Pierre

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of June, 2019, I electronically filed the foregoing *Defendant Jean-Pierre's Objections, Corrections and Additions to the Presentence Investigation Report (ECF # 225)* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

A.U.S.A. Jeremy Sibert          *jeremy.sibert@usdoj.gov*

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Guy Jean-Pierre  *Via email*
Register # 78606-054
Independence House South
2765 S. Federal Blvd.
Denver, CO 80236

*s/Clifford J. Barnard*
_____
Clifford J. Barnard
Attorney for Defendant Jean-Pierre