UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. GUY JEAN-PIERRE,

    Defendant

---

MOTION REQUESTING LEAVE TO
FILE A MOTION IN EXCESS OF
PAGE LIMITATION

---

    The United States of America, by and through its counsel, Jeremy Sibert, hereby respectfully submits this motion respectfully requesting this Honorable Court for leave to file an over-length Responses to defendant's objections to the PSR and request for a below guideline sentenced for the reasons set forth herein. The length of the proposed filing will not exceed thirty (25) pages, excluding caption and signatures.

MEMORANDUM OF LAW

This Honorable Courts practice standards under C(1) limits all other types of motions to a (15) page limit.   Permission to go above this page limit must be requested by the party via a motion to help this Honorable Court understand the need for additional pages.   See Practice Standards C(2).

The government makes this motion for additional pages in order to fully analyze the case law cited by defendant Jean-Pierre in his objects to the PSR and request for a below guideline sentence. Defendant Jean-Pierre raised multiple objections (8) and reasons for a below guideline sentence (approximately 9). In defendant Jean-Pierre's objections to the PSR, conclude that certain increases to the base offense level do not apply and argue limited facts to support his position without any law in support. Each reason for a below guideline sentence contain sub-parts presenting various arguments around the issue raised. In addition to the arguments, several cases are cited and usually footnoted with the holding of the case. There is little analysis as to why the facts and holding of the case cited is relevant to the issues raised by defendant Jean-Pierre.

For example, in defendant's request for a downward variance, defendant Pierre states he was a minor participant and cites six cases. In arguing that Jean-Pierre was only responsible for only part of the loss, he cites *United States v. Arutunoff*, 1 F.3d 1112 (10th Cir. 1993) with its holding and states this is a valid sentencing consideration without any further analysis.

Another example, defendant Jean-Pierre states that he was excluded from the conspiracy because the $10 million in proceeds were not funds obtained in the scope of any agreement Mr. Jean-Pierre had entered into jointly to undertake the particular criminal activity; and (2) was not reasonably foreseeable in connection with that criminal activity. No case law and minimum evidence from the trial is used to support this argument.

The government in its response uses case law and the evidence from trial to argue

against defendant Jean-Pierre's position.  In addition, the government has researched the case law listed by defendant Jean-Pierre and conducted analysis as to why the case law is different or should not apply to the facts in Jean-Pierre's case.   Further, the government has attempted to support its argument with Tenth Circuit case law when possible.

As this Honorable Court knows, this case and its related case (William Sears and Scott Dittman) are larger than the usual criminal case regarding legal issues, discovery, and evidence.   The government has presented only the most relevant and compelling arguments to address its position regarding the defendant's arguments/objections in order to assist this Honorable Court in determining a decision.  It is the government's intent that further analysis regarding the case law will benefit this Court in its decision making authority to be fully apprised of complete and thorough arguments in this matter so that justice may be served.

These reasons support the government's request for excessive pages in its response to defendant's objections to the PSR and request for a downward variance in sentencing. Neither response will not exceed twenty five (25) pages (hoping less).   The government has attempted to stay within the page limit but the complexity of the issues and depth of argument requires additional analysis.

Counsel for defendant Jean-Pierre (Thomas Goodreid) was contacted by AUSA Sibert and does not oppose allowing the government to exceed the page limit for his responses.

Dated: August 1st, 2019

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: s/Jeremy Sibert
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
FAX: (303) 454-0403
E-mail: Jeremy.Sibert@usdoj.gov
Attorney for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2019, I electronically filed the foregoing **Government's Request to Exceed Page Limit** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

**Thomas Goodreid**
**Clifford Barnard**

s/Jeremy Sibert
JEREMY SIBERT
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
FAX: (303) 454-0403
E-mail: Jeremy.Sibert@usdoj.gov