IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00008-WJM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. GUY M. JEAN-PIERRE,

        Defendant.

## UNITED STATES' RESPONSE TO COURT'S ORDER AND MOTION TO CONTINUE HEARING

Due to the nature of this case; the fact that the jury found defendant Jean-Pierre guilty of 28 counts that included Conspiracy to Commit Securities Fraud, Aiding and Abetting Wire Fraud, Aiding and Abetting Mail Fraud, Security Fraud, and Money Laundering; to reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant a guideline sentence is appropriate. Defendant Jean-Pierre's request to be let out of the halfway house should be denied. The government moves for defendant Jean-Pierre to be placed in custody.

In this case, defendant Jean-Pierre is not similarly situated as co-defendants' William Sears and Scott Dittman. First, defendant Jean-Pierre is an experienced professional in security

1

law with many years of practice as a securities lawyer.  As a lawyer, defendant Jean-Pierre had the ethical and wisdom to follow the law, but instead he chose to commit fraud.  Defendant Jean-Pierre was the gatekeeper in the conspiracy when it came to the Rule 144 opinion letters and attorney opinion letters for OTC Markets.  Without Jean-Pierre writing these letters after he reviewed the financials, had conversations via email/skype/phone and in person with Scott Dittman and William Sears, reviewed the promissory convertible notes, drafting multiple documents for FSPM, and reviewing the packages going to the transfer agents and brokers, none of the stock that Williams Sears controlled would have become unrestricted and free to trade.   In addition, defendant Jean-Pierre committed fraud by using his own niece's name and signature a Rule 144 opinion letter further allow FSPM stock to become unrestricted shares that were held by William Sears under the entity of Microcap.  In being the gatekeeper, defendant Jean-Pierre knew that William Sears was the undisclosed owner of FSPM, that Sears and Dittman were using the proceeds from the FSPM stock sold by Sears for fund FSPM, that the sale of FSPM shares were the only source of revenue for FSPM, and advised what to disclose and what not to disclose, including William Sears' prior felony conviction, in the required disclosures for OTC Markets.

In addition, even after the conspiracy had ended in 2014, as part of assisting the government for his benefit, William Sears agreed to work undercover with the FBI in luring defendant Jean-Pierre back to the United States.  As part of the undercover, defendant Jean-Pierre agreed to assist in helping William Sears hid money from law enforcement in the Dominican Republic and further assist with devising and assisting in a plan to secure free trading

shares of a shell company by committing further securities fraud.  At this time, defendant Jean-Pierre was living in the Dominican Republic and was able to produce at least five corporate documents, including form of debt conversion, purchase and assignment agreement, non-affiliation letter, consulting agreement, and convertible promissory note, which were all similar to the documents he created for FSPM.  More importantly, based on Jean-Pierre understanding, these documents would be used to hide the true ownership and control of the shell company in the undercover scheme.  Finally, this Court was able to witness defendant Jean-Pierre's demeanor and respect for the law in the undercover video in the Miami hotel room, where Jean-Pierre was very happy to know that the named owner of the shell company did not know anything about the fraudulent scheme.   In addition, the video displayed defendant Jean-Pierre's absolute understanding of security law and methods to commit fraud and avoid detection.

Jean-Pierre was the gatekeeper to allow thousands of shares of FSPM restricted stock to be sold by fraudulently writing opinion letters, which allowed FSPM to continue to operate under false pretenses.  Neither, Scott Dittman or William Sears, had the ability to orchestrate a scheme around the security laws without defendant Jean-Pierre.

At no fault of the government has this case been continued several times, including the sentencing.  Defendants should not be awarded after they been convicted.   There are many victims that were defrauded in this case awaiting any restitution that may come their way.  If defendant Jean-Pierre has money to live in a place outside the halfway house, maybe he should start paying the restitution that will likely come in this case.

In addition, the hearing set for 12/4/2019 at 1:30 is at the same time that another District Court has set a pretrial conference for a trial that starts on December 10, 2019. The government is seeking a continuance until Tuesday December 17, 2019.

The government has been out of town investigating various cases, including an intelligence case that causes the AUSA to be in a secured environment without any type of electronic devices. The government explained to the defense its opposition to their motion regarding defendant Jean-Pierre's release. The government overlooked and missed the order by the Court regarding the response.

Respectfully Submitted on 2 December 2019.

JASON R. DUNN
United States Attorney

 */s/ JEREMY SIBERT*
Jeremy Sibert
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, Colorado  80202
(303) 454-0100
FAX: (303) 454-0403
Email: jeremy.sibert@usdoj.gov

Attorney for the government

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2ND day of December 2019, I electronically filed the foregoing **UNITED STATES' RESPONSE TO COURT'S ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Clifford Barnard

Thomas Goodreid

Attorneys for the Defendant

*s/Jeremy Sibert*
JEREMY SIBERT
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0406
Jeremy.Sibert@usdoj.gov
